UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE DURAMAX DIESEL LITIGATION

ANDREI FENNER, et al.,

        Plaintiffs,                      Case No. 17-11661

v.                                               Honorable Thomas L. Ludington

GENERAL MOTORS, LLC,
ROBERT BOSCH GMBH,
ROBERT BOSCH LLC,

        Defendants.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART ANDERTON PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS AND DIRECTING A STATUS REPORT**

On May 25, 2017, Duramax Plaintiffs filed this suit against Defendants, GM, Bosch GmbH, and Bosch LLC alleging violations of RICO and state fraud statutes regarding emissions from Silverado and Sierra diesel trucks. ECF No. 1. Summons for Defendants were issued the same day. ECF Nos. 2–4. An amended complaint was filed on August 4, 2017. ECF No. 18. Bosch LLC and GM were served on June 1, 2017. ECF Nos. 15, 21.

Between May 6, 2019 and May 10, 2019, Mr. Charles Wade Miller, Plaintiffs' counsel in Anderton, et al. v. GM, et al. (19-11306), filed 26 complaints (hereinafter "Anderton Cases") also alleging violations of RICO and a multitude of state law fraud claims against GM and Bosch LLC and Bosch GmbH. The Anderton Cases were consolidated with *In re Duramax* on January 15, 2020. ECF No. 144.

To date, Anderton Plaintiffs have not attempted service on Bosch GmbH. In response to this Court's direction to show cause as to why they have not served Bosch GmbH, Anderton

Plaintiffs filed a response and a motion for alternative service. ECF Nos. 159, 160. Anderton Plaintiffs explain that the Duramax and Anderton Cases have been consolidated and Bosch GmbH has already been served on the Duramax complaint. They contend that it did not make sense to attempt to serve Bosch GmbH while their claims were being amended and consolidated with *In re Duramax* or until this Court ruled on Duramax Plaintiffs' motion for alternative service. ECF No. 159. Anderton Plaintiffs "hoped that counsel for Bosch would agree to accept service of process once they answered and appeared in this consolidated case in response to the Duramax Plaintiffs' Complaint" but counsel has refused. *Id.* at PageID.9728. Plaintiffs "request that they be permitted to serve Bosch GmbH via hand delivery to Cleary Gottlieb Steen & Hamilton ("Cleary Gottlieb") in the United States, via hand delivery to Cleary Gottleib in Germany, and via e-mail to kontakt@bosch.de." ECF No. 160 at PageID.9792. Plaintiffs explain that it will cost about $42,000 and take months to serve Bosch GmbH using Hague Service Convention protocols.

To support their claim, Anderton Plaintiffs cite *In re TFT-LCD (Flat Panel) Antitrust Litigation*, where the court allowed a foreign company, who was already a party to the case, to be served via U.S. counsel. 270 F.R.D. 535 (N.D. Cal. 2010). However, that was a multi-district litigation case. In addition, the foreign corporation was in Taiwan, which was not a signatory to the Hague convention. *Id.* at 536. Here, there are two separate complaints – which Duramax Plaintiffs specifically requested. Even though *In re Duramax* has been consolidated with the Anderton Cases for pretrial purposes, the Anderton Cases are separate from *In re Duramax*. No party has sought to convert the current action to an MDL. Anderton Plaintiffs also reference the Chrysler litigation where they explain Bosch GmbH agreed to appear and answer in multiple

cases after it had been served in one case. ECF No. 160 at PageID.9812. However, again, this is not an MDL case, rather, cases that have only been consolidated for pre-trial purposes.

Anderton Plaintiffs also cite *Badyal v. Bosch Packaging Tech., Inc.* 2014 WL 1922621 at *3–4 (E.D. Cal. May 14, 2014). There, the plaintiffs attempted to serve defendants through an international process server prior to seeking alternative service methods. That has not occurred here. Another case Anderton Plaintiffs referenced is *Updateme Inc. v. Axel Springer SE*. In that case, plaintiff did not attempt to serve a foreign German corporation, but the court granted the plaintiff ability to use alternative service. 2018 WL 306682 at *3 (N.D. Cal. Jan. 5, 2018). However, that is a Northern District of California case and not binding precedent.

Courts in this district have found that the Supreme Court has held "in all cases where there is occasion to transmit a judicial or extrajudicial document for service abroad, [] its application is mandatory in all cases to which it applies." *In re Automotive Parts Antitrust Litigation*, 2017 WL 10808851 at *2 (E.D. Mich. Nov. 2, 2017); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988). Anderton Plaintiffs first sought concurrence to serve Bosch GmbH via service on their US counsel. ECF No. 163. This Court has previously discussed that generally a company must first attempt to serve a foreign corporation through the Hague Service Convention before seeking alternative service. ECF No. 115.

Anderton Plaintiffs claim that they will be unable to participate in or conduct discovery upon Bosch GmbH in their cases until Bosch GmbH has been served. ECF No. 160 at PageID.9811. The consolidation order in this case required the parties to share all discovery as of the date of the order. ECF No. 144. Also, Anderton Plaintiffs previously represented to the Court that they could litigate their claims based almost exclusively on the discovery Duramax Plaintiffs took. ECF No. 127 at PageID.5568.

In the alternative, Anderton Plaintiffs request 120 days to attempt service on Bosch GmbH using protocols from the Hague Service Convention. Despite Duramax Plaintiffs best efforts, they were unable to effectuate service within 90 days. Therefore, 120 days is appropriate. Anderton Plaintiffs will be directed to serve Bosch GmbH using protocols from the Hague Service Convention.

Accordingly, it is **ORDERED** that Anderton Plaintiffs' Motion for Alternative Service of Process, ECF No. 160, is **DENIED IN PART WITHOUT PREJUCIE AND GRANTED IN PART**.

It is further ordered that Anderton Plaintiffs' request for alternative service of process for Defendant Bosch GmbH is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Anderton Plaintiffs' request for 120 days from the date of this order to serve Defendant Bosch GmbH through the Hague Service Convention is **GRANTED**.

It is further **ORDERED** that Anderton Plaintiffs are **DIRECTED** to file a status update detailing the progress of their service on Defendant Bosch GmbH, not to exceed 4 pages, on or before **June 15, 2020**.

Dated: April 1, 2020                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge