UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE : DURAMAX DIESEL LITIGATION

Case No. 17-11661

Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER OVERRULING PLAINTIFFS' ASH, HENDERSON, ROBERTS, AND STANLEY'S OBJECTION AND AFFIRMING JUDGE MORRIS' ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSE TO DISCOVERY**

On May 25, 2017, Andrei Fenner and Joshua Herman filed a complaint against Defendants, General Motors, Bosch LLC, and Bosch GmbH. ECF No. 1 in 17-11661. On June 21, 2017, Plaintiffs Carrie Mizell, Matt Henderson, George Stanley, Michael Reichert, Gregory Williams, Phillip Burns, Kurt Roberts, and Keith Ash filed a complaint against the same Defendants. ECF No. 1 in 17-11984. The cases were consolidated on July 25, 2017. ECF No. 16 in 17-11661. On August 4, 2017, an amended complaint was filed in the consolidated case by the joint plaintiffs listed above, with the addition of Anthony Gadecki, Cody McAvoy, and James Crunkleton. ECF No. 18.[1]

On October 18, 2019, Defendant Bosch LLC filed a motion to compel discovery from Plaintiffs Ash, Henderson, McAvoy, Roberts, and Stanley. ECF No. 107. The motion was referred to Magistrate Judge Morris. ECF No. 109. Judge Morris granted Defendant's motion to compel. ECF No. 131. On December 11, 2019, Plaintiffs filed their objection to Judge Morris' order. ECF No. 137. Bosch LLC promptly responded. ECF No. 141.

On October 23, 2019, Plaintiffs Ash, Henderson, Roberts, and Stanley filed a motion for

---

[1] On January 15, 2020, 26 other cases were consolidated with *In re Duramax*. Those consolidated cases are not relevant to the current motions.

- 1 -

voluntary dismissal with prejudice. ECF No. 111. Plaintiff Fenner also filed a motion for voluntary dismissal with prejudice on November 6, 2019. ECF No. 118. Those motions were not referred to the Magistrate Judge and will not be addressed in this order. Defendants do not object to Plaintiffs' motions to dismiss but seek to compel the overdue discovery of Plaintiffs prior to their dismissal. ECF Nos. 122, 123.

**I.**

In the current case, Defendants served Plaintiffs with 28 requests for production on July 26, 2018. ECF No. 141 at PageID.5797; ECF No. 122-1 at PageID5501. Plaintiffs Ash, Henderson, and Roberts have not provided any documents and Stanley has only provided his vehicle maintenance records. *Id.* Plaintiffs were also served with 13 interrogatories on the same day. ECF No. 122-1 at PageID.5501. Plaintiffs Ash, Henderson, and Roberts have not responded to any interrogatories. *Id.* at PageID.5501-5502. The first discussion between the parties of Plaintiffs potentially withdrawing their claims occurred in October 2018. *Id.* at PageID.5503. Despite Defendants noticing depositions in January 2019, Plaintiffs Ash, Henderson, Roberts, and Stanley have not yet sat for their depositions. *Id.*

The parties indicated they emailed and stipulated to the fact that Plaintiff Fenner also has outstanding discovery. ECF No. 141 at PageID.5799; ECF No. 141-2 at PageID.5823. Plaintiffs agreed in an email that Mr. Fenner would comply with the motion to compel order on discovery.[2] However, no stipulation or proposed order was provided to the Court, nor a motion filed to compel Mr. Fenner's discovery. Further, the Scheduling Order for this case provides "Motions may not be

---

[2] Defendants counsel asked: "if Plaintiffs will stipulate that Judge Morris' order of November 27 and Plaintiffs' objections apply as to Plaintiff Fenner." Plaintiff's counsel responded: "Plaintiffs agree that the reasoning behind Judge Morris' order and plaintiffs' objections to that ruling apply equally to Mr. Fenner. So, regardless of how Judge Ludington rules with respect to the plaintiffs' objections to the magistrate's order and/or the motions to dismiss without further discovery, Plaintiffs anticipate that Mr. Fenner will act in a manner consistent with the court's order even if it does not directly apply to him."

included within or appended to a response or a reply, and under no circumstances may a motion be included within the text or footnotes of another motion." ECF No. 79 at PageID.4680. Accordingly, this order does not address any outstanding discovery obligations of Mr. Fenner.[3]

**II.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Kubik v. Central Mich. Univ. Bd. of Trs.*, 2016 WL 4425174 at *1 (E.D. Mich. Aug. 22, 2016) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

FRCP 41(a)(2) provides

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"It is the possibility of prejudice to the defendant, rather than the convenience of the court, that is

---

[3] Even though this order does not address Mr. Fenner's outstanding discovery obligation, it also does not prevent him from following the agreement made between parties via email.

to be considered in deciding a motion for dismissal under Rule 41(a)(2)." *Innovation Ventures, LLC v. N.V.E., Inc.*, 2009 WL 10664161 at *4 (E.D. Mich. Aug. 4, 2009).

