UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAYLOR PANTEL, et al.,

                Plaintiffs,                Case No. 19-13219
                                                        Honorable Thomas L. Ludington

v.

GENERAL MOTORS, LLC, et al.

                Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR REMAND**

On July 9, 2019 Plaintiff Pantel and co-plaintiffs filed a complaint in Los Angeles Superior Court alleging that General Motors (GM) "committed fraud by installing and calibrating emission control devices" in diesel powered vehicles. ECF No. 1-1 at PageID.200. Plaintiffs are either residents of California or residents of other states who purchased their GM vehicle in California. There are 92 plaintiffs in the instant case. Plaintiffs allege breach of express warranty and breach of implied warranty under California Civil Code § 1790, violations of the California Unfair Competition Law and the California False Advertising Law, and common law claims of fraudulent concealment, negligent misrepresentation, civil conspiracy, and joint venture as a result of alleged defeat devices in GM Silverado and Sierra vehicles against Defendants. ECF No. 1.

Specifically, Plaintiffs allege a breach of express warranty (Count I) because "GM, the Dealer Defendants and/or GM's authorized repair facilities failed to repair the defects and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements." ECF No. 1-1 at PageID.192. Second, Plaintiffs allege a breach of implied warranty (Count II) because "GM

and the Dealer Defendants impliedly warranted to Plaintiffs that the Fraudulent Vehicles were 'merchantable' within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792; however, the Fraudulent Vehicles do not have the quality that a buyer or lessee would reasonably expect." *Id.* at PageID.193. Third, Plaintiffs allege GM violated the California Unfair Competition Law (Count III). Specifically, Plaintiffs allege "GM intentionally and knowingly misrepresented material facts regarding the Fraudulent Vehicles with an intent to mislead Plaintiffs." *Id.* at PageID.196. Fourth, Plaintiffs allege GM violated the California False Advertising Law "because the misrepresentations and omissions regarding the functionality, reliability, environmental-friendliness, and emissions of the Fraudulent Vehicles as set forth in this Complaint were material and likely to deceive a reasonable consumer." *Id.* at PageID.199. Fifth, Plaintiffs allege GM "committed fraud by installing and calibrating emission control devices in the Fraudulent Vehicles, which were unlawfully concealed from consumers." *Id.* at PageID.200. Sixth, Plaintiffs allege all "Defendants made material misrepresentations of fact to Plaintiffs concerning the quality and condition of the Fraudulent Vehicles including, but not limited to, their emissions, their power and their fuel efficiency." *Id.* at PageID.206. Seventh, Plaintiffs allege GM, Bosch GmbH, and Bosch LLC "engaged in civil conspiracy with each other and with person(s) unknown to the Plaintiffs to conceal the defects in the Fraudulent Vehicles" which led to "the unlawful objective of profiting from the sale of the Fraudulent Vehicles." *Id.* at PageID.207. Finally, Plaintiffs allege GM, Bosch GmbH, and Bosch LLC "acted in concert and for a common purpose for monetary gain as joint venture partners with an agreement to share the profits, if any, of their unlawful acts." *Id.* at PageID.208.

There are three categories of Defendants. First, "Dealer Defendants" of Rally Auto Group and Merle Stone Chevrolet, both California corporations. Second, the "Manufacturer Defendants,"

General Motors, Robert Bosch GmbH, Robert Bosch LLC. Third, "Doe Defendants" who "are presently unknown to Plaintiffs who will seek to amend this Complaint to include these Doe Defendants when they are identified." ECF No. 1-1 at PageID.115-122.

On November 1, 2019, the case was removed from the Superior Court of the State of California, County of Los Angeles to the Central District of California by GM. ECF No. 1; ECF No. 40 in 19-07350 (C.D. Cal.). Plaintiffs filed a motion to remand the case to state court and GM filed a motion to transfer the case to the Eastern District of Michigan. ECF Nos. 28, 29 in 19-07350 (C.D. Cal.). First, United States District Judge Michael Fitzgerald from the Central District of California explained that:

> [T]he Court will exercise its discretion to decide the Transfer Motion without ruling on the first [remand motion], considering the complexity of the Remand Motion, the number of cases with similar, if not exact, issues pending in the Eastern District of Michigan, and the cases in the Ninth Circuit clearly stating that the Court can exercise its discretion to rule on the Transfer Motion first.

ECF No. 40 in 19-07350 (C.D. Cal.). Second, Judge Fitzgerald concluded that: "many issues raised by the Remand Motion are already being considered, or will be considered, by the Eastern District of Michigan, including preemption and the validity of some of Plaintiffs' claims" in *Counts v. General Motors, LLC* and *In re Duramax Diesel Litigation*, the complexity of the remand motion which "deals with diversity jurisdiction issues (including fraudulent joinder), federal question jurisdiction issues (under the doctrine of preemption), and CAFA jurisdiction issues, which collectively raise complex issues." ECF No. 40 at PageID.1009. He also concluded that the fact that 6th Circuit caselaw "could benefit GM's opposition to the Remand Motion, as *Freeman*[1] becomes binding precedent as opposed to persuasive authority," is insufficient to deny transfer.

---

[1] *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008).

*Id.* at PageID.1010. As such, the case was transferred from the Central District of California to the Eastern District of Michigan.

The case was docketed in the Eastern District of Michigan on November 1, 2019. ECF No. 1. On November 6, 2019, Plaintiffs filed a motion to remand the case back to California state court. ECF No. 4. The time period for Defendants to answer the complaint has been extended to 30 days after the Court addresses the instant motion. ECF No. 13. On July 9, 2020, an opinion and order outlining the relevant caselaw on the motion for remand was issued. ECF No. 18. The order directed the parties to submit supplemental briefing regarding the dealership defendants service of process. *Id.* On July 31, 2020, the parties submitted a joint supplemental brief. ECF No. 20.

**I.**

The background on this case, and its relationship with *Pantel v. GM* and *In re Duramax*, was articulated in the previous opinion and order. ECF No. 18. Additionally, the previous opinion outlined the considerations for joinder of parties and claims. *Id.*

In its notice of removal, GM contended there were three reasons for federal jurisdiction. Diversity jurisdiction because the Dealer Defendants may be severed, jurisdiction due to CAFA, and federal question jurisdiction.[2] ECF No. 1. In their motion for remand, Plaintiffs disputed all three forms of federal jurisdiction. In the July 9, 2020 order, this Court held that, as the case currently stands, there is no federal jurisdiction under CAFA or federal question. ECF No. 18. Therefore, the only question that remains is whether non-diverse Dealer Defendants may be severed to create diversity jurisdiction.

---

[2] GM previously also argued there was diversity jurisdiction due to fraudulent joinder. However, it has since dropped the claim. *See* ECF No. 14 at PageID.404.

**II.**

**i.**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "Upon removal of an action . . . , the district court shall sever from the action all claims [that are 'not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute'] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c).

Federal Rule of Civil Procedure 21 provides that "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." *Neman-Green, Inc. v. Alfonzo-Larrian*, 490 U.S. 826, 832 (1989); *Soberay Mach. & Equipment Co. v. MPF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."). "[Rule 21] permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545–46 (6th Cir. 1994) (footnotes omitted).

First, the Court must determine if the party is indispensable. The first question is whether "[a] party is needed for just adjudication under Rule 19." *Id.* at 546. This question turns on whether "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence

may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Id.* (internal quotation and citation omitted). If a party is determined to be necessary, the court must then decide whether the party is "indispensable," considering whether "(1) a judgment rendered in the party's absence would prejudice the available party; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action is dismissed for non-joinder." *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 682 (S.D. Ohio 2014) (citing *Soberay Mach. & Equip. Co.*, 181 F.3d at 764).

If a party is determined under Rule 19 to be a dispensable party, then there are five factors to consider when determining to sever claims against nondiverse dispensable defendants.

> (1) whether claims arise out of the same transaction or occurrence; (2) whether claims present some common question of law or fact; (3) whether settlement of claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d at 682 (citations omitted).

Before deciding the question of whether the claims against the Dealer Defendants can be severed from the remainder of the complaint, the Court attempted to consider the Dealer Defendants' perspective. At the time of July 9, 2020 order, it was unclear whether Dealer Defendants had been served and were aware of the removal and transfer of the case. *See* ECF No. 18. In the parties' joint supplemental brief, the parties provided evidence that all parties have been appropriately served, are represented by counsel, and fully apprised of the proceedings. ECF No. 20. Therefore, the issue is now ripe for review.

**ii.**

In Plaintiffs' motion for remand, they emphasize that generally "removal jurisdiction is strictly construed." ECF No. 4-1 at PageID.337. Plaintiffs argue that Defendant GM "failed to demonstrate that the Dealer Defendants should be dismissed as dispensable parties." *Id.* at PageID.357. Plaintiffs explain they "brought viable claims against the Dealer Defendants. Those claims relate to the same factual allegations made against the remaining defendants. And if those claims are dismissed, Plaintiffs would be forced to pursue them against the Dealer Defendants in state court, thereby leading to parallel, and possibly inconsistent, proceedings." *Id.* Also, Plaintiffs argue that FRCP 19 and 21 are rarely used to dismiss a properly joined defendant from a case in order to achieve diversity jurisdiction. *Id.* at PageID.358-360.

GM asserts severing Dealer Defendants claims "provides a legally sound and fundamentally fair alternative option for the Court to retain jurisdiction and deny remand." ECF No. 14 at PageID.404. GM contends that "the Dealer Defendants are dispensable parties under Fed. R. Civ. P. 19 because they are neither necessary for a just adjudication nor necessary to prevent prejudice to any of the other litigants." *Id.* at PageID.421. GM argues this case is similar to *In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation* and *Joseph v. Baxter International Inc*. 2018 WL 5905942 (C.D. Cal. Sept. 10, 2018); 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009). In *In re Ford*, the Court held that it was proper to drop the non-diverse Dealer Defendants because

> The Plaintiffs can secure full relief from Ford alone, as the gravamen of their claims is that their Ford vehicles were irreparably defective, and that Ford fraudulently concealed that fact. Plaintiffs have not shown that the Dealers are necessary to afford them full relief as they have not identified any cognizable damages from the Dealers' alleged misrepresentations.

*In re Ford*, at *8.

GM also explains that allowing this Court, "which has presided over the first-filed Federal Class Case for over two years and which has dozens of other related cases pending before it," to keep these cases would "further judicial economy, allow the litigants and the federal judiciary to benefit from the Court's experience, and avoid the risk of inconsistent substantive and procedural rulings." ECF No. 14 at PageID.426. Also, GM states that only 3 out of the 92 plaintiffs in this case have claims against Dealer Defendants.

### iii.

This Court must determine whether Dealer Defendants are dispensable under Rule 19. This requires a two-step analysis—are the parties necessary, and is there prejudice? First, without the Dealer Defendants, Plaintiffs can obtain complete relief as to their fraudulent claims. GM, Bosch LLC, and Bosch GmbH are the main entities from which Plaintiff are seeking relief. In their complaint, only 3 of the 92 plaintiffs have articulated claims against the Dealer Defendants. Therefore, complete relief as to 89 of 92 Plaintiffs can be given in Dealer Defendants absence and the relief of 3 Plaintiffs against Dealer Defendants can still be obtained in the court of Plaintiff's choosing—California state court. Second, the Dealer Defendants will not have an impaired ability to protect their interests if they are severed from this action and must defend their claims in California state court. The Dealer Defendants are likely to have separate defenses to the fraud claims than the manufacturers themselves. Additionally, most of the evidence and witnesses involved in Dealer Defendants defense will be located in California. Finally, the Dealer Defendants' absence will not expose the remaining parties to a substantial risk of inconsistent obligations. Two Plaintiffs will have to pursue their claims in California state court and Michigan federal court. The remaining Plaintiffs will remain in Michigan. Dealer Defendants and Manufacturing Defendants will not be exposed to a substantial risk of double or inconsistent

obligations because the obligations of GM and Bosch will not be affected by Dealer Defendants defense of claims from two Plaintiffs. Dealer Defendants are not necessary parties.

Because Dealer Defendants are not necessary, there is no need to review the question of prejudice. However, it is clear there would be no prejudice to Dealer Defendants by severing claims against them. A judgment rendered in this Court without Dealer Defendants regarding Manufacturing Defendants' alleged fraud would not prejudice Dealer Defendants in their defense against some fraud claims by two Plaintiffs. Second, keeping Dealer Defendants in the same lawsuit as Manufacturing Defendants will not decrease the prejudice to Dealer Defendants. In fact, Dealer Defendants would likely be more prejudiced defending claims in the same lawsuit as Manufacturing Defendants when almost all Plaintiffs and claims are only against Manufacturing Defendants. Third, Plaintiffs would be able to obtain an adequate judgment in its cases against GM and Bosch without the Dealer Defendants. Additionally, severing Dealer Defendants does not remove the ability for the two Plaintiffs to obtain a judgment against Dealer Defendants, but simply requires them to pursue their claims in two different courts. This requires additional investment from Plaintiffs, but considering the commonality of the 89 Plaintiffs' claims to the *In re Duramax Diesel Litigation* claims, the two Plaintiffs are not severely prejudiced. Fourth, Plaintiffs retain an adequate remedy if Dealer Defendants are severed from this case because they retain their case against Dealer Defendants in the court of their choosing—California state court. Also, Plaintiffs' counsel has state law negligence claims from 48 other states currently pending in this Court against GM and Bosch, so the 89 Plaintiffs will be adequately represented in this Court. The Dealer Defendants are not necessary nor would Dealer Defendants be prejudiced by defending against Plaintiffs' claims in California state court. Therefore, they are dispensable parties under FRCP 19.

Finally, the Court must consider the five aforementioned factors to determine if severance is appropriate. First, the claims against Dealer Defendants and Manufacturing Defendants likely arise out of the same transaction or occurrence, the manufacture, advertisement, and sale of certain GM vehicles. This is a factor against severance. Second, there are common questions of law because some of the claims are asserted against both Dealer Defendants and Manufacturing Defendants. However, only Plaintiffs Mike and Donna Miliotti and Mark Robb assert claims against Dealer Defendants in the complaint. Also, the facts of Manufacturing Defendants defense will likely focus on the manufacture and marketing process while facts for Dealer Defendants will likely revolve around Miliottis' and Robb's purchases of their vehicles at specific dealerships. Third, settlement between the Dealer Defendants and Plaintiffs Miliottis and Robb would be facilitated if Dealer Defendants were severed. The case in the Los Angeles Superior Court would focus on two Plaintiffs claims. If the Dealer Defendants were to remain in this court, they would be consolidated with the *In re Duramax Diesel Litigation* with over 2700 Plaintiffs and claims from 48 other states. Severing the Dealer Defendants will promote a quicker resolution of the claims against them. Fourth, by severing the Dealer Defendants, they will avoid any potential prejudice from being connected to a class action and 26 other individual actions against GM and Bosch Defendants. Additionally, if the Dealer Defendants were not severed and the entire case were remanded to California state court, GM and Bosch, as well as Plaintiffs' counsel, would be defending or prosecuting nearly identical individual actions in two courts. Fifth, Plaintiffs Miliottis' and Robb's allegations against Dealer Defendants will rely upon documentation and witnesses from the two California dealerships. It would be judicially expeditious to resolve claims against Dealer Defendants in California.

Plaintiffs argue that it is rare for non-diverse defendants to be severed from an action. They are correct. However, this is unique case. The Dealer Defendants are dispensable parties, four of the five factors to be considered in severing defendants support severing defendants, and only two Plaintiffs will be left prosecuting claims in California state court and Michigan federal court.

## V.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). If a case "involve[s] some common issues but individual issues predominate, consolidation should be denied." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011). District Courts "may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The Sixth Circuit has outlined factors for the court to consider before consolidating cases:

> Whether the specific risks of prejudice and possible confusion [of consolidating multiple cases] are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Plaintiffs' counsel has been litigating state claims of fraud against Manufacturing Defendants for over one year in this Court in the *Anderton* Cases, now consolidated with *In re Duramax Diesel Litigation*. The discovery sought from Manufacturing Defendants for this case will significantly overlap with the Anderton Cases and the *In re Duramax Diesel Litigation* class action. The Court

finds the consolidation of this case and *Pantel v. GM* with *In re Duramax Diesel Litigation* for all purposes except trial is warranted due to the efficiencies to be gained by sharing discovery and the overlap in Defendants' and Plaintiffs' counsel. As consolidation is not for trial, Plaintiffs will not be prejudiced by arguments offered by Plaintiffs or Defendants in the class action during trial. In fact, consolidation will avoid possibly inconsistent adjudications of common questions of law and fact on Plaintiffs fraud claims. Therefore, this case will be consolidated with *In re Duramax Diesel Litigation* for all purposes except for trial.

## VI.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Remand, ECF No. 4, in **GRANTED IN PART** and **DENIED IN PART.** Defendants Rally Auto Group and Merle Stone Chevrolet are severed from this case and Plaintiffs' claims against them are remanded back to the Superior Court of the State of California, Los Angeles County.

It is further **ORDERED** that Defendants GM and Bosch LLC are **DIRECTED** to answer the Complaint within 30 days of this Order.

It is further **ORDERED** that the remaining claims in this case are consolidated with civil case number 17-11661 for all purposes, except for trial. The caption for the consolidated action will be: IN RE DURAMAX DIESEL LIGITATION.

It is further **ORDERED** that all subsequent papers filed after the date of this order shall be entered on civil case number 17-11661.

It is further **ORDERED** that Defendants are required to immediately disclose all previously disclosed discovery to Pantel Plaintiffs. Plaintiffs must refile their complaint and all relevant pleadings under civil case number 17-11661.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to explain why they have not attempted to service Bosch GmbH **on or before September 11, 2020**.


Dated: August 27, 2020                           s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge