UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| IN RE : DURAMAX DIESEL LITIGATION | Case No. 17-11661<br><br>Judge Thomas L. Ludington<br>Magistrate Judge Patricia T. Morris |

**ORDER GRANTING DEFENDANTS' MOTION TO ESTABLISH CERTAIN FACTS AS ESTABLISHED UNDER RULE 37**

On May 25, 2017, Andrei Fenner and Joshua Herman filed a putative class action complaint against Defendants, General Motors, Bosch LLC, and Bosch GmbH. ECF No. 1 in 17-11661. On June 21, 2017, Plaintiffs Carrie Mizell, Matt Henderson, George Stanley, Michael Reichert, Gregory Williams, Phillip Burns, Kurt Roberts, and Keith Ash filed a complaint against the same Defendants. ECF No. 1 in 17-11984. The cases were consolidated on July 25, 2017. ECF No. 16 in 17-11661. On August 4, 2017, an amended complaint was filed in the consolidated case by the joint plaintiffs listed above, with the addition of Anthony Gadecki, Cody McAvoy, and James Crunkleton. ECF No. 18. Additional non-class action cases have since been consolidated with *In re Duramax*. ECF Nos. 144, 198.

On October 18, 2019, Defendant Bosch LLC filed a motion to compel discovery from putative class action Plaintiffs Ash, Henderson, McAvoy, Roberts, and Stanley. ECF No. 107. On October 23, 2019, Plaintiffs Ash, Henderson, Roberts, and Stanley filed a motion for voluntary dismissal with prejudice. ECF No. 111. Plaintiffs conceded that "defendants are entitled to discovery from Mr. McAvoy[,] [b]ut plaintiffs' counsel has been unable to contact him despite numerous attempts by a variety of means attempting to secure his cooperation for scheduling and attending his deposition and producing documents." ECF No. 117 at PageID.5416. On referral,

Magistrate Judge Morris granted Defendants' motion to compel. ECF No. 131. This Court overruled Plaintiffs' objections to Judge Morris' order. ECF Nos. 141, 170. Plaintiffs were ordered to respond to Defendants' pre-existing written discovery requests by April 30, 2020 and Plaintiffs' depositions were to occur on or before May 29, 2020. ECF No. 170.

On May 4, 2020, Plaintiffs Henderson, Roberts, and Stanley filed a notice of withdrawal of their motion for voluntary dismissal. ECF No. 179. Plaintiff Ash filed a motion to dismiss with prejudice, which was granted. ECF No. 182.

**I.**

On July 1, 2020, Defendant Robert Bosch LLC filed a motion for relief under Rule 37. ECF No. 188. Defendant requests "that certain facts that are the subject of those outstanding discovery requests be taken as established." *Id.* at PageID.11042. Specifically, Defendant requests four facts be treated as established,

> (1) Mr. McAvoy had no expectations about the NOx emissions performance of his Subject Vehicle; (2) NOx emissions performance was not material to Mr. McAvoy's decision to purchase his Subject Vehicle; (3) when deciding to purchase his Subject Vehicle, Mr. McAvoy did not rely on any advertisements, statements, representations, or omissions about NOx emissions performance; and (4) Mr. McAvoy did not pay a premium for the NOx emissions performance of his Subject Vehicle.

ECF No. 188 at PageID.11049-11050. At a minimum, Defendant requests that Plaintiffs "be prohibited from relying on Mr. McAvoy's claims to support Plaintiffs' claims or oppose Defendants' defenses to class certification." *Id.* at PageID.11042.

Defendant argues that "Mr. McAvoy voluntarily inserted himself into this litigation as a Plaintiff and putative class representative." ECF No. 188 at PageID.11050. He was served with 28 requests for production and thirteen interrogatories by Defendants. *Id.* at PageID.11051. Mr. McAvoy "provided self-serving, stock interrogatory responses" that mimicked responses of at

least one other plaintiff in the class action. *Id.* However, he did not produce any documents or appear for a deposition, even after this Court's November 27, 2019 order. ECF No. 188. Mr. McAvoy has not sought to dismiss his claims and Plaintiffs' counsel has not sought to withdraw as counsel. *Id.* at PageID.11053.

Mr. McAvoy last responded to Plaintiffs' counsel in October 2018. ECF No. 190 at PageID.11162. Plaintiffs' counsel has attempted to communicate with Mr. McAvoy via email, voicemails, U.S. Mail, overnight delivery, certified U.S. Mail, and even retained a process server without success. *Id.* at PageID.11162–63.

## II.

Federal Rule of Civil Procedure 37(b)(2)(A) provides

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37 is "flexible" and "broad discretion must be given the trial judge with regard to sanctions." *Chopra v. Physicians Medical Center, LLC*, 2017 WL 2602957, at *10 (E.D. Mich. 2017). There are four factors to consider in evaluating the sanctions under FRCP 37(b). First, whether the opposing party was "prejudiced." *Miller v. Joaquin*, 431 F Supp. 3d 906, 923–24 (E.D. Mich. 2019) (internal quotations and citations omitted). Second, whether "the party's failure to cooperate in discovery . . . [was] due to willfulness, bad faith, or fault." *Id.* Third, whether the opposing party

was "warned that failure to cooperate could lead to . . . sanction." *Id.* Fourth, whether "there is no other effective alternative existing to discipline [the non-compliant party] . . . and to avoid prejudice to [the opposing party]." *Id.* As explained in a spoliation case, a District Court may "permit the jury to make an adverse inference" as a sanction under FRCP 37(b)(2)(A). *Flagg v. City of Detroit*, 715 F. 3d 165, 177–78 (6th Cir. 2013). The District Court has "discretion" to determine "[w]hether an adverse inference is permissive or mandatory" "on a case-by-case basis, corresponding in part to the sanctioned party's degree of fault." *Id.* In a spoliation case, there are three requirements for a party seeking an adverse inference, "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* (quoting *Beaven v. U.S. DOJ*, 622 F.3d 540, 553 (6th Cir. 2010)).

### III.

#### a.

Defendant argues it is prejudiced by Mr. McAvoy's non-responsiveness. He has "deprived Defendants of the ability to test the veracity of his allegations and interrogatory responses" and they have "also been required to expend substantial resources pursuing Mr. McAvoy's compliance through multiple meet and confer discussions, briefing, and a hearing." *Id.* at PageID.11056. Additionally, "Mr. McAvoy's defiance . . . limits Defendants' ability to defend against certification of the class that his complaint seeks to certify and that he proposed to represent." *Id.* at PageID.11056. Second, Defendant provides Mr. McAvoy failed to fully respond to discovery requests for almost two years. Third, Defendant explains Mr. McAvoy was on notice that his claims could be involuntarily dismissed or held in contempt for his non-compliance. ECF No. 188

at PageID.11057–58. Finally, Defendant argues there is no alternate remedy that would sufficiently address the prejudice. Involuntarily dismissing his claims would be insufficient because "[i]t would deprive Defendants of using his evidence to defend against the claims of the putative class while liberating him from the discovery obligations that he knowingly and freely undertook when lending his name to a class action." *Id.* at PageID.11058. Holding Mr. McAvoy in contempt would also be insufficient because even after being ordered to comply with discovery, he still failed to comply.

Defendant argues that Mr. McAvoy's failure to respond affects not only his claims, but also his claims as a putative class representative. ECF No. 191. It argues that discovery from the Anderton Plaintiffs would not cure any prejudice because they are not putative class representatives – but instead individual claimants. *Id.* Mr. McAvoy, on the other hand, is one of the "carefully selected [] named Plaintiffs to ensure they will be adequate class representatives." *Id.* (quoting Duramax Plaintiffs' brief, ECF No. 147 at PageID.5889). Finally, Defendants argue that "[t]he putative class is a creation of putative class counsel and their recruitment, vetting, and selection of named plaintiffs." *Id.*

**b.**

Plaintiffs concede that it is appropriate to exclude McAvoy's responses to the interrogatories from evidence. ECF No. 190. Plaintiffs state Mr. McAvoy "will not be offered as a proposed class representative, nor will his claims or interrogatory responses be used to support class certification." *Id.* at PageID.11160. However, Plaintiffs believe an adverse inference for McAvoy's responses would "penalize the entire putative class by erecting an artificial barrier to certification." *Id.* at PageID.11161. Plaintiffs also argue that "Sixth Circuit law requires the party seeking the adverse inference to "adduce sufficient evidence from which a reasonable trier of fact

could infer that the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected.'" *Id.* at PageID.11162 (quoting *Automated Sols. Corp. v. Paragon Data Sys.*, 756 F.3d 504, 514 (6th Cir. 2014)).

Plaintiffs argue that any potential prejudice from Mr. McAvoy will be mitigated by the discovery of the individual Anderton Plaintiffs. *Id.* at PageID.11165-66. As to the second and third factors, Plaintiffs concede they are aware of no justifiable reason for Mr. McAvoy's change in behavior. For the fourth factor, Plaintiffs argue that the adverse inferences sought by Bosch LLC are "extreme" – resulting in a dismissal of Mr. McAvoy's claims and penalizing the putative class. Plaintiffs argue, instead, that Mr. McAvoy's claims and evidence should only be excluded from class certification discussion. *Id.*

Finally, Plaintiffs argue, citing a spoliation case, that the Sixth Circuit requires "sufficient evidence from which a reasonable trier of fact could infer that the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction," *Id.* at PageID.11167-68 (quoting *Automated Sols. Corp.*, 756 F.3d at 514). Plaintiffs argue that "Bosch LLC has offered no evidence from which a reasonable jury could infer that either the documents or testimony Mr. McAvoy failed to provide would have established the facts contained in Bosch LLC's proposed adverse inferences [and therefore] the Court must [] reject Bosch LLC's proposed remedy and decline to enter the requested adverse inferences." *Id.* at PageID.11169-70.

**c.**

In this case, there is evidence that Defendant Bosch LLC would be prejudiced by Mr. McAvoy's absence from putative class action discovery. There were thirteen putative class representatives earlier in this litigation. However, Mr. Ash has since dismissed his claims with prejudice. ECF No. 182. So has Mr. Fenner. ECF No. 171. Therefore, there are eleven remaining

putative class members. Defendants have exerted significant effort in seeking discovery from Mr. McAvoy, including a motion to compel, to no avail. Additionally, with respect to the Anderton Plaintiffs' discovery, while useful for their own individual actions against Defendants and as members of the putative class, the Anderton Plaintiffs are not class representatives. Defendant Bosch LLC has been prejudiced by Mr. McAvoy's apparent abandonment of the lawsuit. The second and third factors—willful failure to cooperate and warning Mr. McAvoy about potential sanctions—are uncontested. The question therefore is, what is the appropriate remedy is to cure the prejudice to Defendant Bosch LLC?

> To obtain an adverse inference, there are three requirements,
>
> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Flagg v. City of Detroit*, 715 F. 3d 165, 177–78 (6th Cir. 2013 (quoting *Beaven v. U.S. DOJ*, 622 F.3d 540, 553 (6th Cir. 2010)). In this case, Mr. McAvoy had an obligation to preserve the documentation regarding his purchase of the vehicle. While it is unknown whether the evidence was destroyed or simply not presented, it is unavailable for this case. Second, the records, which may or may not have been destroyed, have been intentionally withheld. Mr. McAvoy is aware of his obligation to respond fully to discovery requests. However, despite Plaintiffs' counsel's attempts to reach him, he has not responded. Third, the withheld evidence is relevant to Plaintiffs' claims against Defendant Bosch LLC and whether Mr. McAvoy relied on certain representations by GM and Bosch LLC when he purchased his vehicle. Therefore, all three requirements are met for an adverse inference. Mr. McAvoy has a greater duty to prosecute his claims against Defendants as a putative class member than if he were pursuing an independent action against

- 8 -

Defendants. Simply eliminating Mr. McAvoy and his discovery responses from evidence would not fully cure Defendant's prejudice due to Mr. McAvoy's intentional disregard for his part in this class action proceeding. Additionally, Plaintiffs' counsel previously informed this Court that they deliberately selected their putative class representatives. If Plaintiffs' counsel intentionally chose an individual who later decided to flout the discovery requirements, they must accept the consequences imposed by their client. Additionally, if the remaining Plaintiffs did rely upon GM's and Bosch LLC's assertions regarding the performance of the subject vehicles, as claimed in the complaint, one Plaintiff's lack of reliance upon the assertions will not preclude class certification. Defendant Bosch LLC's motion for relief will be granted. The following four statements will be assumed true for the remainder of these proceedings,

> (1) Mr. McAvoy had no expectations about the NOx emissions performance of his Subject Vehicle; (2) NOx emissions performance was not material to Mr. McAvoy's decision to purchase his Subject Vehicle; (3) when deciding to purchase his Subject Vehicle, Mr. McAvoy did not rely on any advertisements, statements, representations, or omissions about NOx emissions performance; and (4) Mr. McAvoy did not pay a premium for the NOx emissions performance of his Subject Vehicle.

Accordingly, it is **ORDERED** that Defendant Bosch LLC's Motion for Relief Under Rule 37, ECF No. 188, is **GRANTED**.

Dated: September 18, 2020     s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge