UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| IN RE : DURAMAX DIESEL LITIGATION | Case No. 17-11661<br><br>Judge Thomas L. Ludington<br>Magistrate Judge Patricia T. Morris |

**ORDER GRANTING CALIFORNIA PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On May 25, 2017, Andrei Fenner and Joshua Herman filed a putative class action complaint against Defendants, General Motors, Bosch LLC, and Bosch GmbH. ECF No. 1 in 17-11661. Plaintiffs allege "[t]o appeal to environmentally conscious consumers, GM markets its Silverado and Sierra Duramax vehicles as having low emissions, high fuel economy, and powerful torque and tow capacity," "charg[ing] a premium of approximately $5,000." ECF No. 1 at PageID.14. However, Plaintiffs also allege "GM's representations are deceptive and false" and GM "programmed its Silverado and Sierra Duramax vehicles to significantly reduce the effectiveness of the NOx reduction systems during real-world driving conditions." *Id.* Plaintiffs' proposed class is defined as

> All persons who purchased or leased a model year 2011-2016 GM Silverado 2500HD or 3500HD, or a GM Sierra 2500HD or 3500HD (the 'Affected Vehicles').

*Id.* at PageID.88.

On June 21, 2017, Plaintiffs Carrie Mizell, Matt Henderson, George Stanley, Michael Reichert, Gregory Williams, Phillip Burns, Kurt Roberts, and Keith Ash filed a complaint against the same Defendants. ECF No. 1 in 17-11984. The cases were consolidated on July 25, 2017. ECF No. 16 in 17-11661. On August 4, 2017, an amended complaint was filed in the consolidated case

by the joint plaintiffs listed above, with the addition of Anthony Gadecki, Cody McAvoy, and James Crunkleton. ECF No. 18. Non-class action cases, the "Anderton Cases," were later consolidated with *In re Duramax*. ECF No. 144.

On July 9, 2019 Plaintiff Pantel, Plaintiff Bulaon and co-plaintiffs filed two complaints in Los Angeles Superior Court alleging that General Motors (GM) "committed fraud by installing and calibrating emission control devices" in diesel powered vehicles. ECF No. 1-1 at PageID.200 in 19-13219; ECF No. 1-1 at PageID.178 in 19-13220. Plaintiffs are either residents of California or residents of other states who purchased their GM vehicle in California. ECF Nos. 196, 198. Pantel and Bulaon Plaintiffs alleged violations of various state fraud statutes and common law but did not include a RICO claim in their complaints. The Pantel and Bulaon cases were initially filed in California state court, removed to the Central District of California, then transferred to this Court. On August 27, 2020, Plaintiffs' motion for remand was denied in part and granted in part. ECF Nos. 196, 198. The dealership Defendants were severed and claims against them were remanded to California state court, while claims Defendants GM, Bosch LLC, and Bosch GmbH remained in this Court. ECF Nos. 196, 198.

On September 25, 2020, California Plaintiffs filed a motion for leave to file an amended complaint to add a RICO claim. ECF No. 218.

### I.

### A.

Federal Rule of Civil Procedure 15(a) provides, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

**B.**

Plaintiffs argue that there has been no undue delay because discovery for the California Cases will continue to proceed on the same schedule as the *In re Duramax* putative class action and the Anderton Cases. ECF No. 218 at PageID.12109–10. The discovery schedule already includes time for the RICO allegations that are currently pending against Defendants by the putative class action plaintiffs and Anderton Plaintiffs to be addressed. *Id.*

Second, Plaintiffs assert there is no substantial prejudice against Defendants by granting leave to file an amended complaint with the RICO claim. They explain,

> Because the Defendants will have to respond to discovery related to the RICO claims whether or not the amendment is allowed, allowing the amendment is clearly not an attempt 'to abuse the discovery process.' Indeed, regardless of whether amendment is allowed, the California Plaintiffs will seek the same discovery for purposes of their already-pending civil conspiracy, joint venture and consumer fraud claims which arise 'from a similar set of operative facts and a similar time' as the RICO claims.

ECF No. 218 at PageID.12112 (quoting *Counts v. GM*, 2018 WL 2717484 at *1). Plaintiffs admit that they "omitted federal RICO claims when the cases were refiled [in California state court]," but argue that "merely because the proposed claim was previously dropped does not itself establish that Defendants will be prejudiced at all, much less substantially prejudiced." ECF No. 218 at

PageID.12113. Plaintiffs claim that "[a]llowing the amendment would make the pleadings and claims consistent with the other consolidated case and will not change the timing or extent of discovery or trial preparation." *Id.* at PageID.12114–15.

Third, Plaintiffs explain amendment would not be futile because this "Court has already ruled that the Class Plaintiffs' RICO allegations are sufficient to withstand a Rule 12(b)(6) motion to dismiss" and the "California Plaintiffs' proposed RICO allegations are substantively identical to the RICO allegations herein by the Class Plaintiffs and by the Anderton Plaintiffs." ECF No. 218 at PageID.12115–16.

In response, Defendants first assert that "Plaintiffs should be judicially estopped from asserting a RICO claim" because "Plaintiffs have asserted since the outset of these cases that they are not raising any federal claims and that they do not involve any substantial question of federal law." ECF No. 242 at PageID.14330. They explain "[t]his Court relied upon that representation in finding there was no federal question jurisdiction." *Id.*

Second, Defendants argue that while there may be no further delay or prejudice, undue delay and prejudice already occurred. ECF No. 242 at PageID.14331. They state

> GM was prejudiced by having to file four removal notices, two transfer motions and supporting briefs, four remand opposition briefs, and two supplemental briefs regarding remand. The time and resources necessary to litigate those issues have been substantial. They were also utterly unnecessary, given that Plaintiffs could have asserted the RICO claim from the outset of this litigation, as their counsel did in 26 nearly-identical cases. . . . The courts were also burdened by the sequence of events described herein. The California state court was burdened with dozens of filings in these unnecessary cases. The U.S. District Court for the Central District of California was burdened with these cases while they were on their way to this Court in the Eastern District of Michigan, and with Plaintiffs' opposition to a clearly meritorious transfer motion. And this Court has been burdened by the numerous filings related to remand, culminating in this motion.

ECF No. 242 at PageID.14335–36.

In their reply, Plaintiffs highlight that they "were free to limit their initial pleading to state-

law claims" initially and "[n]ow that their cases have been consolidated herein, Plaintiffs should be allowed to amend to allege the same RICO claims already alleged herein by identically-situated plaintiffs against the same Defendants and which will be the subject of discovery and trial herein regardless of whether amendment is allowed." ECF No. 259 at PageID.15755.

Plaintiffs also explain they sought leave to amend shortly after a decision was issued on the motion to remand and that there is no prejudice going forward. They also offer that Defendants did not provide case law where leave to amend should be denied where the only prejudice is in the past and not the future. ECF No. 259 at 259 at PageID.15756.

## C.

First, the only case Defendants cite in support of their judicial estoppel argument is *Currithers v. FedEx Ground Package Systems, Inc*. As this Court explained in that case,

> The primary purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" and to prevent "improper use of judicial machinery." *New Hampshire v. Maine,* 532 U.S. 742, 749–50 (2001) (internal quotations and citation omitted). Judicial estoppel is "an equitable doctrine invoked by the court at its discretion." *See New Hampshire v. Maine,* 532 U.S. 742, 750 (2001).

*Currithers v. FedEx Ground Package Sys., Inc.*, 2012 WL 380146, at *4 (E.D. Mich. Feb. 6, 2012). Judicial estoppel "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id.* (internal citations and quotation marks omitted).

Defendants argue that because Plaintiffs "asserted since the outset of these cases that they are not raising any federal claims and that they do not involve any substantial question of federal law" and "[t]his Court relied upon that representation in finding that there was no federal question jurisdiction," Plaintiffs "should now be estopped from taking a contrary position." ECF No. 242

at PageID.14330. However inconsistent Plaintiffs' position, Defendants have not offered any case law to support applying the judicial estoppel equitable doctrine to prevent Plaintiffs from filing an amended complaint. Plaintiffs are not expressing contrary positions in dispositive motions. They had a right to file their action in state court and now that they are unwillingly pursuing their action in federal court, the equitable doctrine of judicial estoppel does not prevent them from including a federal law claim now that they are in federal court. This is especially true where, as is the case here, there is no prejudice to Defendants.

Second, Plaintiffs have not demonstrated bad faith or prejudiced Defendants by seeking to add a federal count to their complaint. Defendants aptly highlight the number of motions and orders involved with transferring this action from California state court to the Eastern District of Michigan and the subsequent consolidation with *In re Duramax*. They also highlight the inconsistency in Plaintiffs' original position that they only sought relief under California state and common law, rather than federal law. While this change in posture may initially appear to prejudice Defendants, the California cases are consolidated with a putative class action case and 26 individual cases, the latter of which were filed by the same Plaintiffs' counsel. Plaintiffs have not sought to extend discovery or any dates in the consolidated case as a result of their motion for leave to file an amended complaint. In addition, because all the other cases in the consolidated action include a RICO claim, Defendants are already defending against the RICO claim. Plaintiffs' motion for leave to amend the complaint does not result in undue delay and in fact has not delayed the underlying case. Finally, the amendment of the complaint is not futile as it would provide an alternate basis for relief for Plaintiffs.

## II.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint, ECF

- 7 -

No. 218, is **GRANTED**. Plaintiffs' must file their amended complaint **on or before December 9, 2020**.


Dated: December 2, 2020                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge