UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| IN RE : DURAMAX DIESEL LITIGATION | Case No. 1:17-cv-11661<br><br>Judge Thomas L. Ludington<br>Magistrate Judge Patricia T. Morris |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE CERTAIN ANDERTON PLAINTIFFS WHO FAILED TO COMPLY WITH THE ORDER REGARDING PLAINTIFF FACT SHEETS**

On May 25, 2017, Andrei Fenner and Joshua Herman filed a putative class action complaint against Defendants, General Motors, Bosch LLC, and Bosch GmbH. ECF No. 1 in 17-11661. Plaintiffs allege "[t]o appeal to environmentally conscious consumers, GM markets its Silverado and Sierra Duramax vehicles as having low emissions, high fuel economy, and powerful torque and tow capacity," "charg[ing] a premium of approximately $5,000." ECF No. 1 at PageID.14. However, Plaintiffs also allege "GM's representations are deceptive and false" and GM "programmed its Silverado and Sierra Duramax vehicles to significantly reduce the effectiveness of the NOx reduction systems during real-world driving conditions." *Id.* Plaintiffs' proposed class is defined as

> All persons who purchased or leased a model year 2011-2016 GM Silverado 2500HD or 3500HD, or a GM Sierra 2500HD or 3500HD (the 'Affected Vehicles').

*Id.* at PageID.88. On June 21, 2017, Plaintiffs Carrie Mizell, Matt Henderson, George Stanley, Michael Reichert, Gregory Williams, Phillip Burns, Kurt Roberts, and Keith Ash filed a complaint against the same Defendants. ECF No. 1 in 17-11984. The cases were consolidated on July 25, 2017. ECF No. 16 in 17-11661. On August 4, 2017, an amended complaint was filed in the consolidated case by the joint Plaintiffs listed above, with the addition of Anthony Gadecki, Cody

McAvoy, and James Crunkleton. ECF No. 18. Additional non-class action cases, the "Anderton Cases" and the "California Cases" have since been consolidated with *In re Duramax*. ECF Nos. 144, 196, 198. The Anderton Plaintiffs represented to this Court that they only filed individual suits now to avoid a potential statute of limitations defense by Defendants later and they agreed to consolidating their cases with *In re Duramax* for discovery purposes. *See* ECF No. 144.

On May 14, 2020, this Court entered a stipulation and proposed order governing discovery for the Anderton Cases, non-class action Plaintiffs. ECF Nos. 180. The long form plaintiff fact sheets were distributed to 150 Plaintiffs and short form plaintiff fact sheets were distributed to 500 Plaintiffs. *Id.* 100 short form Plaintiffs and 30 long form Plaintiffs were selected each month, with responsive dates beginning June 15, 2020 and ending October 15, 2020. *Id.* Additionally, Defendants could schedule depositions of up to 40 Anderton Plaintiffs prior to November 20, 2020. *Id.* The agreement further provides that a Plaintiff's claims are subject to dismissal if s/he fails to respond. *Id.* 21 days after responses are due, Defendants may serve a Notice of Overdue Discovery. If responses are still incomplete 14 days later, Defendants may file a motion to dismiss Plaintiff's claims without prejudice. Further, if this Court dismisses Plaintiff's claims without prejudice and 30 days later Plaintiff still has failed to submit their requested discovery, Defendants may move for a dismissal with prejudice, subject to the traditional motion to dismiss briefing schedule.

This Court has previously granted five of Defendants' Motions to Dismiss without prejudice for Plaintiffs who failed to complete their discovery obligations. ECF Nos. 213, 277, 292, 312, 330. Now, Defendants have filed two Motions to Dismiss with Prejudice,[1] identifying the previously dismissed Plaintiffs and seeking to dismiss their claims with prejudice. ECF Nos. 305, 337.

---

[1] Defendants consolidated the July, August, September, and October Plaintiffs into one motion.

Defendants provide that more than 30 days have elapsed since the orders dismissing claims without prejudice and the dismissed Plaintiffs "have failed to remedy the deficiencies in their Plaintiff Fact Sheet Responses." ECF No. 305 at PageID.17158; ECF No. 337 at PageID.18400. Defendants argue that Federal Rule of Civil Procedure 37(b)(2)(A) authorizes dismissal of Plaintiffs who have failed to comply with the Plaintiff Fact Sheet Order. ECF No. 305 at PageID.17167; ECF No. 337 at PageID.18411–12. Specifically, Defendants cite the Sixth Circuit's four part test for dismissal,

> Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wis. Central, Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citations omitted).

In this case, Plaintiffs were provided ample notice of their deficiency. Plaintiffs were notified by Defense counsel of the deficiency, had an opportunity to respond to the initial motions to dismiss without prejudice, could have supplemented their discovery responses after the orders granting the motions to dismiss without prejudice, and could have provided the information in response to the instant Motions to Dismiss with Prejudice. Plaintiffs[2] have not. The parties' failure to cure is solely Plaintiffs' fault. Second, Defendants have been prejudiced by Plaintiffs' conduct, as they were required to spend time following up with Plaintiffs' counsel regarding the delinquent discovery requests, as well as drafting the motions to dismiss with and without prejudice. Third, Plaintiffs have been warned multiple times that their failure to cooperate would lead to dismissal.

---

[2] Plaintiff Mark Wettstein provided his outstanding discovery obligations on March 17, 2021. ECF No. 340. The parties agree he has cured his defect and the current motion to dismiss should not apply to him. *Id.*; ECF No. 341 at PageID.18438.

Plaintiffs were given an opportunity to cure the defect prior to the filing of the Motions to Dismiss without prejudice. They were notified again of their outstanding discovery obligations when the Motions to Dismiss without prejudice and the Motions to Dismiss with prejudice were filed. Plaintiffs have been provided ample time to respond to Defendants' requests.

Finally, less drastic sanctions were considered prior to the filing of the instant Motions to Dismiss with Prejudice. First, both parties stipulated to the entry of the Plaintiff Fact Sheet order. ECF No. 180. Second, deficient Plaintiffs were given multiple opportunities to cure their deficiency prior to Defendants' filing the instant Motions to Dismiss with prejudice. In fact, some Plaintiffs corrected their deficiency. *See e.g.*, ECF Nos. 236-3, 236-4 (showing Plaintiffs who filled out the Plaintiff Fact Sheet after Defendants' counsel notified Plaintiffs' counsel with an initial notice of overdue discovery); ECF Nos. 325, 328 (identifying one Plaintiff who provided his Plaintiff Fact Sheet after the Motion to Dismiss without prejudice was filed, but prior to the order being entered).

Plaintiffs were given more than 30 days to provide the requested information after the Orders Dismissing Plaintiffs' Claims were granted without prejudice. Plaintiffs' Fact Sheets were originally due between June and October 2020. It is now May 2021. Plaintiffs have been provided more than sufficient time to cure their deficiency. As further evidence of Plaintiffs' failure to properly respond to Defendants' requests, Plaintiffs' counsel do not offer an explanation for Plaintiffs' behavior. Instead, counsel explain they "had hoped to cure the deficiencies with these Plaintiffs' fact sheets but ha[ve] been unable to do so as of the filing of this response. The Anderton Plaintiffs will continue to attempt to obtain completed fact sheets and request additional time to do so." ECF No. 310 at PageID.17691; ECF No. 340 at PageID.18429.

Defendants have worked with Plaintiffs to obtain responses to the outstanding discovery requests and Plaintiffs have given no indication that they intend to correct the deficiencies. Defendants' Motion to Dismiss with Prejudice Claims of Certain Plaintiffs will be granted.

Accordingly, it is **ORDERED** that Defendants Bosch LLC's and GM's Motions to Dismiss with Prejudice, ECF No. 305 and 337, are **GRANTED IN PART**. Defendants' Motion to Dismiss with Prejudice as to Plaintiff Wettstein, ECF No. 337, is **DENIED**.

It is further **ORDERED** that the following Plaintiffs' claims are **DISMISSED WITH PREJUDICE**:

1. Richard Avon (consol. no. 19-11337),
2. James Back (consol. no. 19-11372),
3. Scott Beam (consol. no.19-11372),
4. Robbie Collins (consol. no. 19-11372),
5. Joe Crabbe (consol. no. 19-11372),
6. Angelo Archuleta (consol. no. 19-11332),
7. Otto Bartel (consol. no. 19-11357),
8. Nathan Berner (consol. no. 19-11354),
9. Greg Berry (consol. no. 19-11349),
10. John Bjork (consol. no. 19-11348),
11. Kaleb Bowden (consol. no. 19-11306),
12. Jerry Bridge (consol. no. 19¬11308),
13. Mary Bridge (consol no. 19-11308),
14. Kevin Cheuvront (consol. no. 19-11308),
15. Donald Cocherl (consol. no. 19-11337),

16. Sam Cornwell (consol. no. 19-11354),

17. Keith Danielson (consol. no. 19-11331),

18. Marty Forman (consol. no. 19-11306),

19. Lee Gardner (consol. no. 19-11354),

20. 4.Garett Gray (consol. no. 19-11381),

21. 5.Mike Gunn (consol. no. 19-11339),

22. 6.Mike Hardin (consol. no. 19-11368),

23. 7.Lester Harrison (consol. no. 19-11368),

24. 8.William Griffin (consol. no. 19-11320),

25. Darwin Helms (consol. no. 19-11372),

26. Darlene Fisher (consol. no. 19-11337),

27. Randy Forkum (consol. no. 19-11337),

28. Randy Gill (consol. no. 19-11368),

29. Joshua Goldman (consol. no. 19-11349),

30. Adam Hayward (consol. no. 19-11308),

31. Alan Hissam (consol. no. 19-11372),

32. Jeffrey Houston (consol. no. 19-11394),

33. Annette Hurmiz (consol. no. 19-11365),

34. Charles Hurmiz (consol. no. 19-11365),

35. Hunter Impson (consol. no. 19-11344),

36. Drema Isaac (consol. no. 19-11374),

37. James Kirkpatrick (consol. no. 19-11331),

38. Mark Kowalczyk (consol. no. 19-11357),

39. Clyde Lantz (consol. no. 19-11381),

40. 24.John LaCourt (consol. no. 19-11374),

41. Richard LaPoint (consol. no. 19-11320),

42. Michael Leary (consol. no. 19-11313),

43. Mark Lehnhoff (consol. no. 19-11308),

44. Joseph Lemoine (consol. no. 19-11344),

45. Keith Lepley (consol. no. 19-11372),

46. Ken Lister (consol. no. 19-11306),

47. Sam Lyons (consol. no. 19-11357),

48. Tyler Malott (consol. no. 19-11331),

49. Bob McManus (consol. no. 19-11372),

50. Heath Newland (consol. no. 19-11376),

51. Badur Otarashvili (consol. no. 19-11357),

52. Mike Page (consol. no. 19-11349),

53. Michael Pearson (consol. no. 19-11357),

54. James Harp (consol. no. 19-11357),

55. Jordan Readd (consol. no. 19-11348),

56. Courtney Oberg (consol. no. 19-11349),

57. Carmon Pruitt (consol. no. 19-11348),

58. Roland Pruitt (consol. no. 19-11348),

59. Craig Reichel (consol. no. 19-11349),

60. Evie Mostacci (consol. no. 19-11339),

61. Jesse Petary (consol. no. 19-11320),

62. Marcus Petty (consol. no. 19-11341),

63. Dwane Rice (consol. no. 19-11320),

64. Farrell Rodgers (consol. no. 19-11332),

65. Bonin Rodrigue (consol. no. 19-11348),

66. Scott Sadler (consol. no. 19-11320),

67. Joshua Schantz (consol. no. 19-11348),

68. Robert Secody (consol. no. 19-11370),

69. Volley Seymore (consol. no. 19-11370),

70. Janelle Couch (consol. no. 19-11376),

71. Ricky Thompson (consol. no. 19-11306),

72. Lane Toups (consol. no. 19-11370),

73. Tony Whisenant (consol. no. 19-11339),

74. Curt Wallace (consol. no. 19-11370),

75. Carley Young (consol. no. 19-11365),

76. Jason Traxler (consol. no. 19-11349),

77. William Walcutt (consol. no. 19-11354),

78. Garrett Walker (consol. no. 19-11370),

79. Eric Webster (consol. no. 19-11337),

80. Nick Webster (consol. no. 19-11370),

81. Michael Whitehead (consol. no. 19-11349),

82. Brian Williams (consol. no. 19-11320),

83. Leszek Wysocki (consol. no. 19-11337),

84. Jonathan Yocom (consol. no. 19-11370),

85. Harvey Smith (consol. no. 19-11394),

86. Stanley Teague (consol. no. 19-11374), and

87. Deborah Trefelner (consol. no. 19-11372).


Dated: May 6, 2021
<span style="float:right">s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge</span>