UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE : DURAMAX DIESEL LITIGATION

Case No. 1:17-cv-11661

Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE REGARDING TWO BELLWETHER PLAINTIFFS**

On May 25, 2017, Andrei Fenner and Joshua Herman filed a putative class action complaint against Defendants, General Motors, Bosch LLC, and Bosch GmbH. ECF No. 1 in 17-11661. Plaintiffs allege "[t]o appeal to environmentally conscious consumers, GM markets its Silverado and Sierra Duramax vehicles as having low emissions, high fuel economy, and powerful torque and tow capacity," "charg[ing] a premium of approximately $5,000." ECF No. 1 at PageID.14. However, Plaintiffs also allege "GM's representations are deceptive and false" and GM "programmed its Silverado and Sierra Duramax vehicles to significantly reduce the effectiveness of the NOx reduction systems during real-world driving conditions." *Id.* Plaintiffs' proposed class is defined as

> All persons who purchased or leased a model year 2011-2016 GM Silverado 2500HD or 3500HD, or a GM Sierra 2500HD or 3500HD (the 'Affected Vehicles').

*Id.* at PageID.88. On June 21, 2017, Plaintiffs Carrie Mizell, Matt Henderson, George Stanley, Michael Reichert, Gregory Williams, Phillip Burns, Kurt Roberts, and Keith Ash filed a complaint against the same Defendants. ECF No. 1 in 17-11984. The cases were consolidated on July 25, 2017. ECF No. 16 in 17-11661. On August 4, 2017, an amended complaint was filed in the consolidated case by the joint Plaintiffs listed above, with the addition of Anthony Gadecki, Cody

McAvoy, and James Crunkleton. ECF No. 18. Additional non-class action cases, the "Anderton Cases" and the "California Cases" have since been consolidated with *In re Duramax*. ECF Nos. 144, 196, 198. The Anderton Plaintiffs represented to this Court that they only filed individual suits now to avoid a potential statute of limitations defense by Defendants later and that they agreed to consolidating their cases with *In re Duramax* for discovery purposes. *See* ECF No. 144.

On May 14, 2020, this Court entered a stipulation and proposed order governing discovery for the Anderton Cases, non-class action Plaintiffs. ECF Nos. 180. The long form plaintiff fact sheets were distributed to 150 Plaintiffs and short form plaintiff fact sheets were distributed to 500 Plaintiffs. *Id.* 100 short form Plaintiffs and 30 long form Plaintiffs were selected each month, with responsive dates beginning June 15, 2020 and ending October 15, 2020. *Id.* Additionally, Defendants could schedule depositions of up to 40 Anderton Plaintiffs prior to November 20, 2020. *Id.* The agreement further provides that a Plaintiff's claims are subject to dismissal if s/he fails to respond. *Id.* 21 days after responses are due, Defendants may serve a Notice of Overdue Discovery. If responses are still incomplete 14 days later, Defendants may file a motion to dismiss Plaintiff's claims without prejudice. Further, if this Court dismisses Plaintiff's claims without prejudice and 30 days later Plaintiff still has failed to submit their requested discovery, Defendants may move for a dismissal with prejudice, subject to the traditional motion to dismiss briefing schedule.

On February 8, 2021, Defendants GM and Bosch LLC filed a motion to dismiss two bellwether Plaintiffs without prejudice for failure to complete their discovery obligations. ECF No. 332. Defendants explain that all questions must be answered for the short form fact sheet (good faith answers such as "not applicable" and "unknown" are acceptable) and long form fact sheets also require Plaintiffs to provide any responsive documents in their control. *Id.* at PageID.18354 n.1. Defendants assert that of the Plaintiffs whose responses were due on October 22, 2020, one

Plaintiff "failed to submit any [Plaintiff fact sheet] response at all, and one Plaintiff has submitted an incomplete [Plaintiff fact sheet] response, lacking responses to one or more questions." *Id.* at PageID.18357.

Defendants explain that FRCP 37 provides that a defendant may seek to dismiss a plaintiff's claims for failure to respond to discovery requests. ECF No. 332 at PageID.18157–63. For relief, Defendants seek an order,

> (1) dismissing without prejudice the claims of the two Plaintiffs identified in Exhibit C, (2) providing that these Plaintiffs may not refile their claims without complying with their PFS obligations, and (3) providing that if these Plaintiffs do not comply with their PFS obligations within 30 days after entry of the Court's order, their claims may be subject to dismissal with prejudice.

*Id.* at PageID.18364. Plaintiffs' counsel acknowledges that the two identified Plaintiffs failed to provide the required discovery. ECF No. 335. They explain they "will continue to attempt to obtain completed fact sheets and request additional time to do so." *Id.* at PageID.18392.

These two Plaintiffs were served with either the long or short form fact sheets and did not comply with their discovery obligations, which were due on October 22, 2020. ECF No. 332-3. On December 4, 2020, Defendants informed Plaintiffs' counsel about multiple Plaintiffs who failed to submit fact sheets, failed to sign the declaration, submitted an incomplete fact sheet, or failed to provide requested documents. *Id.* On February 8, 2021, the instant Motion was filed naming the two Plaintiffs with outstanding discovery deficiencies, David Bell and Jose Acevedo. ECF No. 332-4. Plaintiffs do not contest the merits of the Motion, but rather seek additional time to correct the deficiencies. However, Plaintiffs participated in arriving at the discovery schedule, and this is at least the fifth wave of deficient Plaintiffs. The scheduling order already allows Plaintiffs to submit discovery five weeks late without penalty. Additionally, this dismissal is without prejudice. Plaintiffs still have 30 days to respond to the outstanding discovery requests to

avoid a motion to dismiss with prejudice. There is no good reason furnished to delay dismissing these Plaintiffs' claims.

Accordingly, it is **ORDERED** that Defendants Bosch LLC's and GM's Motion to Dismiss Without Prejudice, ECF No. 332, is **GRANTED**.

It is further **ORDERED** that Plaintiffs David Bell (consol. no. 19-13220**)** and Jose Acevedo (consol. no. 19-13220) are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs must fully comply with any outstanding discovery requests prior to refiling their claims.

Dated: May 6, 2021                                    s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge