# EXHIBIT 5

Elizabeth J. Cabraser (State Bar No.
083151)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email:  ecabraser@lchb.com

*Lead Counsel for Plaintiffs*

Robert J. Giuffra, Jr. (pro hac vice)
William B. Monahan (pro hac vice)
Thomas C. White (pro hac vice)
C. Megan Bradley (pro hac vice)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  giuffrar@sullcrom.com
monahanw@sullcrom.com
whitet@sullcrom.com
bradleyc@sullcrom.com

*Counsel for Fiat Chrysler Automobiles N.V.,
FCA US LLC, V.M. Motori S.p.A., and V.M.
North America, Inc.*

Matthew D. Slater (pro hac vice)
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Ave., NW
Washington, DC 20037
(202) 974-1500 (Phone)
(202) 974-1999 (Facsimile)
Email:  mslater@cgsh.com

*Counsel for Defendants
Robert Bosch LLC and Robert Bosch GmbH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL CONSUMER AND RESELLER ACTIONS | Case No. 3:17-md-02777-EMC<br><br>**AMENDED CONSUMER AND RESELLER DEALERSHIP CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>Hearing: January 23, 2019<br>Time: 10:00 a.m.<br>Courtroom: 5, 17th floor<br>The Honorable Edward Chen |

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

# TABLE OF CONTENTS

1.   THE PROPOSED SETTLEMENT ........................................................................ 1

2.   DEFINITIONS ........................................................................................................ 2

3.   ORDER APPROVING NOTICE ........................................................................... 14

4.   CLASS MEMBER COMPENSATION AND REMEDIES ................................... 15

5.   CLASS CLAIMS PROCESS AND ADMINISTRATION ..................................... 24

6.   REQUESTS FOR EXCLUSION ........................................................................... 26

7.   OBJECTIONS TO THE SETTLEMENT .............................................................. 28

8.   DUTIES OF THE NOTICE AND CLAIMS ADMINISTRATOR .......................... 29

9.   RELEASE AND WAIVER ..................................................................................... 31

10.  ESCROW ACCOUNT ........................................................................................... 37

11.  ATTORNEYS' FEES AND EXPENSES ............................................................... 38

12.  PROPOSED SCHEDULE FOR APPROVAL OF SETTLEMENT........................ 40

13.  AGREEMENT TO COOPERATE TO EFFECTUATE SETTLEMENT ................ 41

14.  MODIFICATION OR TERMINATION OF THIS CLASS ACTION
     AGREEMENT ....................................................................................................... 41

15.  REPRESENTATIONS AND WARRANTIES ....................................................... 44

16.  GENERAL MATTERS AND RESERVATIONS ................................................... 45

## 1.     THE PROPOSED SETTLEMENT

On January 12, 2017, the U.S. Environmental Protection Agency and the California Air Resources Board issued notices of violation to Fiat Chrysler Automobiles N.V. and FCA US LLC, alleging that certain Ram and Jeep vehicles with 3.0 liter V6 diesel engines in the United States were equipped with eight Auxiliary Emission Control Devices ("AECDs") that were not disclosed to the EPA and CARB, and that the operation of one or more of the AECDs alone or in combination results in excess emissions of nitrogen oxides ("NOx"). On May 23, 2017, the Department of Justice, on behalf of the EPA, filed a complaint alleging that the undisclosed AECDs, alone or in combination, are "defeat devices" designed to reduce the effectiveness of the vehicles' emissions control systems in violation of the Clean Air Act.

Owners, lessees, and dealers also filed lawsuits against Defendants in federal courts across the United States, which were consolidated in the United States District Court for the Northern District of California before the Honorable Edward Chen. Judge Chen appointed Lead Plaintiffs' Counsel, as well as a committee of plaintiffs' lawyers from law firms across the United States (referred to collectively as the Plaintiffs' Steering Committee), to oversee and conduct the consolidated litigation on behalf of affected owners, lessees, and dealers.

After extensive litigation and settlement efforts facilitated by Court-appointed Settlement Master Kenneth Feinberg, the Parties have reached this agreement to resolve consumers' claims arising from the approximately 100,000 affected vehicles in the United States (the "Class Action Agreement" or "Agreement").

As detailed below, the Class Action Agreement, if approved by the Court, provides substantial compensation to all Class Members. Fiat Chrysler has developed, and EPA and CARB have approved, a modification of the emissions control system software calibration that ensures that the vehicles' emissions are in compliance with the emissions standards to which the vehicles were originally certified. In addition to this software modification, the Class Action Agreement provides Class Members with cash payments, a robust extended warranty, and other non-monetary protections and benefits.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

## 2. DEFINITIONS

As used in this Class Action Agreement, including the attached Exhibits, the terms defined herein have the following meanings, unless this Class Action Agreement specifically provides otherwise.

2.1. "3.0-liter Diesel Matter" means allegations relating to: (1) the installation or presence of any Defeat Device or other auxiliary emission control device in any Model Year 2014-2016 Ram 1500 or Jeep Grand Cherokee vehicle with a 3.0-liter V6 diesel engine ("Subject Vehicle"); (2) the design, manufacture, assembly, testing, or development of any Defeat Device, auxiliary emission control device, emissions control equipment, electronic control units, or emissions software programs, programing, coding, or calibration used or for use in a Subject Vehicle; (3) the marketing or advertisement of the emissions or environmental characteristics or performance of any Subject Vehicle, including as green, clean, clean diesel, environmentally friendly, and/or compliant with state or federal environmental or emissions standards; (4) the actual or alleged noncompliance of any Subject Vehicle with state or federal environmental or emissions standards or with consumer expectations; (5) the marketing or advertisement of the fuel efficiency, fuel economy, mileage, power, or performance of any Subject Vehicle; (6) any badges or EcoDiesel labels on the Subject Vehicles; and/or (7) the subject matter of the Action, as well as any related events or allegations, with respect to Subject Vehicles. Without limiting the foregoing, "3.0-liter Diesel Matter" includes allegations that (i) are related to any Subject Vehicle, (ii) relate to conduct by a Released Party that predates the date of this Class Action Settlement, and (iii) formed the factual basis for a claim that was made or could have been made in the Complaint.

2.2. "Action" means the coordinated class, mass, and individual actions, however named, that are coordinated pursuant to 28 U.S.C. § 1407 in the United States District Court for the Northern District of California in *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, No. 3:17-md-02777-EMC (N.D. Cal.) (MDL 2777) (the "MDL"), except that the Action does not include actions in the MDL brought by or on behalf of federal government agencies, states, municipalities, or state or municipal agencies under state

or local environmental or consumer-protection laws or regulations.

      2.3.   "Approved Emissions Modification" or "AEM" means the Approved Emissions Modification, as defined in Paragraph 23 of the US-CA Consent Decree, a change to the emissions software of an Eligible Vehicle proposed by Fiat Chrysler and approved by the EPA and CARB that reduces emissions and ensures that an Eligible Vehicle is in compliance with Certified Exhaust Emissions Standards, as set forth in the US-CA Consent Decree.

      2.4.   "Authorized Dealer" means any authorized Jeep and/or Ram dealer located in the United States and Puerto Rico as evidenced by a current and valid Dealer Sales and Service Agreement. Authorized Dealers are not Class Members.

      2.5.   "Bosch" means Robert Bosch GmbH and Robert Bosch LLC.

      2.6.   "Bosch's Lead Counsel" means Matthew D. Slater of Cleary Gottlieb Steen & Hamilton LLP.

      2.7.   "Canadian Vehicle" means a Subject Vehicle purchased in Canada but subsequently Registered in the United States. Under the US-CA Consent Decree, Canadian Vehicles are entitled to receive the Approved Emissions Modification. Under this Class Action Agreement, Canadian Vehicles are not eligible for a Class Member Payment, nor are claims related to them released by this Agreement.

      2.8.   "CARB" means the California Air Resources Board.

      2.9.   "Certified Exhaust Emissions Standards" means emissions standards set forth in Paragraph 28 of the US-CA Consent Decree.

      2.10.   "Claim" means the claim of any Class Member or his, her, or its representative submitted on a Claim Form as provided in this Class Action Agreement.

      2.11.   "Claimant" means a Class Member who has completed and submitted a Claim Form and all required documentation, as set forth in more detail in Exhibit 4.

      2.12.   "Claim Form" means the paper or online form used to submit a Claim under this Class Action Agreement.

      2.13.   "Claim Submission Deadline for Eligible Owners and Eligible Lessees" means the latest date by which an Eligible Owner or Eligible Lessee must submit a Claim to participate in

1  the Claims Program.  The Claim Submission Deadline for Eligible Owners and Eligible Lessees

2  is 21 months from the Effective Date.

3      2.14.   "Claim Submission Deadline for Eligible Former Owners and Eligible Former

4  Lessees" means the latest date by which an Eligible Former Owner or Eligible Former Lessee

5  must submit a Claim to participate in the Claims Program.  The Claim Submission Deadline for

6  Eligible Former Owners and Eligible Former Lessees is 90 days from the Effective Date.

7  However, the deadline for Persons who become Eligible Former Owners or Eligible Former

8  Lessees because their Eligible Vehicles are transferred to a third party after January 10, 2019, as a

9  result of a total loss, but before the AEM is performed, is the later of (1) 90 days from the

10  Effective Date, or (2) 60 days after title is transferred (for Eligible Former Owners), or 60 days

11  after surrendering the leased vehicle under the terms of the lease (for Eligible Former Lessees).

12  In no event, however, shall the deadline for such Persons extend beyond the Claim Submission

13  Deadline for Eligible Owners and Eligible Lessees.  The Claim Submission Deadline for Eligible

14  Former Lessees whose leases began on or before January 12, 2017, and who terminate their leases

15  before receiving the AEM is also the later of (1) 90 days from the Effective Date or (2) 60 days

16  after surrendering the leased vehicle under the terms of the lease, but in no event later than the

17  Claim Submission Deadline for Eligible Owners and Eligible Lessees.

18      2.15.   "Claims Administrator" means the third-party agent agreed to by the Parties and

19  appointed by the Court to oversee the Claims process described in Section 5.  The Parties agree

20  that Angeion Group shall serve as Claims Administrator, subject to approval by the Court.

21      2.16.   "Claims Period" means the time period during which Class Members may submit

22  a Claim.  The Claims Period begins on the Effective Date.  For Eligible Former Owners and

23  Eligible Former Lessees, the Claims Period shall end on the Claim Submission Deadline for

24  Eligible Former Owners and Eligible Former Lessees.  For Eligible Owners and Eligible Lessees,

25  the Claims Period shall end on the Claims Submission Deadline for Eligible Owners and Eligible

26  Lessees.

27      2.17.   "Claims Program" means the program through which Class Members may file

28  Claims and, if eligible, obtain benefits under this Class Action Agreement, as described in

- 4 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Exhibit 4. For Eligible Former Owners and Eligible Former Lessees, the Claims Period shall end on the Claim Submission Deadline for Eligible Former Owners and Eligible Former Lessees. For Eligible Owners and Eligible Lessees, the Claims Period shall end on the Claim Submission Deadline for Eligible Owners and Eligible Lessees.

2.18. "Claims Review Committee" or "CRC" means the committee approved by the Court to resolve disputed Claims. The Claims Review Committee also will make final decisions regarding whether vehicles are Operable, as defined herein. The Claims Review Committee will review claims deemed ineligible and appealed by the Claimant, including disputes over the implementation of the Extended Warranty. The Claims Review Committee will include one representative from Fiat Chrysler and one representative from Class Counsel, as well as a "Neutral," to be agreed upon by both Fiat Chrysler and Class Counsel, who would be called upon only to resolve any disagreements between the Claims Review Committee's other members, should they arise. In the event that Fiat Chrysler and Class Counsel cannot agree on a "Neutral" representative, they agree to mediate the issue before the Settlement Master. Subject to Court approval, the Parties may agree to a replacement or successor CRC Neutral at any point. It is anticipated that the Parties will be able to resolve most issues, but the availability of a neutral third party ensures that disputes can be resolved without Court intervention. The Class Counsel representative on the Claims Review Committee will have responsibility for handling CRC communication with Claimants and Claimants' counsel with the assistance of the Claims Administrator. Determinations by the Claims Review Committee will constitute final determinations. Class Members shall not have any right to appeal a decision of the Claims Review Committee to the Court.

2.19. "Class" means, for purposes of this Class Action Settlement only, a nationwide class, including Puerto Rico, of all Persons (this includes individuals who are United States citizens, residents, or United States military, or diplomatic personnel that are living or stationed overseas, as well as entities) who (1) on January 12, 2017 owned or leased a Ram 1500 or Jeep Grand Cherokee 3.0-liter diesel vehicle in the United States or its territories (an "Eligible Vehicle," defined more fully in Section 2.35); or who (2) between January 12, 2017 and the

Claim Submission Deadline for Eligible Owners and Eligible Lessees become the owner or lessee of an Eligible Vehicle in the United States or its territories; or who (3) own or lease an Eligible Vehicle in the United States or its territories at the time of participation in the Repair Program. The Class does not include Authorized Dealers, but does include automobile dealers who are not Authorized Dealers and who otherwise meet the definition of the Class. The following entities and individuals are also excluded from the Class:

    (a)    Owners or lessees who acquired an Eligible Vehicle after January 12, 2017, and transferred ownership or terminated their lease before the Opt-Out Deadline;

    (b)    Owners or lessees who acquired an Eligible Vehicle after January 12, 2017, and transferred ownership or terminated their lease after the Opt-Out Deadline, as a result of a total loss, but before the Claim Submission Deadline for Eligible Owners and Eligible Lessees;

    (c)    Owners who acquired an Eligible Vehicle on or before January 12, 2017, and transferred ownership after January 10, 2019, but before the Opt-Out Deadline, unless ownership was transferred as a result of a total loss;

    (d)    Lessees who leased their Eligible Vehicles on or before January 12, 2017, acquire ownership after January 10, 2019, and transfer ownership before the AEM is performed on the Eligible Vehicle;

    (e)    Owners whose Eligible Vehicle is not Registered in the United States as of the date the AEM is performed;

    (f)    Defendants' officers, directors and employees; Defendants' affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors and employees; and Authorized Dealers and Authorized Dealers' officers and directors;

    (g)    Judicial officers and their immediate family members and associated court staff assigned to this case; and

    (h)    All those otherwise in the Class who or which timely and properly exclude themselves from the Class as provided in this Class Action Agreement.

- 6 -

2.20.  "Class Action Agreement" means this Settlement Agreement and the exhibits attached hereto, including any subsequent amendments or any exhibits to such amendments.  The Class Action Agreement may alternatively be referred to as the "Agreement" or the "Class Action Settlement."

2.21.  "Class Counsel" means Lead Plaintiffs' Counsel and the PSC.

2.22.  "Class Member" means a member of the Class.

2.23.  "Class Member Payment" means the monetary compensation that Defendants shall pay Class Members who do not opt out of the Class and who timely submit a valid and complete Claim, on the conditions set forth in Section 4 and Exhibit 1.  This includes Owner, Lessee, and Former Owner Payments, separately or collectively.

2.24.  "Class Notice Program" means the program for distributing information about the Class Action Settlement to Class Members.

2.25.  "Complaint" means the Second Amended Consolidated Consumer Class Action Complaint (Dkt. No. 310) filed in the Action on May 16, 2018.

2.26.  "Court" means the United States District Court for the Northern District of California, San Francisco Division.

2.27.  "Defeat Device" has the same meaning as in 40 C.F.R. § 86.1803-01 or 42 U.S.C. § 7522(a)(3)(B).

2.28.  "Defendants" means Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., V.M. North America, Inc., Sergio Marchionne and his estate, Robert Bosch GmbH, and Robert Bosch LLC.

2.29.  "DOJ" means the United States Department of Justice.

2.30.  "Effective Date" means the date the Court has entered both the Final Approval Order and the US-CA Consent Decree.

2.31.  "Eligible Former Lessee" means a Person who leased an Eligible Vehicle as of January 12, 2017, and who surrendered or surrenders the leased Eligible Vehicle under the terms of the lease before the Eligible Vehicle receives the AEM.  For the avoidance of doubt, this includes Eligible Former Lessees whose leases are terminated as a result of a total loss before the

1    AEM is performed on the Eligible Vehicle.

2          2.32.  "Eligible Former Owner" means a Person who purchased or otherwise acquired

3    ownership of an Eligible Vehicle on or before January 12, 2017, and then sold or otherwise

4    transferred ownership of such vehicle after that date but on or before January 10, 2019, or a

5    Person who leased an Eligible Vehicle on January 12, 2017 and subsequently acquired ownership

6    of that Eligible Vehicle on or before January 10, 2019, and then sold or otherwise transferred

7    ownership of such vehicle after that date but on or before January 10, 2019.  A Person who

8    purchased or otherwise acquired ownership of an Eligible Vehicle on or before January 12, 2017,

9    but whose vehicle is transferred to a third party after January 10, 2019, as a result of a total loss,

10   but before the Approved Emissions Modification is performed, shall become an Eligible Former

11   Owner.  For avoidance of doubt, a sale or transfer of ownership under this definition includes the

12   transfer of ownership of an Eligible Vehicle to an insurance company.

13         2.33.  "Eligible Lessee" means (1) a Person who leases an Eligible Vehicle when the

14   AEM is performed, or (2) a Person who owns an Eligible Vehicle that was leased as of January

15   10, 2019, except that a Person who owns an Eligible Vehicle will not qualify as an Eligible

16   Owner or Eligible Lessee while the Eligible Vehicle is under lease to any third party, including

17   any Eligible Lessee.  An Eligible Lessee ceases to be an Eligible Lessee if he or she surrenders

18   the leased Eligible Vehicle under the terms of the lease or transfers ownership of the Eligible

19   Vehicle to a third party before the AEM is performed, but an Eligible Lessee who leased the

20   Eligible Vehicle on January 12, 2017, and surrenders the Eligible Vehicle before the AEM is

21   performed becomes an Eligible Former Lessee.  An Eligible Lessee who assigns the lease of that

22   Person's Eligible Vehicle to a third party shall cease to be an Eligible Lessee and shall not

23   become an Eligible Former Lessee.  Instead, the third party to whom the lease is assigned shall

24   become the Eligible Lessee of the Eligible Vehicle and shall assume all the rights and

25   responsibilities under this Agreement of the person who assigned the lease.  In exceptional cases,

26   specific arrangements may be made with the leasing company, in consultation with the Claims

27   Administrator, such that, without canceling or terminating the lease, the leasing company may be

28   treated as an Eligible Lessee and obtain an Approved Emissions Modification plus Lessee

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    Payment.

2         2.34.   "Eligible Owner" means the owner or owners of an Eligible Vehicle who acquired

3    or acquire an Eligible Vehicle before the end of the Settlement Benefit Period, except that the

4    owner of an Eligible Vehicle that was leased as of January 10, 2019, shall not be an Eligible

5    Owner, and may instead be an Eligible Lessee based on the terms of that definition.  An Eligible

6    Owner ceases to be an Eligible Owner if he or she transfers ownership of the Eligible Vehicle to a

7    third party after January 10, 2019.

8         2.35.   "Eligible Vehicle" means the Model Year 2014 through 2016 Ram 1500 and Jeep

9    Grand Cherokee vehicles equipped with 3.0-liter V6 diesel engines that (1) are covered, or

10   purported to be covered, by the EPA Test Groups in the table immediately below this Paragraph;

11   and (2) have not been modified pursuant to an Approved Emissions Modification.  Eligible

12   Vehicle excludes (i) any vehicle that was never sold in the United States or its territories and also

13   excludes (ii) any vehicle that is not Registered in the United States or its Territories as of the date

14   the Approved Emissions Modification is performed, unless the vehicle is owned or leased by

15   individuals who are United States military or diplomatic personnel that are living or stationed

16   overseas.  A vehicle must be Operable to be considered an Eligible Vehicle.

17                              **3.0-liter Diesel Eligible Vehicles**

| Model Year | EPA Test Group(s) | Vehicle Make and Model(s) |
|------------|-------------------|---------------------------|
| 2014 | ECRXT03.05PV | FCA Ram 1500 |
| 2014 | ECRXT03.05PV | FCA Jeep Grand Cherokee |
| 2015 | FCRXT03.05PV | FCA Ram 1500 |
| 2015 | FCRXT03.05PV | FCA Jeep Grand Cherokee |
| 2016 | GCRXT03.05PV | FCA Ram 1500 |
| 2016 | GCRXT03.05PV | FCA Jeep Grand Cherokee |

24        2.36.   "EPA" means the United States Environmental Protection Agency.

25        2.37.   "EPA Test Group" means a subdivision of vehicles set forth in the chart that

26   appears in the definition of Eligible Vehicle above.

27        2.38.   "Escrow Account" means the escrow account managed by the Escrow Agent,

28   which shall be the sole escrow account for compensation of Class Members under the Class

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Action Agreement.

      2.39.  "Escrow Agent" means the agreed-upon entity to address and hold for distribution the funds identified in this Class Action Agreement pursuant to the terms of the Escrow Agreement.  That agreed-upon entity is Citi Private Bank.

      2.40.  "Escrow Agreement" means the agreement by and among Class Counsel, Fiat Chrysler's Lead Counsel, and Bosch's Lead Counsel with respect to the escrow of the funds to be deposited into the Escrow Account pursuant to this Class Action Agreement.

      2.41.  "Extended Warranty" means the warranty described in Section 4.3.1.

      2.42.  "Fairness Hearing" means the hearing held by the Court for the purpose of determining whether to approve this Class Action Agreement as fair, reasonable, and adequate.

      2.43.  "FCA US" means FCA US LLC.

      2.44.  "Fiat Chrysler," "FCA," or "Fiat Chrysler Entities" means Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., and V.M. North America, Inc.

      2.45.  "Fiat Chrysler's Lead Counsel" means Robert J. Giuffra, Jr. of Sullivan & Cromwell LLP.

      2.46.  "Final Approval Order" means the order that may, at the discretion of the Court, be entered by the Court granting final approval of the Class Action Settlement.

      2.47.  "Former Owner Payment" means certain monetary compensation, as set forth in Exhibit 1, that Defendants will pay to Eligible Former Owners of vehicles who do not opt out of the Class and who timely submit a valid and complete Claim, on the conditions set forth in Section 4 and Exhibit 1.

      2.48.  "Lead Plaintiffs' Counsel" means Elizabeth Cabraser of Lieff, Cabraser, Heimann & Bernstein, LLP, who was appointed by the Court on June 19, 2017.

      2.49.  "Lessee Payment" means certain monetary compensation, in an amount set forth in Exhibit 1, that Defendants will pay to Eligible Lessees and Eligible Former Lessees of vehicles who do not opt out of the Class and who timely submit a valid and complete Claim, on conditions set forth in Section 4 and Exhibit 1.

      2.50.  "Long Form Notice" means the Long Form Notice substantially in the form

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    attached hereto as Exhibit 3.

2        2.51.  "Notice Administrator" means the agent or administrator agreed to by the Parties

3    and appointed by the Court to implement and consult on the Class Notice Program.  The Parties

4    agree that Angeion Group shall serve as Notice Administrator, subject to approval by the Court.

5        2.52.  "Operable" means that a vehicle can be driven under its own engine power and is

6    in reasonable condition such that it can be driven lawfully and safely on public roads, even if it

7    has a mechanical issue, under a common-sense understanding of what is an acceptable condition

8    for driving.  An otherwise Eligible Vehicle that has been altered with the use of any after-market

9    emissions-related components, parts, and/or software or the removal of any original emissions-

10   related components, parts, and/or software, if such alteration(s) are likely to substantially affect

11   the operation of the vehicle with the Approved Emissions Modification or substantially impede

12   installation of the Approved Emissions Modification, shall not be considered Operable unless and

13   until the owner of such vehicle, at his or her expense, has reversed the alteration(s) such that the

14   Approved Emissions Modification may be installed and not substantially affected.  Nothing in

15   this definition affects FCA US's obligation to perform the AEM on any and all Subject Vehicles

16   for which an AEM is requested, unless FCA US can refuse to perform the AEM under the terms

17   of Paragraph 38.e of the US-CA Consent Decree.  The Claims Review Committee will be the

18   final decision maker on whether a vehicle is Operable but a determination under this Paragraph

19   that a vehicle is Operable or not Operable does not constitute any determination by EPA or

20   CARB as to whether the emissions system of the vehicle has been modified.

21       2.53.  "Opt-Out Deadline" means the later of April 1, 2019 or 60 days from the date the

22   Class Notice Program begins.

23       2.54.  "Order Approving Notice" means the order that may, at the discretion of the Court,

24   be entered by the Court approving notice to the Class and concluding that the Court will likely be

25   able to approve the Class Action Settlement and certify the proposed Class as outlined in Section

26   3 of this Class Action Agreement.

27       2.55.  "Owner Payment" means certain monetary compensation Defendants will pay to

28   Eligible Owners who do not opt out of the Class and who timely submit a valid and complete

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    Claim, on the conditions set forth in Section 4 and Exhibit 1.

2          2.56.    "Parties" means the Settlement Class Representatives and Defendants,

3    collectively, as each of those terms is defined in this Class Action Agreement.

4          2.57.    "Person" or "Persons" includes individuals and entities such as an automobile

5    dealer that is not an Authorized Dealer.

6          2.58.    "Plaintiffs' Steering Committee" or "PSC" means those counsel appointed to the

7    Plaintiffs' Steering Committee by the Court in this Action on June 19, 2017.  Lead Plaintiffs'

8    Counsel is Chair of the PSC.

9          2.59.    "Post-Appeal Date" means the latest date on which the Final Approval Order

10    approving this Class Action Agreement becomes final.  For purposes of this Class Action

11    Agreement:

12             2.59.1.   if no appeal has been taken from the Final Approval Order, "Post-Appeal

13                       Date" means the date on which the time to appeal therefrom has expired;

14                       or

15             2.59.2.   if any appeal has been taken from the Final Approval Order, "Post-

16                       Appeal Date" means the date on which all appeals therefrom, including

17                       petitions for rehearing or reargument, petitions for rehearing *en banc* and

18                       petitions for a writ of *certiorari* or any other form of review, have been

19                       fully disposed of in a manner that affirms the Final Approval Order; or

20             2.59.3.   if Class Counsel and Defendants agree in writing, the "Post-Appeal Date"

21                       can occur on any other earlier agreed date.

22          2.60.    "Registered" includes vehicles registered with a state Department of Motor

23    Vehicles or equivalent agency, or vehicles owned by a non-Authorized Dealer in the United

24    States or its territories that (a) holds title to the vehicle or (b) holds the vehicle by bill of sale.

25          2.61.    "Release" means the release and waiver described in Section 9 of this Class Action

26    Agreement and in the Final Approval Order.  In addition, Class Members who participate in the

27    Repair Program will execute a coextensive "Individual Release" as described in Section 9 of this

28    Class Action Agreement, and that Individual Release will remain valid even if the Final Approval

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Order is later reversed and/or vacated on appeal.

2.62. "Released Party" or "Released Parties" has the definition set forth in Section 9 of this Class Action Agreement.

2.63. "Repair Program" means the recall program specified in Section VI.B of the US-CA Consent Decree to implement the Approved Emissions Modification during the Settlement Benefit Period, pursuant to this Class Action Agreement.

2.64. "Sergio Marchionne" means Sergio Marchionne, his estate and his executors.

2.65. "Settlement Benefit Period" means the time period during which Class Members may obtain benefits under the Class Action Settlement, excluding any benefits available under the warranty provisions provided in the Class Action Settlement, which are identical to the warranty provisions in the US-CA Consent Decree and which shall be available for the duration and under the terms specified in the US-CA Consent Decree and Exhibit 1. The Settlement Benefit Period shall run from the Effective Date until two years after the Effective Date.

2.66. "Settlement Class Representative" means a Plaintiff who meets the Class definition set forth in Section 2.19 of this Class Action Agreement, and who has agreed to represent the Class for purposes of obtaining approval of, and effectuating, this Class Action Agreement, as listed in the moving papers submitted for the motion for an Order Approving Notice.

2.67. "Settlement Master" means Kenneth Feinberg, who was appointed by the Court to serve as Settlement Master to administer, coordinate, and preside over settlement-related proceedings.

2.68. "Settlement Website" means the public website that provides information and key filings regarding the Class Action Settlement, including FAQs. Class Members will be able to access a "Claims Portal" on the Settlement Website. The Settlement Website also will allow Class Members to obtain a description of the Repair Program and to complete and submit an online Claim Form. The Settlement Website shall be maintained by Fiat Chrysler in consultation with Lead Plaintiffs' Counsel, Bosch's Lead Counsel, and the Notice and Claims Administrator. Any disputes as to the content and/or form the Settlement Website shall be resolved by the

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Settlement Master.

2.69.   "Short Form Notice" means the Short Form Notice(s) substantially in the form as attached hereto as Exhibit 2.

2.70.   "Subsequent Purchaser/Lessee Opt-Out Deadline" means the Claim Submission Deadline for Eligible Owners and Eligible Lessees, or 60 days from the date of purchase or lease, whichever is later.  This deadline applies only to Persons who purchase or lease an Eligible Vehicle on or after the Opt-Out Deadline but before the Claim Submission Deadline for Eligible Owners and Eligible Lessees.  For all other Persons, the deadline to opt out of the Class is the Opt-Out Deadline.

2.71.   "US-CA Consent Decree" means the consent decree lodged with the Court on or about January 10, 2019, as agreed by (1) the United States on behalf of the Environmental Protection Agency; and (2) the People of the State of California, by and through CARB and the Attorney General of California; and (3) Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., and V.M. North America, Inc., resolving certain aspects of the disputes between those parties on the terms described therein.  If the Court approves the consent decree, "US-CA Consent Decree" shall mean the decree as and in the form that it is ultimately approved and entered by the Court.

2.72.   Other capitalized terms used in this Class Action Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Class Action Agreement.

2.73.   The terms "he or she" and "his or her" include "it" or "its" where applicable.

## 3.   ORDER APPROVING NOTICE

3.1.   Promptly after this Agreement is signed, but by no later than January 10, 2019, the Parties shall file the Agreement with the Court, together with a Motion to Approve Notice to the Class.  Simultaneously, the Settlement Class Representatives shall move for certification of the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a), 23(b)(3), and 23(e).  It is expressly agreed that any certification of the Class shall be for settlement purposes only, and Defendants do not waive any arguments that they may have that class certification for any other purpose would be improper.

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

3.2.     The Parties agree to take all actions and steps reasonably necessary to obtain an Approval Order from the Court and to fully implement and effectuate this Class Action Settlement.

**4.     CLASS MEMBER COMPENSATION AND REMEDIES**

4.1.     **Overview of Benefits.**  The Class Action Agreement provides substantial compensation and remedies to owners and lessees, as detailed in this Section and in Exhibit 1 (Class Member Benefits).  The compensation described in this Section is available only to Class Members who do not opt out.

4.2.     **Approved Emissions Modification Program.**

    4.2.1.     **Approved Emissions Modification.**  All owners of Subject Vehicles, including Eligible Owners and Eligible Lessees who own or lease an Eligible Vehicle, are eligible to receive an Approved Emissions Modification, as specified in the US-CA Consent Decree.  Class Members whose Eligible Vehicles are repaired, who submit timely and complete Claims, and who do not exclude themselves from the Class Action Settlement, will also receive an Owner Payment or Lessee Payment, as applicable, described below and in Exhibit 1.

    4.2.2.     **Owner Payment.**  Eligible Owners who receive an Approved Emissions Modification are entitled to an Owner Payment.  The Owner Payment will be **$3,075**, unless an Eligible Former Owner or Eligible Former Lessee timely files a valid Claim for that same vehicle, in which case, the Owner Payment will be **$2,460.**    Full details on Owner Payments can be found in paragraph 2 of Exhibit 1.

    4.2.3.     **Former Owner Payment**.  Eligible Former Owners will be entitled to a Former Owner Payment.  The Former Owner Payment is **$990**.  Class Members whose Eligible Vehicles (1) are damaged after January 12, 2017 and before January 10, 2019, in a manner that renders them a total loss (*i.e.*, "totaled"), and (2) are transferred to an insurance company or

1       otherwise sold to a junkyard, salvage dealer, or the equivalent, shall be

2       treated as Eligible Former Owners and offered a Former Owner Payment.

3       To obtain a Former Owner Payment, Eligible Former Owners must

4       complete a claim by the Claim Submission Deadline for Eligible Former

5       Owners and Eligible Former Lessees or, in the event that their Eligible

6       Vehicle is totaled after the Claim Submission Deadline for Eligible

7       Former Owners and Eligible Former Lessees, complete a claim within 60

8       days of the date they transfer title of the Eligible Vehicle (but no later

9       than the Claim Submission Deadline for Eligible Owners and Eligible

10      Lessees).  All disputes concerning whether a claim made under this

11      paragraph is timely will be adjudicated by the CRC.  Full details on

12      Former Owner Payments can be found in paragraph 3 of Exhibit 1.

13  4.2.4.  **Lessee Payment.**  Eligible Lessees who receive an Approved Emissions

14      Modification and Eligible Former Lessees who submit a timely and

15      complete Claim will be entitled to a Lessee Payment.  The Lessee

16      Payment is $**990**.  For the purposes of this paragraph, the lessor of an

17      Eligible Vehicle does not "receive an Approved Emissions Modification"

18      if the Eligible Vehicle is surrendered under the terms of the lease to an

19      Authorized Dealer and an Authorized Dealer then applies the Approved

20      Emissions Modification before another person takes possession of the

21      vehicle.  Full details on Lessee Payments can be found in paragraphs 4

22      and 5 of Exhibit 1.

23  4.2.5.  Notwithstanding any other provision herein, the Parties agree that the

24      Defendants shall not pay to Eligible Owners and Eligible Former Owners

25      and Eligible Lessees and Eligible Former Lessees more than 100% of the

26      maximum amount allocated for any specific Eligible Vehicle under the

27      terms of this Class Action Agreement.  For the avoidance of doubt, the

28      Parties agree that this is a claims-made settlement, meaning that

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    Defendants must make payments only up to the maximum amount for any

2    Eligible Vehicle under the terms of this Class Action Agreement.

3    4.2.6.    In accordance with paragraph 48 of the US-CA Consent Decree, this

4    Section (4.2) is intended to comply with paragraph 37 of the US-CA

5    Consent Decree (Establishment of a Recall Program), and to substitute for

6    those consumer-facing obligations for Fiat Chrysler in paragraph 37 of

7    the US-CA Consent Decree.

8    4.3.    **Warranty Obligations.**

9    4.3.1.    <u>Extended Warranty</u>. Fiat Chrysler shall provide an extended warranty for

10    each Eligible Vehicle that receives the Approved Emissions Modification,

11    known as the "Extended Warranty," and provide a copy of the Extended

12    Warranty to each Eligible Owner and Eligible Lessee at the time of the

13    Approved Emissions Modification.  The Extended Warranty under the

14    Class Action Agreement, including all terms described in Section 4.3 of

15    this Agreement and Exhibit 1, is identical to the terms negotiated and

16    agreed to by Fiat Chrysler in paragraph 45 of the US-CA Consent Decree.

17    4.3.2.    Other Warranty-Related Terms.  The following warranty-related terms

18    below (subparts (a)-(h)) also are provided to Class Members under the

19    Class Action Agreement.  Paragraphs (a) through (i) are identical to the

20    terms agreed to by Fiat Chrysler in paragraph 45 of the US-CA Consent

21    Decree.

22    (a)    Fiat Chrysler shall not impose on consumers any fees or charges (and must pay

23    any fees or charges imposed on consumers by any Dealer (as defined in paragraph

24    8(z) of the US-CA Consent Decree) in accordance with the applicable franchise

25    agreements with such Dealers) related to the warranty service.  Fiat Chrysler shall

26    take all measures necessary to reimburse Eligible Owners and Eligible Lessees in

27    the event that the scope of warranty coverage described in this Section, Exhibit 1

28

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    hereto, and paragraph 45 of the US-CA Consent Decree, is limited by any service

2    writer's discretion.

3         (b)  <u>Modification of the Extended Warranty</u>.  In addition to the warranty

4    coverage described in Exhibit 1, Fiat Chrysler shall expand the

5    warranty coverage to include additional parts or service associated

6    with the Approved Emissions Modification if alterations or updates

7    are made to the Approved Emissions Modification either in

8    accordance with paragraph 31 of the US-CA Consent Decree or

9    through a modification of the US-CA Consent Decree in

10   accordance with Section XVII (Modification).  Fiat Chrysler

11   reserves the right to invoke Dispute Resolution under Section X

12   (Dispute Resolution) of the US-CA Consent Decree if, after

13   consultation with EPA and CARB, the Parties are unable to agree

14   on the need for or scope of any modification of the Extended

15   Warranty under this Paragraph.  In the event that the Extended

16   Warranty is modified pursuant to this Paragraph, the modified

17   Extended Warranty shall apply to all affected Eligible Vehicles that

18   have received or will receive the Approved Emissions

19   Modification.

20        (c)  <u>Extended Warranty Period</u>.  For all Eligible Vehicles that receive

21   the Approved Emissions Modification on or before the Recall

22   Target Deadline (as defined in paragraph 37 of the US-CA Consent

23   Decree), the Extended Warranty Period (as defined in paragraph 45

24   of the US-CA Consent Decree) shall be the greater of (i) 10 years

25   from the date of initial sale or 120,000 actual miles on the vehicle

26   odometer, whichever comes first; and (ii) 4 years or 48,000 miles,

27   from date and mileage of installing the Approved Emissions

28   Modification on the vehicle, whichever comes first.  For any

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    Eligible Vehicle that receives the Approved Emissions

2    Modification after the Recall Target Deadline, the Extended

3    Warranty Period shall be as described in this Section, but in no

4    event shall the Extended Warranty apply to or provide any coverage

5    for the Eligible Vehicle after May 1, 2029. In the event that an

6    Eligible Vehicle that has received the Approved Emissions

7    Modification is resold, the remaining Extended Warranty Period, if

8    any, is transferable to subsequent purchasers and shall continue

9    through the date or mileage determined in this Paragraph for the

10   benefit of such subsequent purchasers.

11           (d)    <u>Buyback and Lease Termination Remedies</u>.  In addition to any

12   protections provided by applicable law (including those referenced

13   in subparagraph 45.e. of the US-CA Consent Decree), Fiat Chrysler

14   must provide a Buyback or Lease Termination to any Eligible

15   Owner or Eligible Lessee of an Eligible Vehicle that receives the

16   Approved Emissions Modification in the event that, during the 18

17   months or 18,000 miles (whichever comes first) following the

18   completion of the Approved Emissions Modification (the "Remedy

19   Period"), Fiat Chrysler fails to repair or remedy a confirmed failure

20   or malfunction covered by the Extended Warranty and associated

21   with the Approved Emissions Modification (a "Warrantable

22   Failure") after the Eligible Owner or Eligible Lessee physically

23   presents the Eligible Vehicle to a Dealer for repair of the

24   Warrantable Failure; and (1) the Warrantable Failure is unable to be

25   remedied after making four separate service visits to the same

26   Dealer for the same Warrantable Failure during the Remedy Period;

27   or (2) the Eligible Vehicle with the Warrantable Failure is out-of-

28   service due to the Warrantable Failure for a cumulative total of

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

thirty (30) days during the Remedy Period, not including any days when the Dealer returns or otherwise tenders the Eligible Vehicle to the customer while the Dealer awaits necessary parts and such vehicle remains Operable.

(e)     Preservation of Remedies.  The Extended Warranty shall be subject to any remedies provided by state or federal laws, such as the Magnuson-Moss Warranty Act, that provide consumers with protections, including without limitation "Lemon Law" protections, with respect to warranties.

(f)     Warranty Database for Consumers.  For ten (10) years following the Effective Date, Fiat Chrysler shall maintain a database by which users, including Eligible Owners, Eligible Lessees, and prospective purchasers, may conduct a free-of-charge search by vehicle VIN to determine whether the vehicle has received an Approved Emissions Modification and whether the Extended Warranty and any additional warranty extension(s) (as described in Paragraphs 45 and 86.k. of the US-CA Consent Decree) applies to the specific vehicle. Fiat Chrysler must provide the VINs for all such vehicles to the PSC within fifteen (15) Days of the PSC's request.

(g)     Warranty Database for Dealers.  For twenty (20) years following the Effective Date, Fiat Chrysler shall maintain a database or other communications system that includes all Subject Vehicles, by which Dealers may search by vehicle VIN to determine whether the Extended Warranty and any additional warranty extension(s) apply to a specific Eligible Vehicle.  Fiat Chrysler shall establish procedures such that the vehicle VIN shall dictate component or system coverage.  Such procedures shall include a feature by which Dealers may enter an identification number or other code for any

- 20 -

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1                    part pertaining to an Eligible Vehicle and determine whether such

2                    part is covered by the Extended Warranty.

3         (h)     <u>Continued Service for Unmodified Vehicles</u>.  For Eligible Owners

4                    and Eligible Lessees who decline to receive the Approved

5                    Emissions Modification for an Eligible Vehicle, Fiat Chrysler must

6                    continue to service such Eligible Vehicle in accordance with

7                    existing applicable federal and state law warranty provisions

8                    (including any exclusions for modified parts, components, and

9                    software), consistent with paragraph 45.h. of the US-CA Consent

10                  Decree.

11        4.3.3.    <u>Warranty Disputes</u>.  The Claims Review Committee shall adjudicate

12                  disputes regarding any eligibility for Extended Warranty claims in

13                  accordance with the US-CA Consent Decree.

14        4.3.4.    In accordance with paragraph 48 of the US-CA Consent Decree, this

15                  Section (4.3) is intended to comply with paragraph 45 of the US-CA

16                  Consent Decree (Extended Warranty), and to substitute for those

17                  consumer-facing obligations for Fiat Chrysler in paragraph 45 of the US-

18                  CA Consent Decree.

19     4.4.    **Other Incorporated Warranties.**  The Parties incorporate all warranties and

20 Lemon Law provisions set forth in paragraph 45 of the US-CA Consent Decree as material terms

21 of this Class Action Settlement.

22     4.5.    **Approved Emissions Modification Disclosure.**  As set forth in the US-CA

23 Consent Decree, FCA US shall provide Eligible Owners, Eligible Lessees, and, as applicable,

24 prospective purchasers of Subject Vehicles with a clear and accurate written disclosure as

25 approved in the sole discretion of the EPA and CARB (the "Approved Emissions Modification

26 Disclosure") regarding the impacts of the Approved Emissions Modification on an Eligible

27 Vehicle.  The Approved Emissions Modification Disclosure shall also be made available online

28 by FCA US through the Settlement Website, which will, among other things, display the

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Approved Emissions Modification Disclosure applicable to a specific vehicle when a user inputs the Vehicle Identification Number ("VIN"). This online access shall continue for a minimum of ten (10) years after the US-CA Consent Decree is entered. As described more fully in the US-CA Consent Decree, the Approved Emissions Modification Disclosure will describe in plain language: (1) the Approved Emissions Modification and related software changes; (2) a clear explanation of each subsequent service action required by the Approved Emissions Modification, if any; (3) any and all reasonably predictable changes resulting from the Approved Emissions Modification, including but not limited to changes to reliability, durability, fuel economy, noise, vibration, vehicle performance, drivability, diesel exhaust fluid ("DEF") consumption, and any other vehicle attributes that may reasonably be important to vehicle owners; (4) a basic summary of how Class Members can obtain the Approved Emissions Modification; (5) system limitations that make identification and repair of any components difficult or even impossible, compromise warranty coverage, or may reduce the effectiveness of inspection and maintenance program vehicle inspections; and (6) any other disclosures required under the terms of the US-CA Consent Decree.

4.6.     **No Prohibition on Other Incentives.**  Nothing in this Class Action Agreement is intended to prohibit Fiat Chrysler from offering any consumer any further incentives in addition to those provided herein; however, Fiat Chrysler may not offer Class Members other incentives in lieu of the options contained herein, in whole or in part, or any incentive not to participate in the Repair Program.  Likewise, Fiat Chrysler shall request that Authorized Dealers not offer any incentive not to participate in the Repair Program.

4.7.     **Disposition of Returned Vehicles.**  As set forth more fully in paragraph 46 of the US-CA Consent Decree, unmodified Eligible Vehicles returned to Fiat Chrysler must receive the Approved Emissions Modification before they may be resold in the United States.

4.8.     **Telephone Call Center.**  FCA US shall establish a telephone call center to address Class Member inquiries.  The Parties will agree as to what information will be provided by the telephone call center to inquiring Class Members.  FCA US shall staff the call center with enough operators to ensure that Class Member hold time will be minimal, and in any event no more than

1    five minutes on average. In accordance with paragraph 48 of the US-CA Consent Decree, this

2    Paragraph (4.8) is intended to comply with paragraph 38.c. of the US-CA Consent Decree (Call

3    Center and Online Support), and to fulfill those consumer-facing obligations for Fiat Chrysler in

4    paragraph 38.c. of the US-CA Consent Decree.

5        4.9.    **Responsibility for Required Payments by Fiat Chrysler.**  FCA US shall bear

6    the ultimate responsibility for all required payments owed by Fiat Chrysler under this Class

7    Action Agreement on a claims-made basis, as described herein.  Fiat Chrysler's obligations of the

8    Class Action Agreement apply to, and are binding upon, the Fiat Chrysler Entities and any of Fiat

9    Chrysler's successors, assigns, or other entities or persons otherwise bound by law.  FCA US

10   bears the ultimate responsibility for making all payments owed by Fiat Chrysler, including, but

11   not limited to, all costs and warranties associated with the Claims Program.  Further, FCA US

12   shall be jointly and severally responsible to implement all repair requirements described herein.

13   Any legal successor or assign of FCA US shall assume FCA US's liability and remain jointly and

14   severally liable for the payment and other performance obligations herein.  FCA US shall include

15   an agreement to so remain liable in the terms of any sale, acquisition, merger, or other transaction

16   changing the ownership or control of any of its successors or assigns.  No change in the

17   ownership or control of any such entity shall affect the obligations herein of FCA US without

18   modification of the Class Action Agreement.

19       4.10.    **Responsibility for Required Payments by Bosch.** Bosch's obligations under this

20   Class Action Agreement are limited solely to the payment of not more than $27.5 million in

21   accordance with Section 10 of this Class Action Agreement, and such further amount for

22   attorney's fees, if any, as may be ordered as provided under this Class Action Agreement.  Robert

23   Bosch GmbH shall bear the ultimate responsibility for Bosch's payment obligations under this

24   Class Action Agreement. Bosch's obligations under the Class Action Agreement apply to, and are

25   binding upon, Robert Bosch GmbH and Robert Bosch LLC and any successors, assigns, or other

26   entities or persons otherwise bound by law to satisfy their obligations.

27       4.11.    **Tax Implications.**  Class Members should consult their personal tax advisor for

28   assistance regarding any tax ramifications of this Class Action Settlement.  Neither the PSC nor

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Defendants and their counsel are providing any opinion or advice as to the tax consequences or liabilities of Class Members as a result of any payments or benefits under this Class Action Settlement.

4.12.   **Settlement Value.**  This is a claims-made settlement.  The estimated maximum aggregate value of the monetary component of this Class Action Settlement is $307,460,800, if every Class Member participates in the Settlement by filing a timely and valid Claim.  The estimated per-vehicle cost to Fiat Chrysler of the warranty components of this Class Action Settlement is approximately $1,050.  This Class Action Settlement is specifically designed, in conjunction with the US-CA Consent Decree, to incentivize and to facilitate the achievement of a minimum claims rate of 85%, and the parties are committed to achieving the highest claims rate possible in connection with this Class Action Settlement.

4.13.   **Deceased, Divorced, Dissolved, or Bankrupt Claim Members.**  Nothing in the Class Action Agreement shall prevent Class benefits from being provided, upon appropriate proof, to, or for the benefit of, an otherwise eligible Class Member, or that Class Member's estate or legal representative, notwithstanding that Class Member's death, divorce, dissolution, or bankruptcy (whether discharged or ongoing), in accordance with applicable law.

## 5.   CLASS CLAIMS PROCESS AND ADMINISTRATION

5.1.   **Claims Program.**  As described in detail in Exhibit 4 to this Settlement Agreement, the Claims Program involves multiple steps depending on a Class Member's status.  The process for submitting a Claim is designed to be as simple and convenient to Class Members as possible, consistent with the integrity of the Claims Program.

5.2.   While the Approved Emission Modification and Extended Warranty are benefits available under the Class Action Settlement and the US-CA Consent Decree, all owners and lessees of Subject Vehicles are entitled to an Approved Emissions Modification starting 15 days after the Effective Date of the US-CA Consent Decree, regardless of whether they participate in this Claims Program.  Under the US-CA Consent Decree, all owners and lessees who receive the Approved Emissions Modification also are entitled to the Extended Warranty, under the terms set forth in paragraph 45 of the US-CA Consent Decree and, for Class Members, the terms set forth

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1   in Section 4 of the Class Action Agreement. Nothing in the Class Action Agreement is intended

2   to impose any requirements or conditions that must be met in order for Class Members to receive

3   the Approved Emissions Modification or the Extended Warranty. Nothing in the Class Action

4   Agreement limits Class Members from receiving an Approved Emissions Modification from an

5   Authorized Dealer. However, the Claims Program described in this Class Action Agreement

6   shall be the exclusive process for submitting a claim for a Class Member Payment, and neither

7   FCA nor any Authorized Dealer shall require or request an Individual Release for an Approved

8   Emissions Modifications performed on an Eligible Vehicle for which no Claim has been

9   submitted pursuant to this Class Action Agreement.

10      5.3.    The Claims Program involves six steps. At **Step 1**, each Class Member will

11  receive information about the Approved Emissions Modification. At **Step 2**, the Class Member

12  will submit a Claim Form online or by mail that contains certain information about his or her

13  Eligible Vehicle along with required documentation. Eligible Former Owners and Eligible

14  Former Lessees must submit a complete and valid Claim within 90 days of the Court's Final

15  Approval Order to receive benefits under this Class Action Agreement. At **Step 3**, the Class

16  Member's document package and information will be reviewed for completeness and eligibility.

17  At **Step 4**, FCA US will extend an offer if the Class Member is eligible. At **Step 5** the Class

18  Member may accept the offer. At **Step 6**, Eligible Owners and Eligible Lessees promptly will

19  receive their Class Member Payments after FCA US receives proof that they have received an

20  Approved Emissions Modification. For Eligible Former Owners and Eligible Former Lessees,

21  the Class Member will receive their Class Member Payment after they accept the offer.

22      5.4.    **Claim Form Submissions after Completion of Approved Emissions**

23  **Modifications.** An Eligible Owner or Eligible Lessee who receives an Approved Emissions

24  Modification for his or her Eligible Vehicle prior to completing any of the six steps identified in

25  Paragraph 5.3 will still be eligible for the Class Member Payment if that Eligible Owner or

26  Eligible Lessee submits a Claim Form by the Claim Submission Deadline for Eligible Owners

27  and Eligible Lessees and completes the remaining steps in the Claims Program.

28      5.5.    **Loaner Vehicle.** FCA US will provide a loaner vehicle at no cost to the Eligible

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Owner/Lessee for any Approved Emissions Modification that is scheduled to take longer than three hours or that is not complete within three hours of the scheduled start of the appointment. Class Members who receive a loaner vehicle under this provision will have 24 hours to return the vehicle from the time Fiat Chrysler notifies them that the Approved Emissions Modification is complete.

5.6. **Claims Administrator.**  Based on information and documents collected from Class Members by FCA US, the Claims Administrator will oversee the implementation and administration of the Claims Program.  The Claims Administrator's duties include, but are not limited to (1) receiving and maintaining on behalf of the Court any Class Member correspondence regarding requests for exclusion and/or objections to the Settlement as well as correspondence sent to the Claims Review Committee; (2) forwarding written inquiries to Class Counsel or its designee for a response, if warranted; and (3) preparing periodic reports on the progress and status of the Claims Program, as set forth in Section 5.7.  All reasonable and necessary costs of claims administration and the fees and costs of the Claims Administrator shall be borne exclusively by FCA US.

5.7. **Reporting.**  The Claims Administrator will prepare periodic reports on the progress and status of the Claims Program, as required by paragraphs 47 and 49 of the US-CA Consent Decree.  The Claims Administrator shall provide reports to the Parties, and, as required by paragraphs 47 and 49 of the US-CA Consent Decree, shall do so on a monthly basis for the first year after the Effective Date and quarterly thereafter, and shall provide a final report within 21 days of the final distribution of settlement funds to Class Members.  These reports will include information sufficient to allow the Court and the Parties to assess the Claims Program's progress.

5.8. **The Court's Ongoing and Exclusive Jurisdiction.**  The Court retains the ongoing and exclusive jurisdiction and independent case management authority, as MDL Transferee Judge and under Federal Rule of Civil Procedure 23, regarding the general operation of the Claims Program and those appointed to implement and oversee it.

**6.  REQUESTS FOR EXCLUSION**

6.1. **Manner of Opting Out.**  The Class Notice Program will provide instructions

- 26 -

1    regarding the procedures that must be followed to opt out of the Class pursuant to Fed. R. Civ. P.

2    23(c)(2)(B)(v).  The Parties agree that, to opt out validly from the Class, a Class Member must

3    personally sign (electronic signatures, including Docusign, are invalid and will not be considered

4    personal signatures) and send a written request to opt out stating "I wish to exclude myself from

5    the Class in *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, And Products

6    Liability Litigation*, No. 17-md-02777," (or substantially similar clear and unambiguous

7    language) to the Claims Administrator on or before the Opt-Out Deadline (postmarked or emailed

8    no later than the Opt-Out Deadline), or for Persons who purchase or lease an Eligible Vehicle on

9    or after the Opt-Out Deadline but before the Claim Submission Deadline for Eligible Owners and

10   Eligible Lessees, on or before the Subsequent Purchaser/Lessee Opt-Out Deadline (postmarked or

11   emailed no later than the Subsequent Purchaser/Lessee Opt-Out Deadline).  The Class Member

12   must either (i) mail the signed written request to a physical address to be provided by Fiat

13   Chrysler; or (ii) e-mail a complete and legible scanned copy or photograph of the signed written

14   request to an email address to be provided by Fiat Chrysler.  That written request must include the

15   Class Member's name, address, telephone number, and VIN of the Eligible Vehicle forming the

16   basis of the Class Member's inclusion in the Class, a statement as to whether the Class Member

17   owns/owned or leases/leased the Eligible Vehicle, and the date(s) of the Class Member's

18   ownership or lease of the Eligible Vehicle (i.e., start date and, if applicable, end date of

19   possession).  For any Class Member who no longer owns or leases an Eligible Vehicle, evidence

20   that the vehicle was sold or that the lease expired or was terminated also must be provided to

21   validly opt out of the Class Action Settlement Agreement.  The Parties retain discretion to

22   determine whether any opt-out request substantially complies with the requirements above.  The

23   Claims Administrator will provide copies of all opt-out requests to Lead Plaintiffs' Counsel, Fiat

24   Chrysler's Lead Counsel, and Bosch's Lead Counsel within seven days of the receipt of each

25   such request.  Opt-out requests that are signed by an attorney but not by the Class Member are

26   invalid.

27       6.2.    **Consequences of Failure to Opt Out in a Timely and Proper Manner.**  All

28   Class Members who do not timely and properly opt out of the Class will in all respects be bound

1    by all terms of this Class Action Agreement and the Final Approval Order upon the Effective

2    Date.

3           6.3.    **Opting Out and Objecting Are Mutually Exclusive Options.**  Any Class

4    Member who elects to opt out pursuant to this Section may not also object to the Settlement.  Any

5    Class Member who elects to object pursuant to Section 7 herein may not also opt out pursuant to

6    this Section.

7    **7.     OBJECTIONS TO THE SETTLEMENT**

8           7.1.    **Manner of Objecting.**  The Class Notice Program will provide instructions

9    regarding the procedures that must be followed to object to the Settlement pursuant to Federal

10   Rule of Civil Procedure 23(e)(5).  Provided that a Class Member has not submitted a written

11   request to opt out, as set forth in Section 6, the Class Member may present written objections, if

12   any, explaining why he or she believes the Class Action Settlement should not be approved by the

13   Court as fair, reasonable, and adequate.  No later than such date as is ordered by the Court, a

14   Class Member who wishes to object to any aspect of the Class Action Settlement must file with

15   the Court, or as the Court otherwise may direct, a written statement of the objection(s).  The

16   written statement of objection(s) must include a detailed statement of the Class Member's

17   objection(s), as well as the specific reasons, if any, for each such objection, including any

18   evidence and legal authority the Class Member wishes to bring to the Court's attention.  That

19   written statement also will contain the Class Member's printed name, address, telephone number,

20   and VIN of the Eligible Vehicle forming the basis of the Class Member's inclusion in the Class,

21   the dates of the Class Member's ownership or lease of the Eligible Vehicle, a statement as to

22   whether the Class Member is an Eligible Owner, Eligible Lessee, Eligible Former Owner, or

23   Eligible Former Lessee, a statement that the Class Member has reviewed the Class definition and

24   has not opted out of the Class, and any other supporting papers, materials, or briefs the Class

25   Member wishes the Court to consider when reviewing the objection.

26          7.2.    **Objecting Through Counsel.**  A Class Member may object on his or her own

27   behalf or through a lawyer hired at that Class Member's own expense, provided the Class

28   Member has not submitted a written request to opt out, as set forth in Section 6.  The objection

- 28 -

must state whether it applies only to the objector, to a specific subset of the Class, or to the entire

Class, and also state with specificity the grounds for the objection. Lawyers asserting objections

on behalf of Class Members must: (1) file a notice of appearance with the Court by the date set

forth in the Order Approving Notice and Class Certification Order, or as the Court otherwise may

direct; (2) file a sworn declaration attesting to his or her representation of each Class Member on

whose behalf the objection is being filed or file (in camera) a copy of the contract between that

lawyer and each such Class Member; and (3) comply with the procedures described in this

Section. Lawyers asserting objections on behalf of Class Members also must file a sworn

declaration that specifies the number of times during the prior five-year period they have objected

to a class action settlement on their own behalf or on behalf of a class member.

7.3.     **Intent to Appear at the Fairness Hearing.**  A Class Member (or counsel

individually representing him or her, if any) seeking to make an appearance at the Fairness

Hearing must file with the Court, by the date set forth in the Order Approving Notice, a written

notice of his or her intent to appear at the Fairness Hearing, in accordance with the requirements

set forth in the Order Approving Notice, or by such time and in such manner as the Court may

otherwise direct.

7.4.     **Consequences of Failure to Object in a Timely and Proper Manner.**  Unless

the Court directs otherwise, any Class Member who fails to comply with the provisions of this

Section will waive and forfeit any and all rights he, she, or it may have to object to the Class

Action Settlement and/or to appear and be heard on said objection at the Fairness Hearing.

Failure to object waives a Class Member's right to appeal.

**8.     DUTIES OF THE NOTICE AND CLAIMS ADMINISTRATOR**

8.1.     The Notice and Claims Administrator shall be responsible for, without limitation:

(1) printing, mailing by First-Class U.S. Mail, postage paid, or arranging for the mailing of,

and/or e-mailing of, the Short Form Notice (attached as Exhibit 2); (2) updating Class Member

address information prior to mailing using the National Change of Address (NCOA) system; (3)

handling returned notice-related mail not delivered to Class Members; (4) attempting to obtain

updated address information for any Short Form Notices returned without a forwarding address;

(5) responding to requests for Long Form Notice packages; (6) establishing a post-office box for the receipt of any correspondence; (7) responding to requests from Class Counsel, Fiat Chrysler's Lead Counsel, or Bosch's Lead Counsel; (8) assisting in the creation of Notice-related content for the Settlement Websites to which Class Members may refer for information about the Action and the Class Action Settlement; (9) otherwise implementing and/or assisting with the dissemination of the notice of the Class Action Settlement; (10) consulting on the Settlement Website during the Settlement Benefit Period; (11) processing and issuing the Class Member Payments from the Escrow Account in accordance with the allocation plan between funds contributed by FCA US and Bosch; and (12) auditing 10% of submitted Claims, chosen at random.

8.2.    The Notice Administrator shall be responsible for arranging for the publication of notice, establishing Internet banner notifications, and for consulting on other aspects of the Class Notice Program including, but not limited to, media outreach, including advertisements, in national newspapers, trade publications, and the Internet. The print advertisements will be substantially similar to the Short Form Notice.

8.3.    **Additional Notices.**  At least 180 days prior to the end of the Settlement Benefit Period, FCA US shall send (or cause to be sent) a notice of reminder ("Reminder Notice") to reasonably identifiable Class Members that have not submitted a claim, opted out of the Class Action Settlement, or missed an applicable Claim Submission Deadline.  The Reminder Notice shall inform such Class Members of the deadlines to submit a claim in order to receive benefits pursuant to this Class Action and shall direct them to the Settlement Website.  At least 120 days prior to the end of the Settlement Benefit Period, FCA US shall send (or cause to be sent) to those Class Members who have not yet submitted a claim, opted out pursuant to this Settlement Agreement, or missed an applicable Claim Submission Deadline another Reminder Notice.  The Reminder Notices shall be sent by First Class U.S. Mail, postage paid, or by email.

8.4.    All reasonable and necessary costs of the Class Notice Program and the fees and costs of the Notice Administrator shall be borne exclusively by FCA US.

8.5.    Within two days of the issuance of the Order Approving Notice, FCA US shall transfer or pay to the Notice Administrator an amount sufficient to cover the initial costs of the

- 30 -

1    Class Notice Program.

2          8.6.    The Notice Administrator may retain one or more persons to assist in the

3    completion of his or her responsibilities.

4          8.7.    At the earliest practicable time, Defendants shall send to each appropriate state and

5    federal official the materials specified in 28 U.S.C. § 1715 and otherwise comply with its terms.

6    The identities of such officials and the content of the materials shall be mutually agreed to by the

7    Parties.

8          8.8.    Not later than ten (10) days before the date of the Fairness Hearing, the Notice

9    Administrator shall file with the Court a list of those persons who have opted out or excluded

10   themselves from the Settlement.  The Notice Administrator shall file with the Court the details

11   outlining the scope, method and results of the Class Notice Program.

12         8.9.    The Claims Administrator and the Parties shall promptly after receipt provide

13   copies of any requests for exclusion, objections and/or related correspondence to each other.

14         8.10.   In accordance with paragraph 48 of the US-CA Consent Decree, this Section 8 is

15   intended to comply with paragraph 43 of the US-CA Consent Decree  (Notices and Disclosures

16   Regarding Recall Program), and to fulfill the consumer-facing obligations for Fiat Chrysler in

17   paragraph 43 of the US-CA Consent Decree.

18   **9.     RELEASE AND WAIVER**

19         9.1.    The Parties agree to the following release and waiver (as defined above, the

20   Release), which shall take effect upon entry of the Final Approval Order.  The terms of the

21   Release are a material term of the Class Action Agreement and will be reflected in the Final

22   Approval Order.

23         9.2.    **Released Parties.**  Released Parties means any person who, or entity that, is or

24   could be responsible or liable in any way whatsoever, whether directly or indirectly, for the 3.0-

25   liter Diesel Matter.  The Released Parties include, without limitation, (1) Fiat Chrysler

26   Automobiles N.V., FCA US LLC, VM Motori S.p.A, VM Motori North America, Sergio

27   Marchionne and his estate and his executors, Robert Bosch LLC and Robert Bosch GmbH, and

28   any former, present, and future owners, shareholders (direct or indirect), members (direct or

1    indirect), directors, officers, members of management or supervisory boards, employees,

2    attorneys, affiliates, parent companies (direct or indirect), subsidiaries (direct or indirect),

3    predecessors, and successors of any of the foregoing (the "Released Entities"); (2) any and all

4    contractors, subcontractors, joint venture partners, consultants, auditors, and suppliers of the

5    Released Entities; (3) any and all persons and entities indemnified by any Released Entity with

6    respect to the 3.0-liter Diesel Matter; (4) any and all other persons and entities involved in the

7    design, research, development, manufacture, assembly, testing, sale, leasing, repair, warranting,

8    marketing, advertising, public relations, promotion, or distribution of any Eligible Vehicle, even

9    if such persons are not specifically named in this paragraph, including without limitation all

10   Authorized Dealers, as well as non-authorized dealers and sellers; (5) Claims Administrator;

11   (6) Notice Administrator; (7) lenders, creditors, financial institutions, or any other parties that

12   financed any purchase or lease of an Eligible Vehicle; and (8) for each of the foregoing, their

13   respective former, present, and future affiliates, parent companies, subsidiaries, predecessors,

14   successors, shareholders, indemnitors, subrogees, spouses, joint ventures, general or limited

15   partners, attorneys, assigns, principals, officers, directors, members of management or

16   supervisory boards, employees, members, agents, representatives, trustees, insurers, reinsurers,

17   heirs, beneficiaries, wards, estates, executors, administrators, receivers, conservators, personal

18   representatives, divisions, dealers, and suppliers.

19        9.3.    **Class Release.**  In consideration for the Settlement, Class Members, on behalf of

20   themselves and their agents, heirs, executors and administrators, successors, assigns, insurers,

21   attorneys (including any attorney engaged by Class Members who is not Class Counsel),

22   representatives, shareholders, owners associations, and any other legal or natural persons who

23   may claim by, through, or under them (the "Releasing Parties"), fully, finally, irrevocably, and

24   forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands,

25   actions, or causes of action, whether known or unknown, that they may have, purport to have, or

26   may have hereafter against any Released Party, as defined above, arising out of or in any way

27   related to the 3.0-liter Diesel Matter.  This Release applies to any and all claims, demands,

28   actions, or causes of action of any kind or nature whatsoever, whether in law or in equity,

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

contractual, quasi-contractual or statutory, known or unknown, direct, indirect or consequential,

liquidated or unliquidated, past, present or future, foreseen or unforeseen, developed or

undeveloped, contingent or non-contingent, suspected or unsuspected, whether or not concealed

or hidden, arising from or in any way related to the 3.0-liter Diesel Matter, including without

limitation (1) any claims that were or could have been asserted in the Action; and (2) any claims

for fines, penalties, economic damages, punitive damages, exemplary damages, liens, injunctive

relief, attorneys' fees (except as provided in Section 11 of this Class Action Agreement), expert,

consultant, or other litigation fees or costs other than fees and costs awarded by the Court in

connection with this Settlement or to attorneys other than Class Counsel, or any other liabilities,

that were or could have been asserted in any civil, administrative, or other proceeding, including

arbitration (the "Released Claims").  This Release applies without limitation to any and all such

claims, demands, actions, or causes of action regardless of the legal or equitable theory or nature

under which they are based or advanced including without limitation legal and/or equitable

theories under any federal, state, provincial, local, tribal, administrative, or international law, or

statute, ordinance, code, regulation, contract, common law, equity, or any other source, and

whether based in strict liability, negligence, gross negligence, punitive damages, nuisance,

trespass, breach of warranty, misrepresentation, breach of contract, fraud, or any other legal or

equitable theory, whether existing under the laws of the United States, a State, territory, or

possession of the United States, or of any other foreign or domestic state, territory, or other legal

or governmental body, whether existing now or arising in the future, that arise from or in any way

relate to the 3.0-liter Diesel Matter.  Notwithstanding the foregoing, this Agreement does not

release any claims for wrongful death or personal injury.

> 9.4.  **Possible Future Claims.**  For the avoidance of doubt, Class Members expressly

understand and acknowledge that they may hereafter discover claims presently unknown or

unsuspected, or facts in addition to or different from those that they now know or believe to be

true, related to the 3.0-liter Diesel Matter, the Action and/or the Release herein.  Nevertheless, it

is the intention of Class Counsel and the Settlement Class Representatives in executing this Class

Action Agreement to fully, finally, irrevocably, and forever release, waive, discharge, relinquish,

settle, and acquit all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the 3.0-liter Diesel Matter.

9.5. **Release of "Holder Rule" Claims.** In exchange for the Class Action Settlement compensation and remedies described in Section 4 and Exhibit 1, Class Members shall execute a release releasing their potential claims under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses, 16 C.F.R. § 433.2 (the "Holder Rule"), relating to the 3.0-liter Diesel Matter.

9.6. **Waiver of California Civil Code Section 1542 and Analogous Provisions.** Settlement Class Representatives expressly understand and acknowledge, and Class Members will be deemed to understand and acknowledge Section 1542 of the California Civil Code, which provides: "**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**" Each Settlement Class Representative expressly acknowledges that he, she, or it has been advised by Class Counsel of the contents and effect of Section 1542 and that he, she, or it has considered the possibility that the number or magnitude of all claims may not currently be known. To ensure that this Release is interpreted fully in accordance with its terms, Class Members expressly waive and relinquish any and all rights and benefits that they may have under Section 1542 to the extent that such Section may be applicable to the Release. Class Members likewise expressly waive and relinquish any rights or benefits of any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, which is similar, comparable, analogous, or equivalent to Section 1542 of the California Code to the extent that such laws or principles may be applicable to the Release.

9.7. **Individual Release.** Each Class Member who receives a Class Member Payment shall be required to execute an Individual Release, in the form attached as Exhibit 5, as a precondition to receiving such payment. Consistent with the Release provided in this Agreement, the Individual Release will provide that the Class Member releases all of the Released Parties

from any and all present and future claims (as described in Section 9) arising out of or related to the 3.0-liter Diesel Matter. The Individual Release shall remain effective even if the Final Approval Order is reversed and/or vacated on appeal, or if this Class Action Agreement is abrogated or otherwise voided in whole or in part.

9.8. **Actions or Proceedings Involving Released Claims.** Class Members who do not opt out expressly agree that this Release, and the Final Approval Order, is, will be, and may be raised as a complete defense to, and will preclude, any action or proceeding specified in, or involving claims encompassed by, this Release. Class Members who do not opt out shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing or prosecution of any suit, action, and/or other proceeding, against the Released Parties with respect to the claims, causes of action and/or any other matters subject to this Release. To the extent that they have initiated, or caused to be initiated, any suit, action, or proceeding not already encompassed by the Action, Class Members who do not opt out shall cause such suit, action, or proceeding to be dismissed with prejudice. If a Class Member who does not opt out commences, files, initiates, or institutes any new legal action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (1) such legal action or other proceeding shall be dismissed with prejudice and at that Class Member's cost; and (2) the respective Released Party shall be entitled to recover any and all reasonable related costs and expenses from that Class Member arising as a result of that Class Member's breach of his, her, or its obligations under this Release. Within five business days of the Post-Appeal Date, Class Counsel will dismiss the Complaint with prejudice.

9.9. **Ownership of Released Claims.** Settlement Class Representatives represent and warrant that they are the sole and exclusive owners of any and all claims that they personally are releasing under this Class Action Agreement. Settlement Class Representatives further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the 3.0-liter Diesel Matter, including without limitation, any claim for benefits, proceeds or value under the Action, and that Settlement Class Representatives are not

aware of anyone other than themselves claiming any interest, in whole or in part, in any benefits, proceeds or values to which Settlement Class Representatives may be entitled as a result of the 3.0-liter Diesel Matter.  Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Class Action Agreement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Actions, including without limitation, any claim for benefits, proceeds or value under the Actions, and that such Class Members are not aware of anyone other than themselves claiming any interest, in whole or in part, in any benefits, proceeds or values to which those Class Members may be entitled as a result of the 3.0-liter Diesel Matter.

9.10.  **Total Satisfaction of Released Claims.**  Any benefits pursuant to the Class Action Agreement are in full, complete, and total satisfaction of all of the Released Claims against the Released Parties.  Such benefits are sufficient and adequate consideration for each and every term of this Release, and this Release shall be irrevocably binding upon Settlement Class Representatives and Class Members who do not opt out of the Class.

9.11.  **Release Not Conditioned on Claim or Payment.**  The Release shall be effective with respect to all Releasing Parties, including all Class Members who do not opt out, regardless of whether those Class Members ultimately submit a Claim under this Class Action Agreement.

9.12.  **Basis for Entering Release.**  Class Counsel acknowledge that they have conducted sufficient independent investigation and discovery to enter into this Class Action Agreement and that they execute this Class Action Agreement freely, voluntarily, and without being pressured or influenced by, or relying on any statements, representations, promises, or inducements made by the Released Parties or any person or entity representing the Released Parties, other than as set forth in this Class Action Agreement.  Settlement Class Representatives acknowledge, agree, and specifically represent and warrant that they have discussed with Class Counsel the terms of this Class Action Agreement and have received legal advice with respect to the advisability of entering into this Class Action Agreement and the Release, and the legal effect of this Class Action Agreement and the Release.  The representations and warranties made

throughout the Class Action Agreement shall survive the execution of the Class Action

Agreement and shall be binding upon the respective heirs, representatives, successors and assigns

of the Parties.

9.13.    **Material Term.**  Settlement Class Representatives and Class Counsel hereby

agree and acknowledge that this Section 9 in its entirety was separately bargained for and

constitutes a key, material term of the Class Action Agreement that shall be reflected in the Final

Approval Order.

9.14.    **Reservation of Claims.**  This Class Action Agreement shall resolve the claims of

Class Members who do not opt out only as they relate to the 3.0-liter Diesel Matter.  The Parties

reserve all rights to litigate liability and equitable relief of any sort for any subset of vehicles,

purchasers, or lessees not expressly covered by this Class Action Agreement.

9.15.    **Released Parties' Releases of Settlement Class Representatives, the Class, and**

**Counsel.**  Upon the Effective Date, Released Parties absolutely and unconditionally release and

forever discharge the Settlement Class Representatives, Class Members, Defendants' counsel and

Class Counsel from any and all claims relating to the institution or prosecution of the Action.

9.16.    **Jurisdiction.**  The Court shall retain exclusive and continuing jurisdiction over all

Parties, the Action, and this Class Action Agreement to resolve any dispute that may arise

regarding this Class Action Agreement or in relation to this Action, including any dispute

regarding validity, performance, interpretation, administration, enforcement, enforceability, or

termination of the Class Action Agreement and no Party shall oppose the reopening and

reinstatement of the Action on the MDL Court's active docket for the purposes of effecting this

Section.

## 10.    ESCROW ACCOUNT

10.1.    Within ten business days after the Court enters the Final Approval Order, FCA US

and Bosch shall each fund the Escrow Account with their respective "Funding Amount," which

funds shall be used, as necessary, to compensate Class Members who submit valid Claims

pursuant to this Class Action Agreement.  The initial Funding Amount shall be $45 million from

FCA US and $5 million from Bosch.  If and when the funding level of the Escrow Account falls

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1   below 15% of the outstanding remaining liability to Class Members under this Class Action

2   Agreement, the Escrow Agent shall notify FCA US and Bosch in writing. Bosch shall, within ten

3   business days thereafter, and FCA US shall, within seven business days, deposit such funds in the

4   Escrow Account as are necessary to bring the balance of the Escrow Account back to no less than

5   15% of their respective outstanding remaining liabilities to Class Members, provided, however,

6   that Bosch shall in no event be required to deposit more than a total of $27.5 million in the

7   Escrow Account, and provided further that the minimum balance will in no event exceed the

8   remaining maximum compensation due to all Class Members.

9        10.2.   Within thirty days of the conclusion of the Settlement Benefit Period, any funds in

10  the Escrow Account (if any), including all interest accrued, shall be returned to FCA US and to

11  Bosch pro rata to the amount of their respective deposits in the Escrow Account.

12       10.3.   In the event that the Class Action Settlement is terminated or invalidated for any

13  reason prior to the conclusion of the Settlement Benefit Period, any funds in the Escrow Account,

14  including all interest accrued, shall be returned to FCA US and to Bosch pro rata to the amount of

15  their respective deposits in the Escrow Account.

16  **11.    ATTORNEYS' FEES AND EXPENSES**

17       11.1.   FCA US and Bosch agree to pay reasonable attorneys' fees and expenses to Class

18  Counsel for work performed pursuant to Pretrial Order No. 4: Protocol for Common Benefit

19  Work and Expenses by Class Counsel and other attorneys designated by Class Counsel to

20  perform work in connection with the Action in an amount to be negotiated by the Parties and that

21  must be approved by the Court. Defendants do not agree to pay fees or expenses for any work

22  that is not performed pursuant to Pretrial Order No. 4 by Class Counsel and other attorneys

23  designated by Class Counsel to perform work in connection with the Action, and this Class

24  Action Agreement expressly releases Defendants from any such payments that otherwise may be

25  due by operation of law or otherwise. Defendants and Class Counsel represent that they have not

26  discussed the amount of fees and expenses to be paid prior to agreement on the material terms of

27  this Class Action Agreement. Class Counsel and counsel for FCA US will attempt to negotiate

28  the amount of attorneys' fees and expenses to be paid by FCA US after the execution of this Class

- 38 -

1    Action Agreement.  Class Counsel and counsel for Bosch will also attempt to negotiate the

2    amount of attorneys' fees and expenses to be paid by Bosch after the execution of this Class

3    Action Agreement.  If the Parties reach an agreement about the amount of attorneys' fees and

4    expenses for work performed pursuant to Pretrial Order No. 4, Class Counsel will submit the

5    negotiated amount to the Court for approval, and Defendants will wire to an account specified by

6    Lead Plaintiffs' Counsel all attorneys' fees and expenses approved by the Court within three days

7    of the Court's order approving such fees and expenses.  The Parties may agree upon a reasonable

8    extension to the three-day deadline as necessary.  If the Parties do not reach an agreement as to

9    the amount of attorneys' fees and expenses, the Parties will litigate the fee issues, and each Party

10   will present its respective position to the Court for determination, but the Parties must mediate the

11   all fee issues before the Settlement Master before litigating.  If the Settlement Master fee

12   mediation process does not result in an agreement, the litigation of the fee issues will be subject

13   to the Parties' agreement that:  (1) attorneys' fees and expenses will be paid by FCA US and

14   Bosch in addition to the compensation provided to Class Members under this Class Action

15   Agreement; (2) each Party will be free to argue for what it believes is a reasonable fee; (3) FCA

16   US, Bosch, and Class Counsel will request that the Court issue an Order setting forth the amount

17   to be paid in attorneys' fees and expenses to be paid by FCA US and Bosch in this action, and

18   providing that Class Counsel will not be permitted to seek additional fees and expenses after the

19   Court makes its award; and (4) the Parties shall have the right to appeal the Court's determination

20   as to the amount of attorneys' fees and expenses.  Fiat Chrysler and Bosch reserve all rights to

21   object to an award of attorney's fees and/or expenses beyond what they believe to be reasonable.

22   No attorneys other than Class Counsel or other attorneys authorized by Class Counsel to perform

23   work in connection with this Action shall receive fees or expenses from Defendants under this

24   Class Agreement or any fee-shifting statute.

25        11.2.  **No Credit for Attorneys' Fees or Costs.**  To the extent FCA US elects or is

26   ordered to pay private attorneys' fees or costs, FCA US will not receive credit for such payments

27   against obligations to Class Members under this Class Action Agreement and the Final Approval

28   Order.  Defendants reserve the right to challenge attorneys' fees or costs to the extent the request

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

for an award of fees and costs exceeds the fees and costs that FCA US has agreed to pay.

**12.     PROPOSED SCHEDULE FOR APPROVAL OF SETTLEMENT**

12.1.     **Order Approving Notice.**  As set forth herein, on January 10, 2019, the Parties shall file with the Court a Motion for an Order Approving Notice.

12.2.     **Final Settlement Approval Order and Judgment.**  On or before February 25, 2019, or any subsequently mutually agreed upon date, Class Counsel shall file with the Court a motion seeking a Final Judgment Approving and Providing for the Enforcement of the Class Action Settlement.

12.3.     **Proposed Schedule.**  A comprehensive potential schedule for the approval of this Settlement is set forth below, subject, of course, to the views of the Court.  The Parties will use their best efforts to advance the Settlement along the lines outlined in the proposed schedule set forth below, recognizing it is subject to change, as required by Court order and/or agreed to by the Parties.

| Date | Event |
| --- | --- |
| January 10, 2019 | Settlement Class Representatives file Motion for an Order Approving Notice |
| January 23, 2019 | Hearing on Motion for an Order Approving Notice [**Remainder of schedule assumes entry of Order Approving Notice on this date**] |
| January 24, 2019 | Class Notice Program begins |
| February 25, 2019 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| April 1, 2019 | Objection and Opt-Out Deadline |
| April 22, 2019 | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |
| April 29, 2019 – May 3, 2019 | Final Approval Hearing. While the timing and outcome of every determination is at the Court's discretion, the Parties to this Class Action Agreement request and anticipate that the Court would enter the US-CA Consent Decree at the same time as the Final Approval Order. |
| Effective Date | Claims Period Begins |

**13. AGREEMENT TO COOPERATE TO EFFECTUATE SETTLEMENT**

13.1.    Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Class Action Agreement. The persons signing this Class Action Agreement on behalf of each Party warrants that he or she is authorized to sign this Class Action Agreement on behalf of that Party.

13.2.    The Parties and their respective counsel will cooperate with each other, act in good faith, and use their best efforts to effect the implementation of the Class Action Agreement and advance the Settlement Claims Program.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Class Action Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Class Action Agreement, the Parties may seek the assistance of the Settlement Master or the Court to resolve such disagreement.

13.3.    The Parties further agree to make all reasonable efforts to ensure the timely and expeditious administration and implementation of the Class Action Agreement and to minimize the costs and expenses incurred therein.

**14. MODIFICATION OR TERMINATION OF THIS CLASS ACTION AGREEMENT**

14.1.    The terms and provisions of this Class Action Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of this Class Action Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Class Members under this Class Action Agreement.

14.2.    Any unintended conflicts between the Class Action Agreement and the US-CA Consent Decree shall not be held against any of the Parties, but shall instead be resolved by mutual agreement of the Parties, with the aid of the Settlement Master and, if necessary, the Court.

14.3.    This Class Action Agreement shall terminate at the discretion of either Defendants

1    or the Settlement Class Representatives, through Class Counsel, if: (1) the Court, or any appellate

2    court(s), rejects, modifies, or denies approval of any portion of this Class Action Agreement or

3    the proposed Settlement that the terminating Party in its (or their) sole judgment and discretion

4    reasonably determine(s) is material, including, without limitation, the terms of relief, the findings,

5    or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or

6    the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely

7    affirm, or alters, narrows or expands, any portion of the Final Approval Order, or any of the

8    Court's findings of fact or conclusions of law, that the terminating Party in its (or their) sole

9    judgment and discretion reasonably determine(s) is material.  The terminating Party must exercise

10   the option to withdraw from and terminate this Class Action Agreement, as provided in this

11   Section 14, by a signed writing served on the other Parties no later than twenty days after

12   receiving notice of the event prompting the termination.  The Parties will be returned to their

13   positions status quo ante.

14       14.4.   If an option to withdraw from and terminate this Class Action Agreement arises

15   under Section 14.3 above, neither Defendants nor Settlement Class Representatives are required

16   for any reason or under any circumstance to exercise that option and any exercise of that option

17   shall be in good faith.

18       14.5.   If, but only if, this Class Action Agreement is terminated pursuant to Section 14.3,

19   above, then:

20           14.5.1.  This Class Action Agreement shall be null and void and shall have no

21                    force or effect, and no Party to this Class Action Agreement shall be

22                    bound by any of its terms, except for the terms of Section 14.3 herein;

23           14.5.2.  The Parties will petition the Court to have any stay orders entered

24                    pursuant to this Class Action Agreement lifted;

25           14.5.3.  All of the provisions of this Class Action Agreement, and all negotiations,

26                    statements, and proceedings relating to it, shall be without prejudice to

27                    the rights of Defendants, Settlement Class Representatives, or any Class

28                    Member, all of whom shall be restored to their respective positions

existing immediately before the execution of this Class Action

Agreement, except that the Parties shall cooperate in requesting that the

Court set a new scheduling order such that no Party's substantive or

procedural rights are prejudiced by the settlement negotiations and

proceedings;

14.5.4.  Released Parties expressly and affirmatively reserve all defenses,

arguments, and motions as to all claims that have been or might later be

asserted in the Action, including, without limitation, the argument that the

Action may not be litigated as a class action;

14.5.5.  Settlement Class Representatives and all other Class Members, on behalf

of themselves and their heirs, assigns, executors, administrators,

predecessors, and successors, expressly and affirmatively reserve and do

not waive all motions as to, and arguments in support of, all claims,

causes of action or remedies that have been or might later be asserted in

the Action including, without limitation, any argument concerning class

certification, and treble or other damages;

14.5.6.  Defendants expressly and affirmatively reserve and do not waive all

motions and positions as to, and arguments in support of, all defenses to

the causes of action or remedies that have been sought or might be later

asserted in the Action, including without limitation, any argument or

position opposing class certification, liability, damages, or injunctive

relief;

14.5.7.  Neither this Class Action Agreement, the fact of its having been entered

into, nor the negotiations leading to it shall be admissible or entered into

evidence for any purpose whatsoever;

14.5.8.  Any settlement-related order(s) or judgment(s) entered in this Action after

the date of execution of this Class Action Agreement shall be deemed

vacated and shall be without any force or effect;

14.5.9.  FCA US shall bear all reasonable and necessary costs incurred by the Claims Administrator and Notice Administrator in connection with the implementation of this Class Action Settlement up until its termination. Neither the Settlement Class Representatives nor Class Counsel shall be responsible for any such settlement-related costs; and

14.5.10.  Within five (5) business days, any funds in the Escrow Account, including any interest accrued, shall revert to FCA US and to Bosch pro rata to the amount of their respective deposits in the Escrow Account.

14.6.  Notwithstanding the terms of Sections 14.5.1 through 14.5.10 above, if a Class Member has (1) received compensation under the Class Action Agreement prior to its termination or invalidation and (2) executed an Individual Release, such a Class Member and Defendants shall be bound by the terms of the Individual Release, which terms shall survive termination or invalidation of the Class Action Agreement.

**15.   REPRESENTATIONS AND WARRANTIES**

15.1.  Class Counsel represents that: (1) they are authorized by the Settlement Class Representatives to enter into this Class Action Agreement with respect to the claims asserted in the Action and any other claims covered by the Release; and (2) they are seeking to protect the interests of the Class.

15.2.  Class Counsel further represents that the Settlement Class Representatives: (1) have agreed to serve as representatives of the Class proposed to be certified herein; (2) are willing, able, and ready to perform all of the duties and obligations of representatives of the Class; (3) have read the pleadings in the Action, including the Complaint, or have had the contents of such pleadings described to them; (4) have consulted with Class Counsel about the obligations imposed on representatives of the Class; (5) understand that they are entitled only to the rights and remedies of Class Members under this Class Action Agreement and not to any additional compensation by virtue of their status as Settlement Class Representatives, except that Class Counsel may seek reasonable and appropriate service awards for Settlement Class Representatives up to $4,500 from FCA US and $500 from Bosch, to be paid in addition to Class

1    benefits, subject to Court approval; and (6) shall remain and serve as representatives of the Class

2    until the terms of this Class Action Agreement are effectuated, this Class Action Agreement is

3    terminated in accordance with its terms, or the Court at any time determines that said Settlement

4    Class Representatives cannot represent the Class.  Defendants shall retain the right to object to the

5    payment of any service awards, including the amount thereof (even an amount at or below the

6    amount set forth above).

7           15.3.    Fiat Chrysler represents and warrants that the individual(s) executing this Class

8    Action Agreement are authorized to enter into this Class Action Agreement on behalf of Fiat

9    Chrysler.

10          15.4.    Bosch represents and warrants that the individual(s) executing this Class Action

11   Agreement are authorized to enter into this Class Action Agreement on behalf of Bosch.

12          15.5.    The Parties acknowledge and agree that no opinion concerning the tax

13   consequences of the proposed Settlement to Class Members is given or will be given by the

14   Parties, nor are any representations or warranties in this regard made by virtue of this Class

15   Action Agreement.  In addition, the Parties acknowledge and agree that no tax ruling from any

16   governmental tax authority in relation to a Class Member's tax consequences will be requested by

17   Defendants.  The Parties further acknowledge and agree that nothing in this Agreement should be

18   relied upon by any Class Member as the provision of tax advice.  Each Class Member's tax

19   consequences or liabilities, and the determination thereof, are the sole responsibility of the Class

20   Member, and it is understood that each Class Member's federal, state, or foreign tax

21   consequences or liabilities may vary depending on the particular circumstances of each individual

22   Class Member.  Class Members shall hold Defendants and their counsel harmless from any

23   federal, state, or foreign tax assessments, interest, and/or penalties that result for any amounts

24   paid or benefits provided under this Agreement, and Defendants shall not be liable for the

25   payment of any additional amounts now or in the future for any amount related to a Class

26   Member's tax consequences.

27   **16.    GENERAL MATTERS AND RESERVATIONS**

28          16.1.    This Class Action Agreement will be binding upon, and inure to the benefit of, the

1  successors, transferees, and assigns of Defendants, the Settlement Class Representatives, and

2  Class Members.

3       16.2.   The Parties agree and acknowledge that (a) no government or governmental entity

4  is a party to the Action or to this Class Action Agreement; (b) each Party is entering into this

5  Class Action Agreement of its own volition, and no Party is entering into this Class Action

6  Agreement at the direction of a government or governmental entity, or otherwise compelled by a

7  government or governmental entity to do so; and (c) this Class Action Agreement is for the

8  purpose of restitution, compensation or/and remediation for harm or damage alleged in the

9  Complaint.

10       16.3.   Fiat Chrysler's obligation to implement the Repair Program described in this Class

11  Action Agreement is and shall be contingent upon each of the following:

12            16.3.1.   Entry by the Court of the Final Approval Order approving the Class

13                  Action Settlement;

14            16.3.2.   The occurrence of the Effective Date; and

15            16.3.3.   The satisfaction of any other conditions set forth in this Class Action

16                  Agreement.

17       16.4.   The Parties and their counsel agree to keep the existence and contents of this Class

18  Action Agreement confidential until the date on which the Motion for an Order Approving Notice

19  is filed; provided, however, that this Section shall not prevent Defendants from disclosing such

20  information, prior to the date on which the Motion for an Order Approving Notice is filed, to state

21  and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers, or

22  lawyers. The Parties and their counsel may also disclose the existence and contents of this Class

23  Action Agreement to persons or entities (such as experts, courts, co-counsel, and/or

24  administrators) to whom the Parties agree disclosure must be made in order to effectuate the

25  terms and conditions of this Class Action Agreement.

26       16.5.   Settlement Class Representatives and Class Counsel agree that confidential

27  information made available to them solely through the settlement process was made available on

28  the condition that it not be disclosed to third parties (other than experts or consultants retained by

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    Settlement Class Representatives in connection with the Action).  Nevertheless, nothing

2    contained herein shall prohibit Settlement Class Representatives from seeking certain confidential

3    information pertinent to this Class Action Agreement through informal confirmatory discovery,

4    even if not previously requested through formal discovery.

5            16.6.    Information provided by Defendants, Defendants' counsel, and/or the Settlement

6    Master to Settlement Class Representatives, Class Counsel, any individual Class Member,

7    counsel for any individual Class Member, and/or administrators, pursuant to the negotiation and

8    implementation of this Class Action Agreement, includes trade secrets and highly confidential

9    and proprietary business information and shall be deemed "Highly Confidential" pursuant to the

10   protective orders that have been or will be entered in the Action, and shall be subject to all of the

11   provisions thereof.  Any materials inadvertently produced shall, upon any Defendants' request, be

12   promptly returned to the requesting Defendants' counsel, as appropriate, and there shall be no

13   implied or express waiver of any privileges, rights and defenses.

14           16.7.    This Class Action Agreement, complete with its exhibits and all documents filed

15   with the Court, sets forth the entire agreement among the Parties with respect to its subject matter,

16   and it may not be altered, amended, or modified except by written instrument executed by Class

17   Counsel, Fiat Chrysler's Lead Counsel, and Bosch's Lead Counsel.  The Parties expressly

18   acknowledge that no other agreements, arrangements, or understandings regarding vehicles not

19   expressed in this Class Action Agreement or the documents filed with the Court exist among or

20   between them, and that in deciding to enter into this Class Action Agreement, they have relied

21   solely upon their own judgment and knowledge.  This Class Action Agreement and the

22   accompanying documents filed with the Court supersede any prior agreements, understandings, or

23   undertakings (written or oral) by and between the Parties regarding the subject matter of this

24   Class Action Agreement.

25           16.8.    This Class Action Agreement and any amendments thereto, and any dispute

26   arising out of or related to this Class Action Agreement, shall be governed by and interpreted

27   according to the Federal Rules of Civil Procedure and applicable jurisprudence relating thereto,

28   and the laws of the State of California notwithstanding its conflict of law provisions.

                                                              CLASS ACTION SETTLEMENT
                                                              AGREEMENT AND RELEASE
                                                              3:17-MD-02777-EMC

16.9.    Any disagreement and/or action to enforce this Class Action Agreement shall be

commenced and maintained only in the United States District Court for the Northern District of

California.

16.10.   Whenever this Class Action Agreement requires or contemplates that one of the

Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day

(excluding Saturdays, Sundays and Federal Holidays) express delivery service as follows:

If to Fiat Chrysler, then to:

> Robert J. Giuffra, Jr.
> SULLIVAN & CROMWELL LLP
> 125 Broad Street
> New York, New York 10004
> Email:  giuffrar@sullcrom.com

If to Bosch, then to:

> Matthew D. Slater.
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> 2112 Pennsylvania Ave., NW
> Washington, DC 20037
> Email:  mslater@cgsh.com

If to the Class, then to:

> Elizabeth J. Cabraser
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA  94111
> Email:  ecabraser@lchb.com

16.11.   All time periods in this Class Action Agreement shall be computed in calendar

days unless otherwise expressly provided.  In computing any period of time in this Class Action

Agreement or by order of the Court, the day of the act or event shall not be included.  The last day

of the period shall be included, unless it is a Saturday, a Sunday or a Federal Holiday, or, when

the act to be done is the filing of a paper in court, a day on which the court is closed, in which

case the period shall run until the end of the next day that is not one of the aforementioned days.

As used in this Class Action Agreement, "Federal Holiday" includes holidays designated in Fed.

R. Civ. P. 6(a) or by the Clerk of the United States District Court for the Northern District of

California.

16.12.   The Parties reserve the right, subject to the Court's approval, to agree to any

1   reasonable extensions of time that might be necessary to carry out any of the provisions of this

2   Class Action Agreement.

3       16.13.  The Class, Settlement Class Representatives, Class Counsel, Fiat Chrysler, Fiat

4   Chrysler's Lead Counsel, Bosch, and/or Bosch's Lead Counsel shall not be deemed to be the

5   drafter of this Class Action Agreement or of any particular provision, nor shall they argue that

6   any particular provision should be construed against its drafter.  All Parties agree that this Class

7   Action Agreement was drafted by counsel for the Parties during extensive arm's-length

8   negotiations.  No parol or other evidence may be offered to explain, construe, contradict, or

9   clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this

10  Class Action Agreement was made or executed.

11      16.14.  The Parties expressly acknowledge and agree that this Class Action Agreement

12  and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations,

13  related notes, and correspondence, constitute an offer of compromise and a compromise within

14  the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state or

15  territory.

16      16.15.  The Settlement Class Representatives expressly affirm that the allegations

17  contained in the Complaint were made in good faith, but consider it desirable for the Action to be

18  settled and dismissed as to the Eligible Vehicles only because of the substantial benefits that the

19  Settlement will provide to Class Members.

20      16.16.  The Parties agree that the Class Action Agreement was reached voluntarily after

21  consultation with competent legal counsel.

22      16.17.  Neither this Class Action Agreement nor the Repair Program, nor any act

23  performed or document executed pursuant to or in furtherance of this Class Action Agreement or

24  the Repair Program is or may be deemed to be or may be used or construed as an admission of, or

25  evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any

26  Released Parties; or is or may be deemed to be or may be used or construed as an admission of, or

27  evidence of, any fault or omission of any Released Parties in any civil, criminal, regulatory, or

28  administrative proceeding in any court, administrative agency or other tribunal.  Nor shall this

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

Class Action Agreement or the Repair Program be deemed an admission by any Party as to the merits of any claim or defense.

16.18. Nothing in this Class Action Agreement changes any rights the Class or any Class Member or third party may have to challenge or otherwise assert a claim against Fiat Chrysler arising from (1) a violation by Fiat Chrysler of the Clean Air Act, the California Health and Safety Code, or applicable regulations thereunder in connection with the certification of the Approved Emissions Modification; or (2) under the Extended Warranty.

16.19. Any of the Released Parties may file this Class Action Agreement and/or the Final Approval Order in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.20. The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Class Action Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Class Action Agreement.

16.21. The waiver by one Party of any breach of this Class Action Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Class Action Agreement.

16.22. If one Party to this Class Action Agreement considers another Party to be in breach of its obligations under this Class Action Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Class Action Agreement.

16.23. The Parties, their successors and assigns, and their counsel agree to cooperate fully with one another in seeking Court approval of this Class Action Agreement and to use their best efforts to implement this Class Action Agreement and the proposed Repair Program.

16.24. This Class Action Agreement may be signed with an electronic or facsimile signature and in counterparts, each of which shall constitute a duplicate original.

16.25. In the event any one or more of the provisions contained in this Class Action

1  Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect,

2  such invalidity, illegality, or unenforceability shall not affect any other provision if Fiat

3  Chrysler's Lead Counsel on behalf of Fiat Chrysler, Bosch's Lead Counsel on behalf of Bosch,

4  and Class Counsel, on behalf of Settlement Class Representatives and Class Members, mutually

5  agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been

6  included in this Class Action Agreement.  Any such agreement shall be reviewed and approved

7  by the Court before it becomes effective.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    COUNSEL FOR PLAINTIFFS:

2

3

4    Date: January 18, 2019

ELIZABETH J. CABRASER
5    Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
6    San Francisco, CA  94111-3339
ecabraser@lchb.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 52 -

1   COUNSEL FOR FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., V.M. MOTORI

2   S.P.A., and V.M. NORTH AMERICA, INC.:

3

4   Date:  January 18, 2019

5   ROBERT J. GIUFFRA, JR.

6   WILLIAM B. MONAHAN
   THOMAS C. WHITE

7   C. MEGAN BRADLEY

8   Sullivan & Cromwell LLP
   125 Broad Street

9   New York, New York 10004
   giuffrar@sullcrom.com

10   monahanw@sullcrom.com
   whitet@sullcrom.com

11   bradleyc@sullcrom.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

1    COUNSEL FOR ROBERT BOSCH GMBH AND ROBERT BOSCH LLC:

2

3

4    Date: January 18, 2019

     MATTHEW D. SLATER
5    Cleary Gottlieb Steen & Hamilton LLP
     2112 Pennsylvania Ave., NW
6    Washington, DC 20037
     mslater@cgsh.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                - 54 -

**List of Exhibits**

| Ex. # | Title |
|-------|-------|
| 1 | Settlement Benefits for Class Members |
| 2 | Short Form Notice |
| 3 | Long Form Notice |
| 4 | Class Claims Program and Administration |
| 5 | Individual Release of Claims |

CLASS ACTION SETTLEMENT
AGREEMENT AND RELEASE
3:17-MD-02777-EMC

# Exhibit 1
# Class Member Benefits

## CLASS MEMBER BENEFITS

1. **Introduction.** This Exhibit explains the benefits that Class Members are eligible to receive under the Class Action Settlement. The compensation pursuant to the Class Action Settlement is available only to Class Members who do not opt out of the Class and who participate in the Claims Program. All capitalized terms in this document have the meanings ascribed to them in the Class Action Agreement.

2. **Benefits for Eligible Owners.** Eligible Owners who participate in the Claims Program shall receive an Owner Payment, an Approved Emissions Modification, and an Extended Warranty. The Owner Payment is **$3,075**, unless an Eligible Former Owner or Eligible Former Lessee timely files a valid Claim for that same vehicle, in which case, the Owner Payment is **$2,460**.

3. **Benefits for Eligible Former Owners.** Eligible Former Owners who participate in the Claims Program shall receive a Former Owner Payment. The Former Owner Payment is **$990**.

4. **Benefits for Eligible Lessees.** Eligible Lessees who participate in the Claims Program shall receive a Lessee Payment, an Approved Emissions Modification, and an Extended Warranty. The Lessee Payment is **$990**.

5. **Benefits for Eligible Former Lessees.** Eligible Former Lessees who participate in the Claims Program shall receive a Lessee Payment. The Lessee Payment is **$990**.

6. **Approved Emissions Modification.** As described in the Class Action Agreement and US-CA Consent Decree, an Approved Emissions Modification ("AEM") is a change to the emissions software of an Eligible Vehicle proposed by Fiat Chrysler and approved by the EPA and CARB that ensures that an Eligible Vehicle is in compliance with Certified Exhaust Emissions Standards. Class Members who receive an Approved Emissions Modification also will receive an Approved Emissions Modification Disclosure, a clear and accurate written disclosure regarding the impacts of the Approved Emissions Modification on the vehicle. This AEM is *not* expected to change (i) any key vehicle attributes, such as reliability, durability, vehicle performance, drivability, engine noise or vibration, or other driving characteristics; (ii) the Diesel Exhaust Fluid tank refill interval; or (iii) average fuel economy.

7. **Extended Warranty and Related Benefits.** In addition to the Approved Emissions Modification and monetary compensation described above, an Eligible Vehicle that has received an Approved Emissions Modification shall receive an Extended Warranty that covers parts and labor for the components listed in <u>Appendix A</u> to this Exhibit. The effective period of the Extended Warranty (the "Extended Warranty Period") shall be the greater of (i) 10 years from the date of initial sale or 120,000 actual miles on the vehicle odometer, whichever comes first; and (ii) 4 years or 48,000 miles, from date and mileage of installing the Approved Emissions Modification, whichever comes first. In the event that an Eligible Vehicle that has received the Approved Emissions Modification is re-sold, the remaining Extended Warranty Period, if any, is transferable to subsequent purchasers and shall continue through the date or mileage described herein for the benefit of such subsequent purchasers. The Extended Warranty also includes buyback and lease

termination remedies, as set forth in Paragraph 4.3.2(d) of the Class Action Agreement and Paragraph 45 of the US-CA Consent Decree.

8. **Summary of Benefits.** The table below summarizes the benefits described above and in the Class Action Agreement.

| Category | Benefits | Class Member Payment* |
|---|---|---|
| **Eligible Owner** (acquired vehicle on or before January 12, 2017) | Owner Payment + Approved Emissions Modification + Extended Warranty | **$3,075** |
| **Eligible Owner** (acquired vehicle after January 12, 2017) (does not apply to owners of vehicles that were leased as of January 10, 2019, who are treated as Eligible Lessees, and not Eligible Owners) | Owner Payment + Approved Emissions Modification + Extended Warranty | **$2,460** (if an Eligible Former Owner or Eligible Former Lessee of the vehicle also makes a valid claim for benefits) <u>OR</u> **$3,075** (if no other Class Member makes a valid claim for benefits related to the same vehicle) |
| **Eligible Former Owner** | Former Owner Payment | **$990** |
| **Eligible Lessee** | Lessee Payment + Approved Emissions Modification + Extended Warranty | **$990** |
| **Eligible Former Lessee** | Lessee Payment | **$990** |

*Eligible Owners and Eligible Lessees who participate in the Claims Program must complete an Approved Emissions Modification to receive the Class Member Payment.

## Appendix A

Subject to standard limitations that must be identified to Eligible Owners and Eligible Lessees, which may set forth exclusions like accident, abuse, neglect, or installation of non- certified parts, and applicable existing warranty provisions that will remain in effect, the Extended Warranty shall cover the cost of all parts and labor needed to repair the items listed below.

- Catalysts

    - Diesel Oxidation Catalyst/Diesel Particulate Filter (DPF) Assembly

    - Selective Catalytic Reduction (SCR) Catalyst

- Diesel Exhaust Fluid (DEF) System

    - DEF Injector

    - DEF Injector Controller

    - DEF Storage Tank

    - DEF Delivery Lines

    - DEF Concentration Sensor (2016 Model Year Ram 1500 and Jeep Grand Cherokee only)

    - DEF Supply Module, Pump, & Temperature Sensor Unit

- Parts of the Fuel System

    - Low Pressure Fuel Pump Module & Level Unit

    - Fuel Injectors

    - Fuel Rail

    - High Pressure Fuel Line

    - High Pressure Injection Pump & Regulator Unit

- Parts of the Exhaust Gas Recirculation (EGR) System

    - EGR Cooler Tubes

    - EGR Cooler

    - EGR Valve

    - EGR Temperature Sensor

    - EGR Cooler bypass actuator

- Other Sensors That Are Covered
  - Oxygen Sensors
  - NOx Sensors
  - Intake Manifold Pressure Sensor
  - Engine Coolant Temperature Sensor
  - Fuel/Water Separator Sensor
  - Intake Swirl Actuator Sensor
  - Engine Camshaft Position Sensor
  - Engine Crankshaft Position Sensor
  - Particulate Matter Sensor
  - Mass Airflow Sensor
  - Boost Pressure Sensor
  - Crankcase Pressure Sensor
  - Exhaust Manifold Pressure Sensor
  - Throttle Valve
  - Exhaust Temperature Sensor
  - DPF Differential Pressure Sensor
- Engine Control Module (Computer)
- Transmission Control Module (Computer)/Valve Body & Solenoids
- Throttle Valve
- Cylinder Head Assembly, including Valves, Springs, Valve Spring Keepers, Valve Seats, Cam Bearing Caps, and Manifold Studs (Camshaft and other components of the assembly are not covered)
- Engine Thermostat/housing/gasket
- The turbocharger system including all related hoses and pipes, all sensors and actuators.

Additionally, the Extended Warranty shall cover the cost of any OBD Diagnostic Scan for malfunctions that trigger the OBD Malfunction Indicator Light (MIL), regardless of whether the malfunction is attributable to a part that is covered under the Extended Warranty.

Case 8:17-md-02777-EMC Document 906-2 Filed 01/18/19 Page 1 of 6

# Exhibit 2
# Short Form Notice

**Official Court-Approved Legal Notice**

*Settlements with Ram and Jeep EcoDiesel Vehicle Owners/Lessees, the Environmental Protection Agency, and the California Air Resources Board*

You are receiving this notice as an **owner**, **former owner**, **lessee**, or **former lessee** of one of the Fiat Chrysler vehicles listed below. You may be eligible for cash benefits under a class action settlement.

| Ram 1500 EcoDiesel | Jeep Grand Cherokee EcoDiesel |
|---|---|
| Model Years 2014-2016 | Model Years 2014-2016 |

## Settlement Benefits

### GET PAID CASH
most owners get $3,075; most lessees get $990

**+**

### GET YOUR VEHICLE FIXED
to comply with emissions standards

**+**

### RECEIVE A COMPREHENSIVE EXTENDED WARRANTY

## How It Works



Visit
**www.EcoDieselSettlement.com**
for Information and
Registration.



Make a Claim
and Schedule
an Appointment.



At scheduled time, have repair
performed at an authorized
dealership and then receive your
payment by mail.

## Your Rights, Next Steps, & Important Dates

The Settlements collectively provide cash compensation, a vehicle repair, and a comprehensive extended warranty. If you are a current owner or current lessee, you must submit a claim and receive the repair to be eligible for compensation. You can have your vehicle repaired and receive the extended warranty prior to or after making a claim, but you will not be eligible for compensation until you submit your claim.

You may object or exclude yourself from the Class Action Settlement by **[OPT OUT DATE]**. If you object, you will still be a member of the Class (if you are otherwise eligible) and must submit a claim to receive cash compensation.

The Court will hold a hearing on **[FAIRNESS HEARING DATE]** and will decide whether to approve the Settlements on or after that date.

Fiat Chrysler will begin processing claims once the Court approves the Settlements. This notice is being sent to you prior to that date to give you time to decide whether to participate in the claims process. You will be notified again once you can start submitting claim forms and documentation. In the meantime, claim forms are available now at www.EcoDieselSettlement.com, and you can also sign up for e-mail updates at www.EcoDieselSettlement.com.

All current owners and current lessees must submit a valid claim before **[CLAIMS DEADLINE]** to participate. If you are a Former Owner or Former Lessee, you must make your valid claim by **[FORMER CLAIM DEADLINE]**.

If you stay in the Class Action Settlement, you are eligible to receive benefits and cash and cannot sue Fiat Chrysler or Bosch for the claims being resolved by the Settlement.

Attorneys representing the Class will request Court approval for [$__] in attorneys' fees and [$__] in costs. Any such fees and costs awarded by the Court will be paid separately by Fiat Chrysler and Bosch and will not reduce your compensation.

**Visit www.EcoDieselSettlement.com for more details on the Class Action Settlement, to register, and to review your rights and options**.

**www.EcoDieselSettlement.com     1-833-280-4748**

**Official Court-Approved Legal Notice**



# Jeep and Ram EcoDiesel Emissions Settlements

# Exhibit 3
# Long Form Notice

**Jeep Grand Cherokee EcoDiesel and Ram 1500 EcoDiesel Settlements**

*A federal court approved this Notice. This is not a solicitation from a lawyer.*

**You are receiving this notice as an owner, former owner, lessee, or former lessee of one of the vehicles listed below. You may be eligible for cash benefits under a class action settlement.**

| Ram 1500 EcoDiesel | Jeep Grand Cherokee EcoDiesel |
|---|---|
| Model Years 2014-2016 | Model Years 2014-2016 |

## Settlement Benefits

### GET PAID CASH
most owners get $3,075; most lessees get $990

+

### GET YOUR VEHICLE FIXED
to comply with emissions standards

+

### RECEIVE A COMPREHENSIVE EXTENDED WARRANTY

Fiat Chrysler (Fiat Chrysler Automobiles N.V., FCA US LLC, VM Motori, S.p.A., and VM North America, Inc.) has reached settlements with consumers and federal and state regulators (collectively, the "Settlements") in which it has agreed to modify the emission control system software in certain Ram 1500 and Jeep Grand Cherokee vehicles equipped with a 3.0-liter V6 diesel engine and to make monetary payments to certain affected consumers. The consumer class action settlement also involves Bosch (Robert Bosch GmbH and Robert Bosch LLC). Fiat Chrysler and Bosch are referred to collectively as "Defendants."

The following vehicle make and model years are included in the Settlements, subject to the exclusions contained in this Notice and in the Settlements, and are referred to throughout this Notice and in the Class Action Agreement as the "Subject Vehicles." Not all Subject Vehicles are eligible to receive compensation under the Class Action Agreement. Those that are eligible for compensation under the Class Action Agreement are referred to as the "Eligible Vehicles."

| MODEL | MODEL YEARS |
|---|---|
| Ram 1500 EcoDiesel | 2014 - 2016 |
| Jeep Grand Cherokee EcoDiesel | 2014 - 2016 |

The Settlements consist of:

- A Class Action Agreement (or "Agreement") between Defendants and certain current owners/lessees and former owners/lessees of Eligible Vehicles (collectively, "Class Members"); and

- A "Consent Decree" between Fiat Chrysler and the United States Department of Justice (the "DOJ") on behalf of the Environmental Protection Agency ("EPA") and the State of California by and through the California Attorney General and the California Air Resources Board ("CARB").

This Notice summarizes the terms of the Class Action Agreement and answers potential questions Class Members and other owners and lessees of Subject Vehicles may have about their eligibility and the terms of the Agreement.

<p style="text-align:center"><span style="color:red">**Summary of Benefits for Class Members**</span></p>

The Agreement accomplishes three main objectives: (1) it provides cash compensation to Class Members; (2) it updates the software in the Eligible Vehicles' emission control systems; and (3) it gives Class Members a robust extended warranty.

**Class Member Compensation.**  The first objective is achieved through cash payments to Class Members.  Those cash payments are as follows:

|  | **Eligible Owners** (If no former owner or former lessee timely completes a valid claim for the same vehicle) | **Eligible Owners** (If a former owner or former lessee timely completes a valid claim for the same vehicle) | **Eligible Lessees, Former Owners, and Former Lessees** |
|---|---|---|---|
| **Cash Compensation** | **$3,075** | **$2,460** | **$990** |

The estimated maximum aggregate value of the monetary component of this Class Action Agreement is $307,460,800, if every Class Member participates in the Class Action Agreement by filing a timely and valid Claim.

**Vehicle Repair.**  The second objective is achieved through an emissions modification approved by the EPA and CARB that is intended to ensure that the Subject Vehicles' emissions are in compliance with the emissions standards to which they were originally certified, without reducing advertised performance or average fuel economy (see Question 16 for further details).  Through the Settlements, Fiat Chrysler will offer this "Approved Emissions Modification" or "AEM" free of charge to all model year 2014 to 2016 Ram 1500 EcoDiesel and Jeep Grand Cherokee EcoDiesel vehicles, including Eligible Vehicles. In addition, under the Consent Decree, Fiat Chrysler will pay $305 million as a penalty under the Clean Air Act and the California Health and Safety Code.

**Extended Warranty**. The third objective is achieved through an Extended Warranty offered for all Subject Vehicles that receive the Approved Emissions Modification.  The Extended Warranty covers all parts and systems affected by the Approved Emissions Modification, and the warranty term is the greater of (i) 10 years from the date of initial sale or 120,000 actual miles on the vehicle odometer, whichever comes first; and (ii) 4 years or 48,000 miles from the date and mileage of installing the Approved Emissions Modification on the vehicle, whichever comes first.  Fiat Chrysler shall not impose on consumers any fees or charges (and must pay any fees or charges imposed on consumers by any Dealer in accordance with the applicable franchise agreements with such Dealers) related to the warranty service.  The estimated per-vehicle cost to Fiat Chrysler of the warranty components of this Class Action Agreement is approximately $1,050.

**Subject to the limitations on non-operable vehicles and vehicles that have modified emissions systems, as discussed in Questions 14 and 15 below, all current owners and current lessees of Subject Vehicles will be able to obtain the AEM and Extended Warranty regardless of whether they are Class Members, but only Class Members are eligible for monetary compensation.**

### Obtaining Information About the Settlements and their Benefits

This Notice is a summary of the Class Action Agreement and its benefits. The full details of the Settlements are available online at the Settlement Website (www.EcoDieselSettlement.com). The Settlement Website also contains additional information about settlement benefits and eligibility.

### Attorneys' Fees

The attorneys that the Court appointed to represent the consumer plaintiffs in this litigation are referred to as "Class Counsel." Class Counsel will request Defendants pay [$___] in attorneys' fees and [$___] in costs separate from and in addition to the benefits the Settlements provide Class Members. Any fees and costs paid to Class Counsel will not reduce Class Members' compensation, and must be approved by the Court.

3

| WHAT THIS NOTICE CONTAINS |
|---|

**CLASS MEMBERSHIP** ............................................................................................................... **6**

1. What is this litigation about? .......................................................................................... 6
2. Am I covered by the Class Action Agreement? .............................................................. 6
3. Who qualifies for the Approved Emissions Modification and Extended Warranty? ......... 7
4. Who qualifies for payment benefits? And what will they receive? .................................. 7
5. I sold my vehicle. Am I a Class Member? What are my benefits? .................................. 9
6. I no longer lease my vehicle. Am I a Class Member? .................................................... 9
7. I bought my vehicle after January 12, 2017. Am I a Class Member? ............................ 10
8. Am I covered by the Class Action Agreement if I leased and then purchased the
   vehicle that I now own? .............................................................................................. 10

**ECODIESEL SETTLEMENT BENEFITS** ..................................................................................... **11**

9. What benefits will be available for Subject Vehicles? .................................................. 11
10. What are my benefits if I leased and then purchased my vehicle? .............................. 11
11. Can I receive benefits if my vehicle is totaled? ......................................................... 11
12. When do I need to have the repair done? ................................................................... 12

**REPAIRING YOUR VEHICLE'S EMISSIONS SYSTEM** .............................................................. **13**

13. How and when will the emissions systems from Subject Vehicles be repaired? .......... 13
14. What if my vehicle is not operable or if I have altered or modified its emission
    control system? .......................................................................................................... 13
15. How will the Approved Emissions Modification affect my vehicle? .............................. 13
16. What is included in the Approved Emissions Modification Extended Warranty? .......... 14

**HOW TO GET BENEFITS – FILING CLAIMS FOR ELIGIBLE VEHICLES** ................................. **16**

17. How do I claim Class Action Agreement benefits? ..................................................... 16
18. When can I make a claim? .......................................................................................... 16
19. What is the deadline to make a claim? ....................................................................... 16
20. What supporting documents do I need to make a claim? ............................................ 17
21. When and how will I receive my payment? ................................................................. 17

**UNDERSTANDING THE CLASS ACTION PROCESS** ................................................................ **18**

22. Why did I receive Notice of the Settlements? ............................................................. 18
23. What is a class action? ............................................................................................... 18
24. What am I giving up in exchange for receiving the Class Action Agreement
    benefits? ..................................................................................................................... 18
25. Am I releasing any personal injury or wrongful death claims if I participate in the
    Class Action Agreement? ............................................................................................ 18
26. How do I get out of the Class Action Agreement? ...................................................... 18
27. If I stay in this Class Action Agreement, can I sue these Defendants for the same
    thing later? ................................................................................................................. 19
28. If I exclude myself, can I still get full benefits from the Class Action Agreement? ...... 19
29. Do I have a lawyer in the case? ................................................................................. 19
30. How will the lawyers be paid? And how much? .......................................................... 20
31. How do I tell the Court if I do not like the Class Action Agreement? ........................... 20
32. What is the difference between objecting to the Class Action Agreement and
    opting out? ................................................................................................................. 21
33. When and where will the Court decide whether to approve the Class Action
    Agreement? ................................................................................................................ 21
34. Do I have to attend the hearing? ................................................................................ 22

Case 3:17-md-02777-EMC  Document 506-5  Filed 01/18/19  Page 6 of 23

35.  May I speak at the hearing? ............................................................................................ 22
36.  How do I get more information? ....................................................................................... 22

**CLASS MEMBERSHIP**

| 1. | What is this litigation about? |
| --- | --- |

On January 12, 2017, the EPA and CARB issued notices of violation to Fiat Chrysler Automobiles N.V. and FCA US LLC alleging that certain Ram and Jeep vehicles with 3.0-liter V6 diesel engines in the United States were equipped with eight Auxiliary Emissions Control Devices ("AECDs") that were not disclosed to the EPA, and that the operation of one or more of the AECDs alone or in combination resulted in excess emissions of nitrogen oxides ("NOx"). January 12, 2017 is sometimes referred to in this Notice as the "Notice of Violation date" or "NOV date."

Attorneys representing owners and lessees of these EcoDiesel vehicles, including certain automobile dealers not affiliated with Fiat Chrysler, filed class action lawsuits against Fiat Chrysler Automobiles N.V., FCA US LLC, VM Motori, S.p.A., VM North America, Inc., Robert Bosch GmbH, and Robert Bosch LLC, who are referred to as the "Defendants." The people who sued are called the "Plaintiffs."

Plaintiffs allege that the Subject Vehicles were equipped with AECDs that caused the vehicles to emit significantly more pollutants than consumers reasonably expected, and more pollutants than were permitted under federal and state clean air laws. Plaintiffs further assert that the Defendants intentionally misled consumers about the qualities and characteristics of the Subject Vehicles.

In addition to the class action lawsuits, the DOJ filed suit on behalf of the EPA and the State of California filed suit by and through the California Attorney General and CARB. The lawsuits filed by the DOJ/EPA and California assert that Fiat Chrysler violated the Clean Air Act and the California Health and Safety Code.

The case is before Judge Edward Chen of the United States District Court for the Northern District of California (the "Court"). The case is known as *In Re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation,* No. 3:17-md-2777.

| 2. | Am I covered by the Class Action Agreement? |
| --- | --- |

You are covered by the Class Action Agreement if you are a member of the Class. Except for the exclusions mentioned below, the Class is composed of all persons (including individuals and entities) who:

- On January 12, 2017, owned or leased an eligible model year 2014, 2015, or 2016 Ram 1500 or Jeep Grand Cherokee 3.0-liter diesel vehicle Registered (as defined in Paragraph 2.60 of the Class Action Agreement) in the United States or its territories (an "Eligible Vehicle," defined more fully in Section 2.35 of the Class Action Agreement); or

- between January 12, 2017 and the deadline to submit claims become the owner or lessee of an Eligible Vehicle in the United States or its territories; or

- own or lease an Eligible Vehicle in the United States or its territories at the time it receives the Approved Emissions Modification.

The Class does not include Fiat Chrysler Authorized Dealers but does include automobile dealers who are not Fiat Chrysler Authorized Dealers and otherwise meet the definition of the Class.

The following persons (including entities and individuals) are **excluded** from the Class:

- Owners or lessees who acquired an Eligible Vehicle after January 12, 2017 (NOV date) and transferred ownership or terminated their lease before [the Opt-Out Deadline];

- Owners or lessees who acquired an Eligible Vehicle after January 12, 2017 and transferred ownership or terminated their lease after [the Opt-Out Deadline] as a result of a total loss, but before the deadline for Eligible Owners and Eligible Lessees to submit a claim;

- Owners who acquired an Eligible Vehicle on or before January 12, 2017 and transferred ownership after January 10, 2019 (the date the settlement was announced) but before [the Opt-Out Deadline], unless ownership was transferred as a result of a total loss;

- Lessees who leased their Eligible Vehicles on or before January 12, 2017, acquire ownership after January 10, 2019, and transfer ownership before the AEM is performed on the Eligible Vehicle;

- Owners whose Eligible Vehicle is not Registered (as defined in Paragraph 2.60 of the Class Action Agreement) in the United States as of the date the AEM is performed;

- Defendants' officers, directors and employees; Defendants' affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors and employees; and Fiat Chrysler's Authorized Dealers and their officers and directors;

- Judicial officers and their immediate family members and associated court staff assigned to this case; and

- All those otherwise in the Class who or which timely and properly exclude themselves from the Class.

If, after reading this Notice, you are not sure whether you are included in one of the Settlements, you may visit the Settlement Website (www.EcoDieselSettlement.com) or call 1-833-280-4748. You may also write with questions via e-mail to [e-mail address for questions – to be updated upon preliminary approval of settlement] or regular mail to [mailing address for questions – to be updated upon preliminary approval of settlement].

| 3. | Who qualifies for the Approved Emissions Modification and Extended Warranty? |
|---|---|

All current owners and current lessees of Subject Vehicles will be able to obtain the AEM at a Fiat Chrysler Authorized Dealer or, in certain areas, through a Fiat Chrysler service provider, regardless of whether they are Class Members. The specific repairs that will be performed are generally described in Paragraph 23 of the Consent Decree, which is available on the Settlement Website (www.EcoDieselSettlement.com). All vehicles that receive the AEM will also be entitled to the Extended Warranty.

**Subject to the limitations on non-operable vehicles and vehicles that have modified emissions systems, as discussed in Questions 14 and 15 below, all current owners and current lessees of Subject Vehicles will be able to obtain the AEM and Extended Warranty regardless of whether they are Class Members, but only Class Members are eligible for monetary compensation.**

| 4. | Who qualifies for payment benefits? And what will they receive? |
|---|---|

Several broad categories of Class Members qualify for payment benefits: Eligible Owners, Eligible Lessees, Eligible Former Owners, and Eligible Former Lessees. The Class Action Agreement sets forth all eligibility criteria and compensation details, but the table below provides an overview of the Class Member categories and the benefits they are eligible to receive.

| Category | Definition | Benefits | Class Member Payment[†] |
|---|---|---|---|
| **Eligible Owner** (acquired vehicle on or before January 12, 2017) | Owned an Eligible Vehicle on January 12, 2017 (NOV date), and owns that Vehicle at the time of the AEM | Owner Payment + Approved Emissions Modification + Extended Warranty | **$3,075** |
| **Eligible Owner** (acquired vehicle after January 12, 2017) (does not apply to owners of vehicles that were leased as of January 10, 2019, who are treated as Eligible Lessees, and not Eligible Owners) | Owns an Eligible Vehicle at the time of the AEM, but did not own that Eligible Vehicle on January 12, 2017 (NOV date) | Owner Payment + Approved Emissions Modification + Extended Warranty | **$2,460** (if an Eligible Former Owner or Eligible Former Lessee of the vehicle also makes a valid claim for benefits) OR **$3,075** (if no other Class Member makes a valid claim for benefits related to the same vehicle) |
| **Eligible Former Owner\*** | Owned an Eligible Vehicle on January 12, 2017 (NOV date), and sold the vehicle on or before January 10, 2019 (date of settlement announcement) | Former Owner Payment | **$990** |
| **Eligible Lessee** | Leases an Eligible Vehicle at the time of the AEM, or purchased an Eligible Vehicle that was leased on January 10, 2019 (date of settlement announcement), and owns the Eligible Vehicle at the time of the AEM | Lessee Payment + Approved Emissions Modification + Extended Warranty | **$990** |
| **Eligible Former Lessee\*** | Leased an Eligible Vehicle on January 12, 2017 (NOV date), and surrendered the vehicle before the vehicle receives the AEM. | Lessee Payment | **$990** |

[†] Eligible Owners and Eligible Lessees who participate in the Claims Program must complete an Approved Emissions Modification to receive the Class Member Payment.

\* For additional details relating to totaled vehicles, see Question 11.

| **5.** | **I sold my vehicle.  Am I a Class Member?  What are my benefits?** |
|---|---|

**Class Members who wish to claim benefits under the Class Action Agreement and have not already sold or otherwise transferred ownership of their vehicles should retain their vehicles, submit a claim, and have the AEM performed on their vehicles.**

If you owned an Eligible Vehicle on January 12, 2017 (NOV date), and you sold your vehicle before January 10, 2019 (date of settlement announcement), including transferring it to an insurance company or otherwise selling to a junkyard or salvage dealer following a total loss (i.e., a "totaled" vehicle), you are a Class Member.  You **may be eligible** to receive benefits as an Eligible Former Owner.

**TO OBTAIN SETTLEMENT BENEFITS, Eligible Former Owners MUST submit a complete and valid claim within 90 days after the Court's final approval of the Settlements to be eligible for compensation.  Under the <u>proposed</u> schedule, this would mean a deadline of July 29, 2019, although the deadline may change depending on when the Court finally approves the Settlements.  Please check the Settlement Website (www.EcoDieselSettlement.com) regularly for updates regarding this deadline.  See Questions 18-21 for details on how to submit a claim.  <u>Eligible Former Owners who miss the 90-day claim deadline will not receive any settlement compensation.</u>**

If you sold or otherwise transferred title of your Eligible Vehicle after January 10, 2019, but before [the Opt-Out Deadline], you are not a Class Member, this Agreement does not cover or release any potential claims you might have against the Defendants, and you will **not** receive any compensation under the Class Action Agreement.

If you sold or otherwise transferred title of your Eligible Vehicle after [the Opt-Out Deadline], but before the vehicle receives the AEM, you **are** a Class Member but you will **not** receive any compensation under the Class Action Agreement.  To avoid this situation, you should keep your vehicle, submit a claim and then schedule and complete an AEM appointment as soon as possible.

If, because of a total loss, you transferred title to your Eligible Vehicle to an insurance company or an equivalent after January 10, 2019, and prior to receiving the AEM, please refer to Question 11.

| **6.** | **I no longer lease my vehicle.  Am I a Class Member?** |
|---|---|

If you leased an Eligible Vehicle as of January 12, 2017 (NOV date), and your lease terminated before the AEM is performed, you are a Class Member known as an Eligible Former Lessee.

If you are leasing an Eligible Vehicle when the AEM is performed, you are a Class Member known as an Eligible Lessee.

Lessees will be entitled to the same compensation under the Class Action Agreement regardless of whether they are classified as Eligible Lessees or Eligible Former Lessees.

If you previously leased an Eligible Vehicle and then purchased it, please see Question 8.

**TO OBTAIN SETTLEMENT BENEFITS, Eligible <u>Former</u> Lessees MUST submit a complete and valid claim within 90 days after the Court's final approval of the Settlements to be eligible for compensation.  Under the <u>proposed</u> schedule, this would mean a deadline of July 29, 2019, although the deadline may change depending on when the Court finally approves the Settlements.  <u>Eligible Former Lessees who miss the 90-day claim deadline will not receive any settlement compensation.</u>**

**Please check the Settlement Website (www.EcoDieselSettlement.com) regularly for updates regarding this deadline.  See Questions 18-21 for details on how to submit a claim.**

| 7. | I bought my vehicle after January 12, 2017.  Am I a Class Member? |
|---|---|

If you acquired an Eligible Vehicle after January 12, 2017 (NOV date), and continue to own the vehicle as of the date it receives the AEM, you are a Class Member known as an Eligible Owner.  However, if you own an Eligible Vehicle that was leased, either by you or another party, as of January 10, 2019 (date of settlement announcement), and own the vehicle when the AEM is performed, you are eligible for a Lessee Payment, not an Owner Payment.

If you acquired an Eligible Vehicle after January 12, 2017 and sold or otherwise transferred ownership of that vehicle after January 10, 2019, but *before* [the Opt-Out Deadline], you are not a Class Member and you will **not** receive any benefits under the Class Action Agreement.

If you acquired an Eligible Vehicle after January 12, 2017, and, because of a total loss, transferred title of the vehicle to an insurance company or equivalent after [the Opt-Out Deadline], you are not a Class Member and you will **not** receive any benefits under the Class Action Agreement.

**If you acquired an Eligible Vehicle after January 12, 2017, and sold or otherwise transferred title of that vehicle *after* [the Opt-Out Deadline], but before the vehicle receives the AEM, you are a Class Member but you will <u>not</u> receive any benefits under the Class Action Agreement.  To avoid this situation, you should keep your vehicle, submit a claim and then schedule and complete an AEM appointment as soon as possible.**

If you purchase or lease an Eligible Vehicle on or after [the Opt-Out Deadline] but before the last day to submit a claim (see Question 20), you have the right to exclude yourself from (opt out of) the class on or before the last day to submit a claim, or within 60 days of purchase/lease, whichever is later.  (See Paragraph 6.1 of the Class Action Agreement for additional details.)  For more information regarding your right to exclude yourself from the Class Action Agreement, see Question 27.

| 8. | Am I covered by the Class Action Agreement if I leased and then purchased the vehicle that I now own? |
|---|---|

Yes, you are a member of the Class.  The benefits you will receive depend on when you purchased your vehicle.  If you purchased your vehicle before January 10, 2019, you are an Eligible Owner.  If you purchased your previously-leased vehicle on or after January 10, 2019, you are an Eligible Lessee. **However, if you are an Eligible Lessee, and if you purchase and then subsequently sell the Eligible Vehicle after January 10, 2019, and before it receives the AEM, you will <u>not</u> receive any benefits under the Class Action Agreement.**

## ECODIESEL SETTLEMENT BENEFITS

| 9. | What benefits will be available for Subject Vehicles? |
|---|---|

Fiat Chrysler has developed, and the EPA and CARB have approved, a change to the emissions software referred to as the Approved Emissions Modification ("AEM") that ensures compliance with the emissions standards to which the vehicles were originally certified without reducing advertised performance or average fuel economy. Owners and lessees who still own or lease their vehicles will be entitled to receive the AEM free of charge and an Extended Warranty. In addition to an Approved Emissions Modification, the Class Action Agreement provides for monetary compensation to Class Members that receive an AEM, as described in Question 4.

| 10. | What are my benefits if I leased and then purchased my vehicle? |
|---|---|

If you leased your vehicle and then purchased it, your benefits depend on when you bought your vehicle and on whether and when you sold it.

- If you purchased your Eligible Vehicle **after** January 10, 2019 (date of settlement announcement), and still own the vehicle, you are considered an Eligible Lessee. If you continue to own the vehicle when the Approved Emissions Modification is performed you are entitled to a Lessee Payment and an Extended Warranty. If you leased the vehicle as of January 12, 2017, and surrender it at the conclusion of your lease before the Approved Emissions Modification is performed, you are entitled to a Lessee Payment as an Eligible Former Lessee.

- If you purchased your Eligible Vehicle from a lease on or **before** January 10, 2019, you are considered an Eligible Owner. If you continue to own the vehicle when the Approved Emissions Modification is performed, you are entitled to an Owner Payment and an Extended Warranty. If you leased the vehicle as of January 12, 2017, and purchased and then sold or otherwise transferred title of the vehicle before January 10, 2019, you are entitled to a Former Owner Payment.

| 11. | Can I receive benefits if my vehicle is totaled? |
|---|---|

If your Eligible Vehicle is or was declared a total loss ("totaled") and transferred to an insurance company (or otherwise sold to a junkyard, salvage dealer, or the equivalent), your eligibility for benefits under the Class Action Agreement depends on when title of the totaled vehicle is transferred.

If you owned an Eligible Vehicle on or before January 12, 2017, but that vehicle was totaled and transferred to an insurance company (or otherwise sold to a junkyard, salvage dealer, or the equivalent) before the AEM is performed, you can still receive compensation as an Eligible Former Owner (a Former Owner Payment). However, you must submit a complete claim by the applicable deadline (see Questions 5 and 19).

If you acquired an Eligible Vehicle after January 12, 2017, but that vehicle was totaled and transferred to an insurance company (or otherwise sold to a junkyard, salvage dealer, or the equivalent) before the AEM is performed on the vehicle, you are **not** eligible to receive compensation under the Class Action Agreement.

If you leased an Eligible Vehicle on or before January 12, 2017, but that vehicle was totaled and surrendered under the terms of the lease before the AEM is performed, you can still receive compensation as an Eligible Former Lessee. However, you must submit a complete claim by the applicable deadline (see Questions 6 and 20).

If your lease began after January 12, 2017, and your vehicle was totaled and surrendered under the terms of the lease before the AEM is performed, you are **not** eligible to receive compensation under the Class Action Agreement.

| 12. | When do I need to have the repair done? |
|---|---|

If you own or lease an Eligible Vehicle, to receive compensation under the Class Action Agreement, you must submit a complete and valid claim by **21 months after the Court's orders granting final approval of the Settlements and complete your AEM by 24 months after the Court's orders granting final approval of the Settlements**.  You can continue to drive your vehicle without an Approved Emissions Modification until you schedule an Approved Emissions Modification appointment, but you will not receive payment or an Extended Warranty until the Approved Emissions Modification is performed (unless the vehicle is declared a total loss and transferred to an insurance company or equivalent, and you timely file a complete and valid Claim—see Question 11).

**Please note that Eligible Former Owners and Eligible Former Lessees must submit a complete and valid claim within 90 days after final approval of the Class Action Agreement.  Under the proposed schedule, this would mean a deadline of July 29, 2019, although the deadline may change depending on when the Court finally approves the Settlements.**

**Eligible Former Owners and Eligible Former Lessees who do not submit a claim before the 90-day deadline will not receive compensation under the Class Action Agreement.**

**Please check the Settlement Website (www.EcoDieselSettlement.com) regularly for updates regarding this deadline.**

**REPAIRING YOUR VEHICLE'S EMISSIONS SYSTEM**

| 13. | How and when will the emissions systems from Subject Vehicles be repaired? |
|---|---|

The Approved Emissions Modification will be available 15 days after the Court grants final approval of the Settlements.  The earliest date the AEM will be available is May 14, 2019.  All owners or lessees of Subject Vehicles, including Class Members, will be able to obtain the repair at a Fiat Chrysler Authorized Dealer or, in certain areas, through a Fiat Chrysler service provider.  Eligible Class Members will receive the associated Class Member Payment described in Question 4. The specific repairs that will be performed are generally described in Paragraph 23 of the Consent Decree, which is available on the Settlement Website (www.EcoDieselSettlement.com).

Fiat Chrysler will provide a loaner vehicle at no cost to the Eligible Owner/Lessee for any Approved Emissions Modification that is scheduled to take longer than three hours or that is not complete within three hours of the scheduled start of the appointment.  Class Members who receive a loaner vehicle under this provision will have 24 hours to return the vehicle from the time Fiat Chrysler notifies them that the AEM is complete.

| 14. | What if I altered my vehicle's emission control system? |
|---|---|

If you altered the emission control system in your vehicle, you may still be eligible to receive the AEM and may still be a Class Member eligible for compensation under the Class Action Agreement.  However, if the AEM cannot be installed on your vehicle because of alterations to the emission control system or if the alterations are likely to substantially affect the operation of your vehicle with the AEM installed, you may not be eligible for the AEM or compensation under the Class Action Agreement unless you first reverse the alterations, at your own expense (see Paragraph 38.e of the Consent Decree and Paragraph 2.52 of the Class Action Agreement for additional details).

| 15. | What if my vehicle is not operable? |
|---|---|

A vehicle must be operable to be considered an Eligible Vehicle.  That means the vehicle must be able to be driven under its own engine power and is in reasonable condition such that it can be driven lawfully and safely on public roads (see Paragraph 2.52 of the Class Action Agreement for additional details).  If your vehicle is not operable, you must restore it to an operable condition at your own expense for it to be considered an Eligible Vehicle.

| 16. | How will the Approved Emissions Modification affect my vehicle? |
|---|---|

The Approved Emissions Modification is intended to ensure that the Subject Vehicles are in compliance with the exhaust emissions standards to which they were originally certified.

Nature of the Approved Emissions Modification. The Approved Emissions Modification (AEM) consists of a software reflash that modifies the calibrations in your vehicle's Engine Control Unit (ECU) and Transmission Control Unit (TCU).  There are no hardware changes to your vehicle associated with this AEM.  However, your authorized Ram or Jeep dealership may make certain hardware changes to your vehicle or may modify your vehicle in accordance with open recall notices at the same time the AEM is installed.  You should ask your authorized dealer about these changes to your vehicle, as they are not part of the AEM described in this document.

Key Vehicle Attributes. This AEM is not expected to change any of your key vehicle attributes, such as reliability, durability, vehicle performance, drivability, engine noise or vibration, or other driving characteristics.

<u>DEF Consumption</u>. The AEM is not expected to change your Diesel Exhaust Fluid (DEF) tank refill interval.  If your previous refill rate coincided with your oil change interval, that should not change with this software update.  However, you may notice that under certain conditions your vehicle may use slightly more DEF as compared to prior usage.

<u>Fuel Economy</u>. Average fuel economy is not expected to change as a result of this AEM.  The AEM may, under sustained low speed driving (e.g., under 21 mph) with frequent stops, decrease your fuel economy or, under sustained high speed driving conditions, increase or decrease your fuel economy.  As with all vehicles, however, several factors can affect your actual fuel economy such as: how and where you drive, vehicle condition, maintenance and age, fuel variations, and vehicle variations.

This information will be made available online through the Settlement Website (www.EcoDieselSettlement.com).  Online access will be provided for a minimum of ten years after the Consent Decree is entered.

| 17. | What is included in the Approved Emissions Modification Extended Warranty? |
|---|---|

The "Approved Emissions Modification Extended Warranty" is a warranty that will apply to all vehicles that receive an Approved Emissions Modification.  It will cover the cost of all parts and labor needed to repair the items listed in Appendix E of the Consent Decree, which are also listed here:

- <u>Catalysts</u>: Diesel Oxidation Catalyst / Diesel Particulate Filter (DPF) Assembly; Selective Catalytic Reduction (SCR) Catalyst

- <u>Diesel Exhaust Fluid (DEF) System</u>: DEF Injector; DEF Injector Controller; DEF Storage Tank; DEF Delivery Lines; DEF Concentration Sensor (2016 Model Year Ram 1500 and Jeep Grand Cherokee only); DEF Supply Module, Pump, & Temperature Sensor Unit

- <u>Parts of the Fuel System</u>: Low Pressure Fuel Pump Module & Level Unit; Fuel Injectors; Fuel Rail; High Pressure Fuel Line; High Pressure Injection Pump & Regulator Unit

- <u>Parts of the Exhaust Gas Recirculation (EGR) System</u>: EGR Cooler Tubes; EGR Cooler; EGR Valve; EGR Temperature Sensor; EGR Cooler bypass actuator

- <u>Other Sensors That Are Covered</u>: Oxygen Sensors; NOx Sensors; Intake Manifold Pressure Sensor; Engine Coolant Temperature Sensor; Fuel/Water Separator Sensor; Intake Swirl Actuator Sensor; Engine Camshaft Position Sensor; Engine Crankshaft Position Sensor; Particulate Matter Sensor; Mass Airflow Sensor; Boost Pressure Sensor; Crankcase Pressure Sensor; Exhaust Manifold Pressure Sensor; Throttle Valve; Exhaust Temperature Sensor; DPF Differential Pressure Sensor

- Engine Control Module (Computer)

- Transmission Control Module (Computer/Valve Body & Solenoids)

- Throttle Valve

- Cylinder Head Assembly, including Valves, Springs, Valve Spring Keepers, Valve Seats, Cam Bearing Caps, and Manifold Studs (Camshaft and other components of the assembly are not covered)

- Engine Thermostat/housing/gasket

- The turbocharger system including all related hoses and pipes, all sensors and actuators

- Additionally, the Extended Warranty shall cover the cost of any OBD Diagnostic Scan for malfunctions that trigger the OBD Malfunction Indicator Light (MIL), regardless of whether the malfunction is attributable to a part that is covered under the Extended Warranty.

The Approved Emissions Modification Extended Warranty will extend to all parts and labor related to the covered components.

The Approved Emissions Modification Extended Warranty will not void any outstanding warranty. If there is a conflict between the Extended Warranty and any outstanding warranty, that conflict will be resolved to your benefit. The warranty term is the greater of (i) 10 years from the date of initial sale or 120,000 actual miles on the vehicle odometer, whichever comes first; and (ii) 4 years or 48,000 miles from the date and mileage of installing the Approved Emissions Modification on the vehicle, whichever comes first. In no event shall the Extended Warranty apply to or provide any coverage for Eligible Vehicles after May 1, 2029. In the event that an Eligible Vehicle that has received the Approved Emissions Modification is resold, the remaining Extended Warranty Period, if any, is transferable to subsequent purchasers and shall continue through the date or mileage determined in this Paragraph for the benefit of such subsequent purchasers.

The Extended Warranty also provides buyback protections to any Eligible Owner or Eligible Lessee of an Eligible Vehicle that receives the AEM in the event that, during the 18 months or 18,000 miles (whichever comes first) following the completion of the AEM (the "Remedy Period"), Fiat Chrysler fails to repair or remedy a confirmed failure or malfunction covered by the Extended Warranty and associated with the AEM (a "Warrantable Failure") after the Eligible Owner or Eligible Lessee physically presents the Eligible Vehicle to a Fiat Chrysler Authorized Dealer for repair of the Warrantable Failure; and (1) the Warrantable Failure is unable to be remedied after making four separate service visits to the same Fiat Chrysler Authorized Dealer for the same Warrantable Failure during the Remedy Period; or (2) the Eligible Vehicle with the Warrantable Failure is out-of-service due to the Warrantable Failure for a cumulative total of thirty (30) days during the Remedy Period, not including any days when the Dealer returns or otherwise tenders the Eligible Vehicle to the customer while the Fiat Chrysler Authorized Dealer awaits necessary parts and such vehicle remains Operable.

Additional detail regarding the Extended Warranty can be found in Paragraph 45 and Appendix E of the Consent Decree.

**HOW TO GET BENEFITS – FILING CLAIMS FOR ELIGIBLE VEHICLES**

| **18.** | **How do I claim Class Action Agreement benefits?** |
|---|---|

To claim Class Action Agreement benefits, you will need to make a claim online or by mail.  You can obtain and print forms for mail submissions on the Settlement Website or request them by mail by calling 1-833-280-4748.  Online claims submissions are likely to be processed most quickly.

**Online:** www.EcoDieselSettlement.com.

**Mail:** [Address for claims – to be updated upon preliminary approval of settlement].

| **19.** | **When can I make a claim?** |
|---|---|

The Claims Period begins on the date the Court grants final approval of the Settlements.  The earliest date this could occur is April 29, 2019.  While FCA may not review Claims Forms and supporting documentation until the Claims Period begins, you will be able to start your claim before the Claims Period begins and you can take steps now to stay updated on the claims process.  Please check the Settlement Website (www.EcoDieselSettlement.com) for updates.

You should visit the Settlement Website (www.EcoDieselSettlement.com) or call 1-833-280-4748 as soon as possible to sign up for e-mail updates about the Class Action Agreement, including notification of when Claims Forms will be available.  **Signing up for e-mail updates on the Settlement Website is not submission of a claim, and you should check the Settlement Website (www.EcoDieselSettlement.com) regularly, even after you sign up for e-mail updates.**

| **20.** | **What is the deadline to make a claim?** |
|---|---|

The deadline for you to submit a claim depends on whether you are (i) an Eligible Owner or Eligible Lessee or (ii) an Eligible Former Owner or Eligible Former Lessee.

**If you are an Eligible Former Owner or Eligible Former Lessee, to receive benefits under the Class Action Agreement, you must submit a complete and valid claim within 90 days of the Court's final orders approving the Settlements.  Under the proposed schedule, this would mean a deadline of July 29, 2019, although the deadline may change depending on when the Court finally approves the Settlements.**

However, if you become an Eligible Former Owner or Eligible Former Lessee because your Eligible Vehicle is transferred to a third party after January 10, 2019, as a result of a total loss, but before the AEM is performed, your deadline to submit a complete and valid claim is the later of (1) 90 days from the Court's orders granting final approval of the Settlements, or (2) 60 days after title is transferred (for Eligible Former Owners), or 60 days after surrendering the leased vehicle under the terms of the lease (for Eligible Former Lessees).  In no event, however, will the deadline extend beyond 21 months from the Court's orders granting final approval of the Settlements.

The deadline for Eligible Former Lessees whose leases began on or before January 12, 2017, and who terminate their leases before receiving the AEM is also the later of (1) 90 days from the Court's orders granting final approval of the Settlements, or (2) 60 days after surrendering the leased vehicle under the terms of the lease, but in no event later than 21 months from the Court's orders granting final approval of the Settlements.

All other Class Members must submit a complete and valid claim by 21 months from the Court's orders granting final approval of the Settlements.  You will need to complete any Approved Emissions Modification by the time the Class Action Agreement claim program ends, which is 24 months from the Court's orders granting final approval of the Settlements.  To ensure that you have adequate time to

schedule and complete your Approved Emissions Modification, you should not wait until the 21-month deadline approaches to submit your claim or schedule your Approved Emissions Modification.

**Class Members who do not submit a claim by the applicable deadline will not receive settlement compensation.**

| 21. | What supporting documents do I need to make a claim? |
|---|---|

To start your claim, go to the Settlement Website (www.EcoDieselSettlement.com) and navigate to the Online Claims Portal, where you will be asked for your VIN (Vehicle Identification Number) and other information required to create a claim.  You will be required to submit supporting documentation to complete your claim, which may include:

- Current vehicle registration (if applicable);
- Your driver's license or other government-issued identification;
- Dates you owned or leased the Eligible Vehicle; and
- Sufficient proof of current or former ownership or lease (as applicable).

| 22. | When and how will I receive my payment? |
|---|---|

The earliest possible time for payments to begin is approximately six weeks from the Court's orders granting final approval of the Class Action Agreement.  If the Court grants final approval of the Class Action Agreement, Defendants will pay eligible claims on a rolling basis as they are received and approved and offers are accepted by Class Members.  The claims program will begin when the Court grants final approval of the Class Action Agreement and will not wait until appeals, if any, are resolved before providing benefits.

Once your claim is submitted, including all required documentation, you will be notified whether your claim is complete.  If your claim is deficient, you will receive instructions concerning how to resolve any deficiency.  Once your claim and documents are complete and you are determined to be eligible, you will receive an offer letter and release form that you must sign, notarize, and return.  Once the offer package is accepted, you will be able to schedule your Approved Emissions Modification at a Fiat Chrysler Authorized Dealer (for Eligible Owners and Eligible Lessees), or your payment will be processed (for Eligible Former Owners and Eligible Former Lessees).  For Eligible Owners and Eligible Lessees, payments will be processed only after the Approved Emissions Modification is performed.

In general, Eligible Owners and Eligible Lessees should complete a claim before scheduling an appointment for an Approved Emissions Modification.  However, an Eligible Owner or Eligible Lessee who receives an Approved Emissions Modification prior to submitting a claim will still be eligible for compensation if the Eligible Owner or Eligible Lessee later submits a valid claim within 21 months of the Court's orders granting final approval of the Settlements.

If you are an Eligible Owner, and you complete a valid claim within the first 90 days after the Court grants final approval of the Settlements, you may choose to either (i) receive an initial payment of $2,460, and an additional, later payment of $615 if no Eligible Former Owner or Eligible Former Lessee makes a valid claim for compensation related to your vehicle within 90 days after the Court grants final approval of the Settlements, or (ii) choose to receive a single lump-sum payment after 90 days from the date the Court grants final approval of the Settlements, which will be $2,460 if an Eligible Former Owner or Eligible Former Lessee has made a valid claim for your vehicle, or $3,075 if no Eligible Former Owner or Eligible Former Lessee has made a valid claim for your vehicle.  If you have any questions about your payment options, please call 1-833-280-4748.

## UNDERSTANDING THE CLASS ACTION PROCESS

| **23.** | **Why did I receive Notice of the Settlements?** |
|---|---|

You received a Notice because you may be a member of the Class.  The Court authorized this Notice because Class Members have a right to know about the proposed Class Action Agreement and to understand all of their options before the Court decides whether or not to approve the Class Action Agreement.  This Notice summarizes the Class Action Agreement and explains Class Members' legal rights and options, as well as the relief provided by the Consent Decree.

| **24.** | **What is a class action?** |
|---|---|

A class action is a representative lawsuit. One or more plaintiffs (who are also called "class representatives") sue on behalf of themselves and all other people with similar claims who are not named in the lawsuit but are described in the class definition and are called "Class Members."  When a class action is settled, the Court resolves the issues in the lawsuit for all Class Members, except for those who leave (opt out of) the class.  Opting out means that you will not receive benefits under the Class Action Agreement.  The opt-out process is described in Question 27 of this Notice.

| **25.** | **What am I giving up in exchange for receiving the Class Action Agreement benefits?** |
|---|---|

If the Court approves the Class Action Agreement and you do not opt out, you will be eligible for the monetary benefits described above.  In exchange, you will waive your right to sue the Defendants and related parties for the claims being resolved by this Class Action Agreement.

This Class Action Agreement **does not** provide compensation for any individuals or entities who are not members of the Class (see Question 2) and does not affect any legal claims related to claims for personal injury or wrongful death.

The Class Action Agreement contains the complete text and details of what rights Class Members waive unless they exclude themselves from the Class Action Agreement, so please read it carefully.   In particular, please refer to Section 9 of that document.  The Class Action Agreement is available on the Settlement Website (www.EcoDieselSettlement.com).  If you have any questions, you may talk to the class counsel listed in Question 30 for free, or you may talk to your own lawyer.

| **26.** | **Am I releasing any personal injury or wrongful death claims if I participate in the Class Action Agreement?** |
|---|---|

No.  The Class Action Agreement does not affect or release any personal injury or wrongful death claims you may have, now or in the future.

| **27.** | **How do I get out of the Class Action Agreement?** |
|---|---|

If you do not want to receive the benefits provided by the Class Action Agreement, and you want to retain the right to sue the Defendants separately about the legal issues in this case, then you must take steps to remove yourself from the Class.  You may do this by asking to be excluded from—sometimes referred to as "opting out of"—the Class.  To do so, you must send a letter or other written document to the Claims Administrator.  Your request <u>must</u> include:

- Your name, address, and telephone number;
- The VIN of your vehicle;

- A statement that "I wish to exclude myself from the Class in *In Re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, No. 3:17-md-2777," or substantially similar clear and unambiguous language;

- A statement as to whether you own, lease, owned, or leased an Eligible Vehicle and the dates of ownership or lease;

- If you no longer own or lease your vehicle, evidence that the vehicle was sold or that the lease expired or was terminated; and

- Your <u>personal</u> signature (electronic signatures, including Docusign, are invalid and will not be considered personal signatures).

You must either (i) mail your signed written request to ==[mailing address for opt-outs – to be updated upon preliminary approval of settlement]==; or (ii) e-mail a complete and legible scanned copy or photograph of your signed written request to OptOut@EcoDieselSettlementAdmin.com. Your signed written request must be sent (postmarked or e-mailed) by ==[the Opt-Out Deadline]==, except that if you purchased or leased your Eligible Vehicle on or after ==[the Opt-Out Deadline]== but before the last day to submit a claim, your signed written request must be sent (postmarked or e-mailed) by the last day to submit a claim or 60 days from the date of purchase or lease, whichever is later. (See Question 20 and Paragraph 6.1 of the Class Action Agreement for additional details.)

The Parties will make reasonable efforts to promptly identify opt-out requests that are unreadable and to notify those individuals before the Opt-Out Deadline, if possible.

| 28. | If I stay in this Class Action Agreement, can I sue these Defendants for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up the right to sue the Defendants for all of the claims that this Class Action Agreement resolves.

| 29. | If I exclude myself, can I still get full benefits from the Class Action Agreement? |
|---|---|

No. If you exclude yourself, you will <u>not</u> get any of the monetary benefits provided by the Class Action Agreement. Under the Consent Decree, you would still be able to obtain an Approved Emissions Modification and Extended Warranty free of charge.

| 30. | Do I have a lawyer in the case? |
|---|---|

Yes. The Court has appointed lawyers to represent all Class Members as "Class Counsel." You will not be charged for contacting these lawyers. **Please contact them at EcoDieselClassCounsel@lchb.com or 1-888-315-6096.** They are:

| | |
|---|---|
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 | W. Daniel Miles, III<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES P.C.<br>218 Commerce Street<br>Montgomery, AL 36104 |
| Roland K. Tellis<br>BARON & BUDD, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, CA 91436 | David S. Casey, Jr.<br>CASEY GERRY SCHENK FRANCAVILLA<br>BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA 92101-1486 |
| Lesley E. Weaver | |

| | |
|---|---|
| BLEICHMAR FONTI & AULD, LLP<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br><br>Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 2nd Avenue, Suite 2000<br>Seattle, WA 98101<br><br>Joseph F. Rice<br>MOTLEY RICE, LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29464 | Lynn Lincoln Sarko<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br><br>Rachel L. Jensen<br>ROBBINS GELLER RUDMAN & DOWD<br>LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 98101<br><br>Stacey P. Slaughter<br>ROBINS KAPLAN LLP<br>800 LaSalle Avenue, Suite 2800<br>Minneapolis, MN 55402 |

| 31. | How will the lawyers be paid? And how much? |
|---|---|

**Any attorneys' fees and costs awarded to Class Counsel by the Court will be paid separately by Defendants in addition to the Class benefits, and will not reduce benefits to Class Members.**

Defendants will pay reasonable attorneys' fees and costs to Class Counsel approved by the Court in addition to the benefits provided to the Class Members in the Class Action Agreement. Class Counsel will ask the Court to award [$] in attorneys' fees and [$] in costs in a document to be filed on February 25, 2019. That document will be available on the Settlement Website shortly after it is filed with the Court, and will describe the methodology and rationale behind Class Counsel's request. Class Members will have an opportunity to comment on and/or object to this request, as explained further in Question 32. The Court must approve these attorneys' fees and costs before they are paid by Defendants.

**Defendants will <u>not</u> pay attorneys' fees and costs to any attorneys other than Class Counsel and attorneys working under Class Counsel's direction.** If you choose to hire attorneys that have not been appointed as Class Counsel, you may incur additional charges, subject to your agreement with your personally-retained attorneys. No attorneys other than Class Counsel or other attorneys authorized by Class Counsel to perform work in connection with this Action will receive fees or expenses from Defendants under this Class Action Agreement or any fee-shifting statute.

| 32. | How do I tell the Court if I do not like the Class Action Agreement? |
|---|---|

If you do not exclude yourself from the Class Action Agreement, you may object to it. The Court will consider your views. **Even if you make an objection, you must <u>also</u> submit a claim in order to get cash compensation under the Class Action Settlement.**

To comment on or to object to the Class Action Agreement or Class Counsel's request for attorneys' fees and costs, you or your attorney must submit your written objection to the Court, including the following:

- Your name, address, and telephone number;

- A statement saying that you object to the Class Action Agreement in *In Re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, No. 3:17-md-2777 (N.D. Cal.);

- A statement that you have reviewed the Class definition and have not opted out of the Class;

- The reasons you object to the Class Action Agreement or Class Counsel's request for attorneys' fees and costs, along with any supporting materials;

- The VIN of your Eligible Vehicle and the dates you owned or leased the Eligible Vehicle; and

- Your signature and date.

In addition, if you wish to speak at the final approval hearing (the "Fairness Hearing"), you must submit a written notice of your intent (see Question 36 below).

You must mail your objection to the addresses below, postmarked by [the Opt-Out Deadline]:

| COURT | CLASS COUNSEL | FIAT CHRYSLER DEFENDANTS | BOSCH DEFENDANTS |
|---|---|---|---|
| **Clerk of the Court/Judge Edward Chen Phillip Burton Federal Building & United States Courthouse 450 Golden Gate Avenue San Francisco, CA 94102** | Elizabeth Cabraser Lieff Cabraser Heimann & Bernstein, LLP 275 Battery Street, 29th Floor San Francisco, CA 94111 | Robert J. Giuffra, Jr. Sullivan & Cromwell LLP 125 Broad Street New York, NY 10004 | Matthew D. Slater Cleary Gottlieb Steen & Hamilton LLP 2112 Pennsylvania Avenue NW Washington, DC 20037 |

| 33. | What is the difference between objecting to the Class Action Agreement and opting out? |
|---|---|

If you opt out of the Class, you cannot object to the Class Action Agreement. Opting out is telling the Court that you do not want to be part of the Class Action Agreement, and you do not want to receive any Class Action Agreement benefits. If you opt out, you have no basis to object to the Class Action Agreement by telling the Court you do not like something about it, because the Class Action Agreement no longer affects you. If you opt out, you retain your right to sue Defendants, but you give up your right to obtain monetary compensation under the Class Action Agreement. If you opt out, you may still receive the Approved Emissions Modification and Extended Warranty.

If you object to the Class Action Agreement, you are expressing your views about the Class Action Agreement but remain a member of the Class (if you are otherwise eligible). **If you make an objection, you must still submit a claim in order to get cash compensation under the Class Action Settlement.**

| 34. | When and where will the Court decide whether to approve the Class Action Agreement? |
|---|---|

The Court will hold the Fairness Hearing on [Date to be set by Court], **at [time to be set by court]**, at the United States District Court for the Northern District of California, located at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website (www.EcoDieselSettlement.com) or call 1-833-280-4748.

At this hearing, the Court will hear evidence about whether the Class Action Agreement and Class Counsel's request for attorneys' fees and costs is fair, reasonable, and adequate. If there are objections, the Court will consider them and may listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Class Action Agreement and Class Counsel's

request for attorneys' fees and costs. We do not know how long it will take for the Court to reach its decisions.

| **35.** | **Do I have to attend the hearing?** |
|---|---|

No. Class Counsel and lawyers representing the Defendants will answer questions the Court may have. You are welcome to attend at your own expense. If you timely file an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You also may have your own lawyer attend the hearing at your expense, but it is not necessary.

| **36.** | **May I speak at the hearing?** |
|---|---|

If you do attend the Fairness Hearing, you may ask the Court for permission to speak. To do so, you must first send a letter stating that it is your "Notice of Intention to Appear in *In Re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, No. 3:17-md-2777 (N.D. Cal.)." Be sure to include your name, address, telephone number, and signature. Your notice of intention to appear must be postmarked by **[Date to be set by the Court]** and sent to the addresses listed in Question 32. The Court will determine whether to grant you permission to speak.

| **37.** | **How do I get more information?** |
|---|---|

This Notice summarizes the proposed Class Action Agreement. More details are in the Class Action Agreement and the proposed Consent Decree. You can get copies of all of these documents on the Settlement Website (www.EcoDieselSettlement.com). You also may write with questions to **[e-mail – to be updated upon preliminary approval]** or **[Address for questions – to be updated upon preliminary approval of settlement]** or call 1-833-280-4748.

You can access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, between 9:00 am and 4:00 pm, Monday through Friday, excluding Court holidays.

Case 5:17-md-02777-EMC · Document 506-4 · Filed 01/18/19 · Page 1 of 16

# Exhibit 4
# Class Claims Program and Administration for Class Members

# Class Claims Program and Administration for
# Class Members

The Claims Program is designed to provide Class Members with the information they need to understand their options and submit a claim in the Class Action Settlement.  All capitalized terms in this document have the meanings ascribed to them in the Class Action Settlement.

The Claims Program will take place in a number of steps, summarized here.  Not all steps are relevant to all Class Members.  Regardless of participation in this Class Claims Program, all Eligible Owners and Eligible Lessees are entitled to receive the Approved Emissions Modification described in Section 2.3 of the Class Action Settlement and associated warranty benefits; however, the Claims Program is the exclusive process for obtaining any payment under the terms of the Class Action Settlement.

## CLAIMS DEADLINES

To claim compensation in the Class Action Settlement, Class Members must submit a complete and valid claim by the applicable claims deadline.

**Eligible *Former* Owners and Eligible *Former* Lessees must file a complete and valid Claim within 90 days of the day that the Court enters the Final Approval Order (the "Effective Date")**.[1]

**All other Class Members must submit a complete and valid Claim within 21 months of the Effective Date.**

## CLAIMS SUBMISSION PROCESS

1. **The Class Member Learns About the Class Action Settlement.**  The Court-approved Class Notice Program informs Class Members about the Class Action Settlement, including the availability of the Approved Emissions Modification, the estimated amount of compensation that they can expect to receive under the Class Action Settlement, and other benefits available under the Class Action Settlement and FCA's settlement with the United States.

---

[1] If a Class Member becomes an Eligible Former Owner or Eligible Former Lessee because their Eligible Vehicle is transferred to a third party after January 10, 2019 *as a result of a total loss*, but before the AEM is performed, the deadline to submit a complete and valid claim is the later of (1) 90 days from the Effective Date, or (2) 60 days after title is transferred (for Eligible Former Owners) or 60 days after surrendering the leased vehicle under the terms of the lease (for Eligible Former Lessees).  In no event, however, will the deadline extend beyond 21 months from the Effective Date.

Case 1:21-md-02777-EMC Document 306-4 Filed 01/18/19 Page 3 of 9

Information about the Class Action Settlement and Claims Program will be available through the Settlement Website and Claims Portal (www.EcoDieselSettlement.com) and by phone (1-833-280-4748). Starting on January 24, 2019, Class Members who wish to receive general email updates about the Class Action Settlement may sign up through the Settlement Website by providing the following information: (i) the Class Member's name; (ii) contact information, including email, mailing address, and phone number; and (iii) Vehicle Identification Number ("VIN").

2. **The Class Member Files an Initial Claim.** The Class Member will submit a Claim Form and required documentation. Class Members will be notified when Claim Forms may be submitted, but FCA will not be required to review any Claim Forms until the Claims Period begins on the Effective Date.

As part of submitting a Claim, Class Members will provide required information and documentation, including, but not limited to, a driver's license or other government-issued identification, the dates the Class Member owned or leased the Eligible Vehicle, sufficient proof of current or former ownership or lease (as applicable), and the current vehicle registration (if applicable). Additional information may be required to verify eligibility. Class Members can submit an electronic Claim Form online through the Claims Portal, or a paper Claim Form by mail to an address to be supplied by FCA. Class Members will receive a Claim number after their online Claim has been submitted or their paper Claim has been received. A copy of the paper Claim Form is attached in Appendix A.

3. **FCA Reviews the Claim.** Once the Claim has been submitted and the Claims Program has begun, FCA will review and verify the Class Member's Claim Form and document package for completeness and eligibility. FCA will confirm that the document package is complete, or notify the Class Member that there is a deficiency with the document package and/or that more information is needed. FCA will make Class Member Claim Forms and document packages available to Class Counsel and the Claims Administrator upon request.

4. **FCA Notifies Class Members of Eligibility.** FCA will notify Class Members of their eligibility or ineligibility within 10 business days after confirmation that the document package is complete and extend offers to eligible Class Members. Class Members who submit Claims through the Claims Portal will receive their offers through the Claims Portal. Class Members who submit paper Claims will receive their offers by mail or, if they choose, through the Claims Portal.

Eligible Owners who submit valid Claims during the initial 90 days after the Effective Date will receive offers explaining that they are eligible for an initial payment of $2,460, and an additional, later payment of $615 if no Eligible Former Owner or Eligible Former Lessee makes a valid claim for compensation related to the same vehicle within 90 days of the Effective Date. Eligible Owners receiving such offers may instead choose to receive a single lump-sum payment after 90 days from the Effective Date, which will be $2,460 if an Eligible Former Owner or Eligible Former Lessee has made a valid claim for the vehicle, or $3,075 if no other Eligible Former Owner or Eligible Former Lessee has made a valid claim for the vehicle.

5. **The Class Member Accepts Offer & Schedules Appointment.** To accept an offer, the Class Member will be required to submit a completed offer package, including a signed and notarized Individual Release, as set forth in Section 9.7 of the Class Action Settlement. Class Members who have submitted their completed offer package may then schedule an appointment to receive an Approved Emissions Modification for their Eligible Vehicles at an Authorized Dealer.

6. **The Class Member Completes an Appointment & Receives Payment.** The Class Member's Eligible Vehicle must be brought to an Authorized Dealer to receive the Approved Emissions Modification, free of charge. In certain circumstances, if a Class Member lives in a location without an accessible Authorized Dealer, another FCA service provider will offer the Approved Emissions Modification. FCA will provide a loaner vehicle at no cost to the Class Member for any Approved Emissions Modification that is scheduled to take longer than three hours or that is not complete within three hours of the scheduled start of the appointment. The Authorized Dealer (or FCA service provider) will then perform the Approved Emissions Modification and will confirm to FCA that the Approved Emissions Modification has been completed, which will trigger the Class Member Payment process. The Class Member will then receive a payment or payments, as described in Exhibit 1 to the Class Action Settlement.

### ADDITIONAL PROVISIONS

7. **Claims Review Committee.** If a Class Member or purported Class Member contests a decision about his or her eligibility or the eligibility of his or her vehicle, or whether his or her compensation amount is accurate, that Class Member or purported Class Member may appeal the contested decision to the Claims Review Committee. The appeal must contain the name, contact information, VIN, and claim number of the Class Member or purported Class Member, as well as a description of the issue being appealed and all supporting documentation. The appeal may be emailed to ClaimsReview@EcoDieselSettlementAdmin.com or sent to a mailing address to be supplied by FCA and maintained by the Claims Administrator. The decisions of the Claims Review Committee are final and not subject to appeal.

8. **Payment Method and Timing.**

   o **Payment Method.** Class Member Payments will be made by check.

   o **Receipt at Appointment**. Class Members who receive an Approved Emissions Modification after submitting a Claim in the Claims Program will, upon completion of the AEM, receive a receipt that sets forth the Class Member's name, address, telephone number and email address, Vehicle Identification Number (VIN), the date the AEM was performed, and a statement that the EcoDiesel Settlement AEM was performed successfully.

o **Timing of Payments.** Beginning 30 days after the Effective Date, FCA will provide the Claims Administrator with a list of approved payments ("Payment List"). FCA will provide subsequent Payment Lists every 14 days thereafter. Within 14 days of receipt of a Payment List from FCA, the Claims Administrator will mail checks to the Class Members included on the Payment List.

9. **Claim Submission Deadline for Eligible Former Owners and Eligible Former Lessees.** To obtain compensation under the Class Action Settlement, Eligible Former Owners and Eligible Former Lessees must submit a complete and valid Claim, including all supporting information and documentation necessary to establish eligibility, **no later than 90 days after the Effective Date**. If a Class Member becomes an Eligible Former Owner or Eligible Former Lessee because their Eligible Vehicle is transferred to a third party after January 10, 2019 *as a result of a total loss*, but before the AEM is performed, the deadline to submit a complete and valid claim is the later of (1) 90 days from the Effective Date, or (2) 60 days after title is transferred (for Eligible Former Owners) or 60 days after surrendering the leased vehicle under the terms of the lease (for Eligible Former Lessees). In no event, however, will the deadline extend beyond 21 months from the Effective Date. FCA will then review and determine the Class Member's eligibility (or ineligibility) to participate.

10. **Claims Submission Deadline for Eligible Owners and Eligible Lessees.** Eligible Owners and Eligible Lessees must submit a complete and valid Claim, including all information and documentation necessary to establish eligibility, by **no later than 21 months after the Effective Date**. The Settlement Benefit Period for Eligible Owners and Eligible Lessees, as described in Section 2.65 of the Class Action Settlement Agreement, will run for 24 months following the Effective Date (if a Final Approval Order is entered). Eligible Owners and Eligible Lessees must accept a formal offer and schedule and complete an appointment for an Approved Emissions Modification at a participating FCA Authorized Dealer (or, if a Class Member lives in a location without an accessible Authorized Dealer, another FCA service provider) within the 24-month Settlement Benefit Period to obtain their Class Member Payment. However, no Eligible Owners or Eligible Lessees will be denied an Approved Emissions Modification or associated warranty benefits on account of being outside the Settlement Benefit Period.

11. **Approved Emissions Modification Available without Participation in Claims Program.** No provision of this Claims Program or the Class Action Agreement shall be construed to prevent any Class Member from requesting and receiving the Approved Emissions Modification at an Authorized Dealer without participation in the Class Program, provided that no Class Member shall be entitled to a Class Member *Payment* without participating in the Claims Program and completing all required steps.

12. **Claim Form Submissions after Completion of Approved Emissions Modifications.** No Class Member shall be denied a Class Member Payment on the basis of having received an Approved Emissions Modification from an Authorized Dealer prior to completing any of the other Claims Program steps listed above. Any such Class Member shall be entitled to receive his or her Class Member Payment upon submission of a timely Claims Form prior to the

Claims Submission Deadline and the completion of all remaining steps in the Claims Program.

# APPENDIX A

| **FCA** | ***In re Chrysler-Dodge-Jeep EcoDiesel Marketing,*** ***Sales Practices and Products Liability Litigation*** **Class Action Settlement Claim Form** **Claim Form Instructions** | **Instructions** |
|---|---|---|

<div style="background:#1f6fa5;color:white;text-align:center">**Instructions for Completing the Enclosed Claim Form**</div>

You must complete and return the enclosed Claim Form to claim compensation under the Settlement.

Please read the full Notice available at www.EcoDieselSettlement.com before completing your Claim Form. If you have questions about this Claim Form, please visit the website at www.EcoDieselSettlement.com, call 1-833-280-4748 or email [email address to be updated upon preliminary approval of settlement].

You may submit your completed Claim Form online at www.EcoDieselSettlement.com. You may also mail your completed Claim Form and documentation to:

<div style="text-align:center">**[Mailing address to be updated upon preliminary approval of Settlement]**</div>

To receive settlement compensation, you must complete the following steps:

1.  **Claim Submission:**
    You must submit a complete and valid Claim Form, including all supporting documentation, by the applicable claims deadline. **Please visit www.EcoDieselSettlement.com for additional, time-sensitive information about the deadline to submit your claim.**

2.  **Review of Claim and Supporting Documentation:**
    After the Claims Program has begun, Fiat Chrysler will review your Claim Form and supporting documents for completeness and eligibility.  Fiat Chrysler will confirm with you that your claim is complete or notify you if there is a deficiency with your claim or supporting documentation.

3.  **Offer Letter:**
    Once your claim is deemed complete and you are determined to be eligible for the Settlement, you will receive an offer letter and release form that you must sign, notarize, and return.

4.  **AEM Appointment and Payment:**
    If you are an **Eligible Owner** or **Eligible Lessee**, you will be eligible for compensation once your signed offer package is accepted and the Approved Emissions Modification has been installed at a Fiat Chrysler Authorized Dealer.  You may have the Approved Emissions Modification installed (and may also schedule an appointment to have the Approved Emissions Modification installed) either prior to or after submitting your signed offer package, but you will not receive compensation until your signed offer package is accepted. Your payment will be processed and mailed to you within six weeks after your signed offer package is accepted and the Approved Emissions Modification has been installed.

    If you are an **Eligible Former Owner** or **Eligible Former Lessee**, your payment will be processed after your signed offer package is accepted.

<div style="text-align:center">**ALL CLAIMS ARE SUBJECT TO VERIFICATION.**

**PLEASE KEEP A COPY OF YOUR COMPLETED CLAIM FORM FOR YOUR RECORDS.**

**INCOMPLETE CLAIMS WILL NOT BE PAID. YOU WILL BE NOTIFIED IF YOUR CLAIM IS INCOMPLETE SO THAT YOU CAN COMPLETE IT.**

**IMPORTANT: BEFORE FILLING OUT THIS FORM, PLEASE READ THIS ENTIRE CLAIM FORM AND THE CLASS LONG FORM NOTICE CAREFULLY. THE CLASS LONG FORM NOTICE CONTAINS ADDITIONAL INFORMATION REGARDING YOUR ELIGIBILITY FOR SETTLEMENT BENEFITS AND OTHER IMPORTANT INFORMATION.**</div>

<div style="text-align:center">**If you have questions about filling out this form,** **Please visit www.EcoDieselSettlement.com or call 1-833-280-4748**</div>

**FCA**

*In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*
**Class Action Settlement Claim Form**

**Claim Form
Page 1**

## SECTION A: NAME AND CONTACT INFORMATION (MAILING ADDRESS)

Please provide your name and contact information below. The Claims Administrator will send your Settlement check to your Mailing Address. You must notify the Claims Administrator if your contact information changes after you submit your Claim Form.

**First Name**

**Last Name**

**Street Address (Mailing Address)**

**City**

**State**

**Zip Code**

**Email Address**

**Telephone Number**

## SECTION B: VEHICLE INFORMATION

Please identify your Eligible Vehicle by checking the box next to your vehicle model and model year. Please check only one box in each column. If you have a claim for more than one Eligible Vehicle, you must submit a separate claim form for each vehicle.

| Eligible Vehicle List | |
|---|---|
| **Model** | **Model Year** |
| ☐ Ram 1500 EcoDiesel | ☐ 2014   ☐ 2015   ☐ 2016 |
| ☐ Jeep Grand Cherokee EcoDiesel | ☐ 2014   ☐ 2015   ☐ 2016 |

Please enter the Vehicle Identification Number ("VIN") of the Eligible Vehicle you selected above. *The VIN can be found on the dashboard of the vehicle and is 17 characters long.*

Be sure to write clear and neatly. To avoid confusion between letters and numbers, please enter numbers in the same form as the chart below.

| Zero | One | Two | Three | Four | Five | Six | Seven | Eight | Nine |
|---|---|---|---|---|---|---|---|---|---|
| Ø | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |

**Enter the 17-digit VIN Number in the boxes above**

**If you have questions about filling out this form,
Please visit www.EcoDieselSettlement.com or call 1-833-280-4748**

Case 1:17-md-02777-EMC Document 589-4 Filed 01/16/19 Page 10 Page1

| **FCA** | *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation* **Class Action Settlement Claim Form** | **Claim Form Page 2** |

### Status of Ownership or Lease

Please select one of the following:

☐ I currently own the vehicle and <u>did not</u> purchase it from a lease.

☐ I currently own the vehicle and purchased it from a lease.

☐ I currently lease the vehicle.

☐ I previously owned the vehicle and no longer possess it.

☐ I previously leased the vehicle and no longer possess it.

### Dates of Ownership or Lease Period

Please enter the date you purchased the vehicle or <u>began leasing</u> the vehicle **(MM/DD/YYYY)**. If you purchased the vehicle from a lease, please enter the date of purchase.

> /        /

If you still own or lease the vehicle, check here: ☐

If you no longer own or lease the vehicle*, please enter the date you <u>sold</u> the vehicle or the date you <u>surrendered the vehicle due to your lease ending</u> **(MM/DD/YYYY)**:

> /        /

*If your vehicle was totaled, enter the date the vehicle was transferred to an insurance company (or otherwise sold to a junkyard, salvage dealer, or the equivalent).

### Additional Current Registered Owner or Lessee (if applicable)

**First Name**

**Last Name**

**Contact Phone**

| **FCA** | *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation* <br> **Class Action Settlement Claim Form** | **Claim Form Page 3** |

---

## SECTION C: SUPPORTING DOCUMENTATION

You must include a <u>copy</u> of the following supporting documentation with your Claim Form to complete your claim:

| IF YOU: | DOCUMENTS REQUIRED TO COMPLETE YOUR CLAIM*: |
|---|---|
| **Currently own the vehicle** | • Your current vehicle registration <br><br> • Your driver's license or other government-issued photo identification <br><br> • Proof that you purchased the vehicle and when (which may include your bill of sale, title, registration from time of purchase, DMV registration history, financing agreement, or insurance documentation listing your date of vehicle purchase) |
| **Currently lease the vehicle** | • Your current vehicle registration <br><br> • Your driver's license or other government-issued photo identification <br><br> • Your lease agreement or proof of a monthly lease payment |
| **Previously owned the vehicle** | • Your driver's license or other government-issued photo identification <br><br> • Proof that you purchased the vehicle and when (which may include your bill of sale, title, registration from time of purchase, DMV registration history, financing agreement, or insurance documentation listing your date of vehicle purchase) <br><br> • Proof of when you sold or transferred title to the vehicle (which may include a bill of sale, copy of title transfer, trade-in receipt, or insurance transfer document) |
| **Previously leased the vehicle** | • Your driver's license or other government-issued photo identification <br><br> • Proof of when your lease began (such as proof of first lease payment or lease agreement) <br><br> • Proof of when your lease ended (such as a proof of final lease payment, lease termination agreement, or lease completion letter) |

*You may need to provide additional documentation in certain circumstances. You will be notified if additional information is needed to complete your claim.

---

## SECTION D: CERTIFICATION STATEMENT FOR ENTIRE CLAIM FORM

I affirm under penalty of perjury that all information in this Claim Form is true and accurate to the best of my knowledge.

**Signature**

**Date**

**Print Name**

---

**If you have questions about filling out this form,**
**Please visit www.EcoDieselSettlement.com or call 1-833-280-4748**

# Exhibit 5
# Individual Release
# of Claims

## INDIVIDUAL RELEASE OF CLAIMS

*In re Chrysler-Dodge-Jeep EcoDiesel Marketing,*
*Sales Practices, and Products Liability Litigation*
Case No. 3:17-md-02777 (N.D. Cal.)

---

## MUST BE COMPLETED BY CLAIMANT PRIOR TO RECEIVING ANY CLASS MEMBER PAYMENT

1.  In exchange for the benefits that (i) the Claims Administrator has determined I am eligible to receive under the class action settlement agreement in this case (the "Class Action Agreement"),[1] and (ii) one or more of the Defendants,[2] as applicable, has agreed to provide to me, the sufficiency of which I hereby acknowledge, I, on behalf of myself and my agents, heirs, executors, administrators, successors, assigns, insurers, attorneys, representatives, shareholders, owners associations, and any other legal or natural persons who may claim by, through or under me, hereby fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands, actions, or causes of action, whether known or unknown, that I may have, purport to have, or may hereafter have against any Released Party arising out of or in any way related to the 3.0-liter Diesel Matter, except for claims of personal injury or wrongful death. This Individual Release is effective and binding when I receive a Class Member Payment under the Class Action Agreement.

2.  This Individual Release incorporates by reference the release and associated provisions set forth in Section 9 of the Class Action Agreement as if set forth fully herein, and, as to those provisions, shall have the same scope and effect as the Class Action Agreement.[3] This Individual Release supplements the release and associated provisions set forth in Section 9 of the Class Action Agreement. It does not supersede them.

3.  I expressly understand and acknowledge that this Individual Release applies to claims of which I am not presently aware. I expressly understand and acknowledge Section 1542 of the California Civil Code, which provides: "**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially**

---

[1] The terms "3.0-liter Diesel Matter," "Action," "Approved Emissions Modification," "Claims Administrator," "Extended Warranty," "Fiat Chrysler," "Final Approval Order," and "Released Party" have the meanings given to them in the Class Action Agreement.

[2] Defendants, as that term is used herein, include: FCA US LLC, Fiat Chrysler Automobiles N.V., Sergio Marchionne and his estate, VW Motori S.p.A., VM North America, Inc., Robert Bosch GmbH, and Robert Bosch LLC.

[3] A copy of the Class Action Agreement is available at www.EcoDieselSettlement.com.

**affected his or her settlement with the debtor.**" I acknowledge that I am aware of the contents and effect of Section 1542 and have considered the possibility that the number, nature, or magnitude of all claims may not currently be known. To ensure that this Individual Release is interpreted fully in accordance with its terms, I expressly waive and relinquish any and all rights and benefits that I may have under Section 1542 to the extent that such section may be applicable to the Individual Release and likewise expressly waive and relinquish any rights or benefits of any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, which is similar, comparable, analogous, or equivalent to Section 1542 of the California Code to the extent that such laws or principles may be applicable to the Individual Release.

4.  **For the avoidance of doubt, I expressly understand and acknowledge that I may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that I now know or believe to be true, related to the 3.0-liter Diesel Matter, the Action and/or the Individual Release herein. Nevertheless, it is my intention in executing this Individual Release to fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the 3.0-liter Diesel Matter or the Action in accordance with the terms of the Class Action Agreement.** This includes, without limitation, any claims I have or may have with respect to the 3.0-liter Diesel Matter under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses, 16 C.F.R. § 433.2 (the "Holder Rule").

5.  The Individual Release shall remain effective regardless of any judicial, quasi-judicial, arbitral, administrative, regulatory, or other decision relating to the liability of any Released Party in connection with the 3.0-liter Diesel Matter. For the avoidance of doubt, this Individual Release shall remain effective even if the Final Approval Order is reversed and/or vacated on appeal, or if the Class Action Agreement is abrogated or otherwise voided in whole or in part.

6.  This Individual Release waives or releases any right to receive further monetary compensation or to pursue additional benefits under the Class Action Agreement, except that nothing in this Individual Release changes any existing rights I may have to challenge or otherwise assert a claim against Fiat Chrysler arising from (1) a violation by Fiat Chrysler of the Clean Air Act, the California Health and Safety Code, or applicable regulations thereunder in connection with the certification of the Approved Emissions Modification, or (2) under the Extended Warranty. This Individual Release is limited to my vehicle VIN _____ and does not affect my rights, claims, or benefits regarding any other vehicle.

7.  This Individual Release, and any dispute arising out of or related to this Individual Release, shall be governed by and interpreted according to the Federal Rules of Civil Procedure and applicable jurisprudence relating thereto, and the laws of the State of

Case 1:17-cv-11661-TLL-PTM ECF No. 393-5, PageID.38549 Filed 10/28/22 Page 104 of
106
Case 3:17-md-02777-EMC Document 588-5 Filed 01/16/19 Page 4 of 6

California notwithstanding its conflict of law provisions.  This Individual Release will be
binding upon my successors, transferees, and assigns.

8.    Any disagreement concerning and/or action to enforce this Individual Release shall be
      commenced and maintained only in the United States District Court for the Northern
      District of California.

9.    I represent and warrant that I have carefully read and understand this Individual Release
      and that I executed it freely, voluntarily, and without being pressured or influenced by, or
      relying on, any statement or representation made by any person or entity acting on behalf
      of any Released Party.  I certify that I understand that I have the right to consult with an
      attorney of my choice before signing this Individual Release.

10.   I represent and warrant that I have authority to execute this Individual Release and that I
      am the sole and exclusive owner of all claims that I am releasing pursuant to this
      Individual Release.  I acknowledge that I have not assigned, pledged, or in any manner
      whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim
      arising out of or in any way whatsoever pertaining to the 3.0-liter Diesel Matter.

**\*\*\*SIGNATURE PAGE FOLLOWS\*\*\***

I acknowledge that I have read and understand this Release and that I have freely executed it by signing below.

Date: _____     _____     _____

*Printed Name*          *Signature*

WITNESS:

State of _____ )

County of _____ ) SS
_____ )

I, _____, a Notary Public in and for said County in the

State aforesaid, do hereby certify that _____, who is

☐   personally known to me

– OR –

☐   proved to me on the basis of satisfactory evidence, which was _____,

[Type of ID]

to be the same person whose name is subscribed to the foregoing instrument, which was an

Individual Release of Claims in the Class Action Agreement dated on _____

and containing pages, appeared before me on _____ in person and acknowledged

[Date]

that they signed, sealed, and delivered the same instrument as their free and voluntary act for the

uses and purposes therein set forth.

My seal:

_____

Signature of Notary Public

_____

Printed Name of Notary Public

_____

Notary Commission Expiration Date
Printed Name of Notary Public

I acknowledge that I have read and understand this Release and that I have freely executed it by signing below.

Date: _____      _____      _____
                        *Co-Registrant Printed Name*      *Co-Registrant Signature*


WITNESS:

State of _____ )
                            ) SS
County of _____ )

      I, _____, a Notary Public in and for said County in the

State aforesaid, do hereby certify that _____, who is

      ☐ personally known to me

– OR –

      ☐ proved to me on the basis of satisfactory evidence, which was _____,
                                                        [Type of ID]

to be the same person whose name is subscribed to the foregoing instrument, which was an

Individual Release of Claims in the Class Action Agreement dated on _____

and containing pages, appeared before me on _____ in person and acknowledged
                                            [Date]

that they signed, sealed, and delivered the same instrument as their free and voluntary act for the

uses and purposes therein set forth.

My seal:

                              _____
                              Signature of Notary Public

                              _____
                              Printed Name of Notary Public

                              _____
                              Notary Commission Expiration Date
                              Printed Name of Notary Public