The Sixth Circuit has held that a plaintiff must be allowed to dismiss his claims with prejudice. *Smoot v. Fox*, 340 F.2d 301, 302–03 (6th Cir. 1964). The Sixth Circuit explained that

> We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable. A plaintiff should have the same right to refuse to offer evidence in support of his claim that a defendant has.
> *Id.* at 303.

Despite its age, multiple Michigan District Court Judges have recently cited it as good law. *See e.g.*, *Innovation Ventures, LLC v. N.V.E., Inc.*, 2009 WL 10664161 (E.D. Mich. Aug. 4, 2009); *Commodities Export Co. v. City of Detroit*, 2011 WL 13208775 (E.D. Mich. May 31, 2011).

In *Smoot*, there was one plaintiff bringing a case on behalf of himself. However, the *Smoot* analysis does not address cases, like here, where plaintiffs who have brought a putative class action lawsuit as class representatives, provided minimal, if any, discovery, and several years into the case attempt to dismiss their claims. Magistrate Judge Scoville explored the idea that *Smoot* does not preclude conditioning dismissal of actions in putative class action cases.

> The Sixth Circuit has held that if a plaintiff moves for voluntary dismissal with prejudice, the district court must grant the request. Other courts have suggested that the matter remains discretionary with the district court where, as here, the interests of parties beyond the plaintiff and defendant are involved in the case. Assuming that the *Smoot* case does not automatically require grant of the joint motion [by Plaintiffs and a Defendant to dismiss with prejudice], I conclude that the objecting parties have not raised any substantial ground that should leave the court to deny the motion in its discretion.
>
> *Michigan Millers Mutual Insurance Co. v. Fidelity and Deposit Co. of Maryland*, 2010 WL 4684006 at *1 (W.D. Mich. Oct. 21, 2010) (report and recommendation affirmed by District Judge Robert Bell, 2010 WL 4683954 at *1 (W.D. Mich. Nov. 10, 2010) (internal citations omitted).

In a case more factually similar to *In re Duramax*, but from California, a plaintiff in a

putative class action did not respond to discovery requests and he sought to voluntarily dismiss his claims with prejudice. Defendants sought an order to compel plaintiff to appear for a deposition prior to dismissal. The arguments and positions of the parties are nearly identical to the current case.

> Defendants contend that even though Hall is attempting to dismiss his claims, Defendants are entitled to take his deposition because (1) Hall is and has been a named plaintiff since the inception of this litigation in November 2009, (2) his deposition was properly noticed, and (3) his testimony is expected to be relevant to issues pertaining to class certification. (Jt. Stip. at 4–6). Specifically, Defendants argue that whether or not Hall remains a named plaintiff, his experience as a purchaser and consumer of Relacore products "would directly bear on the typicality of the claims of the proposed class representative, *i.e.,* Plaintiff Kelly Fortin." (*Id.* at 6). According to Defendants, shielding Hall from deposition "at this late stage of this litigation" will "potentially prejudice Defendants with respect to their ability to marshal evidence in opposition to the pending Motion for Class Certification." (*Id.* at 8).
>
> According to Plaintiffs, Hall has determined that he does not wish to subject himself to the "rigor of litigation," including discovery requests involving personal information, and has "other personal reasons" to seek dismissal of his claims at this time. (Jt. Stip. at 8–9). Plaintiffs contend that "if and when Hall's motion for voluntary dismissal is granted," Hall's testimony will not be relevant because the dismissal of his claims with prejudice means that Hall will "not even be a putative class member in this lawsuit." (*Id.* at 2). Plaintiffs argue that Defendants have failed to show that Hall's testimony as a non-putative class member is relevant to the issue of class certification or that the information Hall possesses is otherwise unavailable from the representative parties. (*Id.* at 9–10). Plaintiffs maintain that since Defendants will not be prejudiced if they are unable to depose Hall, compelling Hall "to submit to a deposition would be unduly burdensome and harassing." (*Id.* at 11).
>
> *Dysthe v. Basic Research*, LLC, 273 F.R.D. 625, 627–28 (C.D. Cal. 2011).

The District Judge reasoned that the plaintiff's

> unique status in this litigation provides a sufficient ground to justify his deposition even if, at some later date, he will no longer be a named plaintiff. Hall has been a named plaintiff since the filing of the original Complaint, through several amendments of the Complaint, and he did not move to dismiss his claims until after Plaintiffs filed their motion for class certification. Plaintiffs do not contest that Defendants properly noticed [plaintiff's] deposition before [plaintiff] filed his motion for voluntary dismissal.
> *Id.* at 629.

**III.**

*Smoot* is still good law and binding precedent. However, the instant case is distinguishable from the facts of *Smoot* and therefore, the holding does not apply to the current case. Judge Morris correctly concluded that "[w]here the moving Plaintiffs are not the only Plaintiffs in the lawsuit but they are nearly half of the party Plaintiffs that represent the putative class, the question as to whether they must provide responses to discovery, even if they are permitted to voluntarily dismiss their claims, becomes more nuanced." ECF No. 131 at PageID.5638. Even though Judge Morris cited to cases where Plaintiffs sought to dismiss their claims without prejudice, the rationale used in those cases also applies here. For example, Plaintiffs' potential ability to create an atypical class by having some plaintiffs dismiss their claims, such as in *Counts v. GM* and *In re Digital Music* where some plaintiffs ignored discovery and later sought to dismiss their claims or remove themselves from the complaint, is applicable here. *Counts v. General Motors*, ECF No. 151 in 16-12541; *In re Digital Music Antitrust Litigation*, 2015 WL 13678846 at *3–5 (S.D. N.Y. Mar. 2, 2015).

Judge Morris' reasoning also aligns with the reasoning in *Dysthe v. Basic Research, LLC*, where the Court held a class representative in a putative class action who failed to meet his discovery obligations could not dismiss his claims without responding to any outstanding discovery requests. Plaintiffs chose to become involved in the litigation and have stonewalled Defendants' attempts at discovery for months. Despite Plaintiffs' assertion that "Defendants pre-emptively filed their motion to compel in order to gain the procedural advantage of having their Motion to Compel heard before the Motions to Dismiss with Prejudice," Defendants have been seeking this discovery for months. ECF No. 137 at PageID.5932; ECF No. 141 at PageID.5796-5797.

Plaintiffs also argue that any discovery that is produced will not be relevant after plaintiffs' claims are dismissed. ECF No. 137 at PageID.5727-5729. However, Plaintiffs do not provide any caselaw or rules explaining why their testimony will not longer be applicable to questions of class certification or other matters after they dismiss their claims.

One case Plaintiff highlights in the briefing for Plaintiffs Ash, Henderson, Roberts, and Stanley's motion for voluntary dismissal (which discusses the same topic as in the motion to compel) as evidence that the court cannot condition dismissal with prejudice on completing discovery is *York v. Ferris State University*. ECF No. 111; 36 F. Supp. 2d 976 (W.D. Mich. 1998). Plaintiff filed suit against his former employer alleging reverse race discrimination and violations of Michigan's Elliott-Larsen Civil Rights Act. *Id.* Plaintiff had several outstanding discovery requests when he sought to dismiss his claims with prejudice. *Id.* The Court allowed the plaintiff to dismiss his claims with prejudice without requiring him to complete any outstanding discovery. *Id.* The facts of *York* are similar to *Smoot* – a single plaintiff bringing claims against a single defendant or multiple defendants. That is factually distinct from the case at bar where multiple class representative plaintiffs seek to dismiss their claims against defendants in a putative class action after refusing or only minimally responding to outstanding discovery requests that are over one year old.

Judge Morris' decision to require Plaintiffs Ash, Henderson, Roberts, and Stanley to respond to previously sought discovery was not contrary to law. Plaintiffs' objection to Judge Morris' motion to compel will be overruled. After satisfactorily completing their outstanding discovery, Plaintiffs' Ash, Henderson, Roberts, and Stanley's motion to dismiss will be granted.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Objection, ECF No. 137, is **OVERRULED**

and Magistrate Judge Morris' Order Granting Defendants' Motion to Compel [ECF No. 131] is **AFFIRMED**.

It is further **ORDERED** that Plaintiffs must respond to Defendants' pre-existing requests for production of documents and interrogatories on or before **April 30, 2020**. In addition, Plaintiffs must have their depositions scheduled on or before **April 30, 2020** and the depositions must occur on or before **May 29, 2020**.

Dated: April 7, 2020                                        s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge